**No. 26-50183**

_____

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

*Ignacio Sosnava Rodriguez,*

*Petitioner – Appellee,*

v.

Sylvester M. Ortega, in his official capacity as Director of the San Antonio
Field Office of ICE's Enforcement and Removal Operations; Kristi Noem,
Secretary, U.S. Department of Homeland Security; Pamela Bondi,
U.S. Attorney General; Charlotte Collins, in her official capacity as Warden
of the T. Don Hutto Detention Center; Department of Homeland Security;
DOJ Executive Office For Immigration Review,

*Respondents-Appellants,*

consolidated with

_____

No. 26-50221

_____

*Miguel Angel Gomez Alvarado,*

*Petitioner-Appellee,*

v.

Kristi Noem, Secretary, U.S. Department of Homeland Security;
Todd M. Lyons, Acting Director, United States Immigration and Customs
Enforcement; Miguel Vergara, Field Office Director, San Antonio Field
Office of U.S. Immigration and Customs Enforcement; Charlotte Collins,
Warden of the T. Don Hutto Detention Center,

*Respondents-Appellants.*

No. 26-50219

_____

*Alejandro Villegas Angel,*

*Petitioner-Appellee,*

v.

Pamela Bondi, U.S. Attorney General; Kristi Noem, Secretary,
U.S. Department of Homeland Security; Miguel Vergara, Field Office
Director, San Antonio Field Office of U.S. Immigration and Customs
Enforcement; Charlotte Collins, Warden of the T. Don Hutto Detention
Center,

*Respondents-Appellants.*

_____

On Appeal from the United States District Court
for the Western District of Texas
No. 1:26-cv-000273-RP
No. 1:26-cv-00309-DAE
No. 1:26-cv-00384-DAE

_____

**RECORD EXCERPTS**

_____

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

YAAKOV M. ROTH
Principal Deputy Assistant
Attorney General

DREW C. ENSIGN
Deputy Assistant Attorney
General

BENJAMIN HAYES
Senior Counsel to the Assistant
Attorney General

SHELLEY R. GOAD
Assistant Director

LESLIE McKAY
Assistant Director
Office of Immigration
Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878, Ben Franklin
Station
Washington, DC 20044
Tel: (202) 353-4424

*Counsel for the Federal Respondents*

# Index

*Ignacio Sosnava Rodriguez v. Ortega et al., No. 26-50183*

Docket Sheet................................................................................Tab 1

Notice of Appeal .........................................................................Tab 2

February 25, 2026 Order Granting Habeas Petition .......................Tab 3

First Amended Habeas Petition, Relevant Portions ........................Tab 4

Status Update Notice of Release....................................................Tab 5


*Miguel Angel Gomez Alvarado v. Noem, et al., No. 26-50221*

Docket Sheet................................................................................Tab 1

Notice of Appeal .........................................................................Tab 2

March 2, 2026 Order Granting Habeas Petition .............................Tab 3

Habeas Petition, Relevant Portions...............................................Tab 4

Response to Habeas Petition.........................................................Tab 5

Status Report Notice of Release....................................................Tab 6


*Alejando Villegas Angel v. Bondi et al., No. 26-50219*

Docket Sheet................................................................................Tab 1

Notice of Appeal .........................................................................Tab 2

March 3, 2026 Order Granting Habeas Petition .............................Tab 3

November 13 Order......................................................................Tab 4

Response to Habeas Petition.........................................................Tab 5

Status Report Notice of Release.......................................................Tab 6

# Sosnava Rodriguez
# No. 26-50183

# TAB 1

Case: 26-50183     Document: 15-3     Page: 7     Date Filed: 03/24/2026

# U.S. District Court [LIVE]
## Western District of Texas (Austin)
### CIVIL DOCKET FOR CASE #: 1:26-cv-00273-RP

Sosnava Rodriguez v. Ortega et al
Assigned to: Judge Robert Pitman
Cause: 28:2241 Petition for Writ of Habeas Corpus (federa

Date Filed: 02/04/2026
Jury Demand: None
Nature of Suit: 463 Habeas Corpus - Alien Detainee
Jurisdiction: U.S. Government Defendant

**Petitioner**

**Ignacio Sosnava Rodriguez**

represented by **Kymberly Anne Renaud**
Lincoln-Goldfinch Law
1005 E 40th St
Austin, TX 78751
512-599-8500
Email: kymberly.renaud@lincolngoldfinch.com
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

**Sylvester M. Ortega**
*in his official capacity as Director of the San Antonio Field Office of ICEs Enforcement and Removal Operations*

represented by **Lacy L. McAndrew**
DOJ-USAO
US Attorney's Office
601 NW Loop 410
Suite 600
San Antonio, TX 78216
210-384-7340
Email: lacy.mcandrew@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mary F. Kruger**
United States Attorneys Office
Chief, Civil Division
601 NW Loop 410, Suite 600
San Antonio, TX 78216
210-384-7300
Fax: 210/384-7322
Email: mary.kruger@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christina Laura Playton**
United States Attorney's Office
610 NW Loop 410, Suite 600

Centralized CM/ECF LIVE - U.S. District Court:txw

San Antonio, TX 78216
210-384-7120
Email: christina.playton@usdoj.gov
*ATTORNEY TO BE NOTICED*

**LaTasha May**
DOJ-USAO
601 NW Loop 410, Ste 600
San Antonio, TX 78216
210-384-7130
Email: latasha.may@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Respondent**

**Kristi Noem**
*in her official capacity as Secretary of the Department of Homeland Security*

represented by **Christina Laura Playton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**LaTasha May**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Respondent**

**Pamela Bondi**
*in her official capacity as Attorney General of the United States*

represented by **Christina Laura Playton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**LaTasha May**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Respondent**

**Charlotte Collins**
*in her official capacity as Warden of the T. Don Hutto Detention Center*

represented by **Christina Laura Playton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**LaTasha May**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Respondent**

**Department of Homeland Security**

represented by **Christina Laura Playton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**LaTasha May**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Respondent**

**Executive Office For Immigration Review**

represented by **Christina Laura Playton**
(See above for address)
*ATTORNEY TO BE NOTICED*

Centralized CM/ECF LIVE - U.S. District Court:txw

**LaTasha May**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/04/2026 | 1 | Petition for Writ of Habeas Corpus ( Filing fee $ 5 receipt number ATXWDC-21336997), filed by IGNACIO SOSNAVA RODRIGUEZ. (Attachments: # 1 Civil Cover Sheet Civil Cover Sheet)(Renaud, Kymberly) (Entered: 02/04/2026) |
| 02/04/2026 | | Case assigned to Judge Robert Pitman. CM WILL NOW REFLECT THE JUDGE INITIALS AS PART OF THE CASE NUMBER. PLEASE APPEND THESE JUDGE INITIALS TO THE CASE NUMBER ON EACH DOCUMENT THAT YOU FILE IN THIS CASE. (cr5) (Entered: 02/05/2026) |
| 02/04/2026 | | If ordered by the court, all referrals and consents in this case will be assigned to Magistrate Judge Howell. (cr5) (Entered: 02/05/2026) |
| 02/04/2026 | 2 | STANDING ORDER (dated 01/19/2024) REFERRING CASE to Magistrate Judge Dustin M. Howell. Signed by Judge Robert Pitman. (cr5) (Entered: 02/05/2026) |
| 02/06/2026 | 3 | ORDER TO SHOW CAUSE AS TO RESPONDENTS. Show Cause Response due by 2/9/2026. Signed by Judge Robert Pitman. (cnr) (Entered: 02/06/2026) |
| 02/06/2026 | | CASE NO LONGER REFERRED to Magistrate Judge Dustin M. Howell. (cnr) (Entered: 02/06/2026) |
| 02/06/2026 | 4 | Certified Mailing of 1 Petition for Writ of Habeas Corpus, 3 Order to Show Cause to Charlotte Collins, Warden. (cnr) (Entered: 02/06/2026) |
| 02/09/2026 | 5 | RESPONSE *RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS CONSIDERING RECENT FIFTH CIRCUIT PRECEDENT* by Pamela Bondi, Charlotte Collins, Department of Homeland Security, Executive Office For Immigration Review, Kristi Noem, Sylvester M. Ortega. (May, LaTasha) (Entered: 02/09/2026) |
| 02/11/2026 | 6 | MOTION for Leave to File FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS by Ignacio Sosnava Rodriguez. (Renaud, Kymberly) (Entered: 02/11/2026) |
| 02/12/2026 | | DEFICIENCY NOTICE to Kymberly Renaud : re 6 MOTION for Leave to File FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS . **This motion is DEFICIENT and will not be considered by the Court. This document is a Motion for Leave to File. Filing user must include for the Courts review the document for which leave to file is requested as a PDF attachment to the motion and a proposed order. Here, the proposed amended petition has not been filed. Please refile the motion for leave with the proposed amended petition and a proposed order, noting if the motion is opposed/unopposed.** . (cnr) (Entered: 02/12/2026) |
| 02/12/2026 | 7 | MOTION for Leave to File FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS by Ignacio Sosnava Rodriguez. (Attachments: # 1 Exhibit, # 2 Proposed Order) (Renaud, Kymberly) (Entered: 02/12/2026) |
| 02/13/2026 | | Text Order GRANTING 7 Unopposed Motion for Leave to File Amended Complaint entered by Judge Robert Pitman. IT IS ORDERED that the Clerk of Court shall file Plaintiffs amended complaint, (Dkt. 7-1). (This is a text-only entry generated by the court. There is no document associated with this entry.) (JMlc) (Entered: 02/13/2026) |

| 02/13/2026 | 8 | First Amended Petition for Writ of Habeas Corpus, filed by Ignacio Sosnava Rodriguez. (cnr) (Entered: 02/17/2026) |
|---|---|---|
| 02/17/2026 | 9 | ORDER TO SHOW CAUSE AS TO RESPONDENTS. Show Cause Response due by 2/20/2026. Signed by Judge Robert Pitman. (cnr) (Entered: 02/17/2026) |
| 02/17/2026 | 10 | Certified Mailing of 8 Petition for Writ of Habeas Corpus, 9 Order to Show Cause to Charlotte Collins, Warden. (cnr) (Entered: 02/17/2026) |
| 02/20/2026 | 11 | RESPONSE *TO AMENDED PETITION ADDRESSING CONSTITUTIONAL CLAIMS* by Pamela Bondi, Charlotte Collins, Department of Homeland Security, Executive Office For Immigration Review, Kristi Noem, Sylvester M. Ortega. (Attachments: # 1 Exhibit A) (Playton, Christina) (Entered: 02/20/2026) |
| 02/23/2026 | 12 | Domestic Return Receipt Executed as to Charlotte Collins, Warden. (cnr) (Entered: 02/24/2026) |
| 02/23/2026 | 13 | Domestic Return Receipt Executed as to Charlotte Collins, Warden. (cnr) (Entered: 02/24/2026) |
| 02/25/2026 | 14 | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS. Signed by Judge Robert Pitman. (cnr) (Entered: 02/25/2026) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 02/26/2026 10:19:42 | | |
| **PACER Login:** mneimankelting | **Client Code:** | |
| **Description:** Docket Report | **Search Criteria:** | 1:26-cv-00273-RP |
| **Billable Pages:** 4 | **Cost:** | 0.40 |

# TAB 2

United States District Court
Western District of Texas
Austin Division

Ignacio Sosnava Rodriguez,
    Petitioner,

v.

No. 1:26-cv-00273-RP-DH

Kristi Noem, in her official capacity as
Secretary, U.S. Department of Homeland
Security *et al*,
    Respondents.

### Federal Respondents' Notice of Appeal

The United States, on behalf of the Federal Defendants, appeals to the United States Court of Appeals for the Fifth Circuit from this Court's granting of Petitioner's Petition for Writ of Habeas Corpus [ECF No. 14], and all opinions, rulings, findings, conclusions, judgments and orders on which the grant of the Petition is based.

Dated: March 2, 2026

Respectfully submitted,

Justin Simmons
United States Attorney

By:    */s/ Mary Kruger*
      Mary Kruger
      Assistant United States Attorney
      Georgia Bar No. 6282540
      U.S. Attorney's Office
      601 NW Loop 410, Ste. 600
      (210) 384-7360 (phone)
      (210) 384-7322 (fax)
      Mary.Kruger@usdoj.gov

      Attorney for Federal Respondents

# TAB 3

FILED

February 25, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _Christian Rodriguez_

DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

IGNACIO SOSNAVA RODRIGUEZ,                §
                                          §
          Petitioner,                     §
                                          §
v.                                        §          1:26-CV-273-RP
                                          §
SYLVESTER ORTEGA, *in his official capacity as*   §
*Field Office Director of Enforcement and Removal*  §
*Operations, San Antonio Field Office, Immigration*  §
*and Customs Enforcement*, et al.,        §
                                          §
          Respondents.                    §

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Ignacio Sosnava Rodriguez's ("Petitioner") Amended Petition

for Writ of Habeas Corpus under 28 U.S.C. § 2241, filed on February 13, 2026. (Dkt. 8). On

February 17, 2026, pursuant to 28 U.S.C. § 2243, the Court ordered Respondents to show cause

within three days as to why the petition should not be granted. (Dkt. 9). On February 20, 2026,

Respondents Pamela Bondi, Charlotte Collins, Department of Homeland Security, Executive Office

For Immigration Review, Kristi Noem, Sylvester M. Ortega[1] (together, "Respondents") timely filed a

response in opposition, (Dkt. 11). Having considered the parties' arguments, the evidence presented,

and the relevant law, the Court will grant Petitioner's Petition for Writ of Habeas Corpus.

### I. BACKGROUND

Petitioner is detained at the T. Don Hutto Detention Center located in Taylor, Texas. (Am.

Pet., Dkt. 8, at 5). Petitioner has resided in Texas for approximately twenty-two years after entering

without inspection. (*Id.* at 9). On December 23, 2025, Petitioner was arrested by U.S. Immigration

and Customs Enforcement ("ICE") after a traffic stop. (*Id.*). He is currently detained by

---

[1] All individual respondents were sued in their official capacities. The Response is filed only on behalf of the
federal employees in this action. (Dkt. 11, at 1 n.1).

1

Respondents pending removal proceedings. (*Id.*). Specifically, Respondents assert that Petitioner is being detained under "mandatory detention" authority for aliens who are in the process of entering the United States, 8 U.S.C. § 1225. (Resp., Dkt. 11, at 1–2); *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

Petitioner challenges his detention through a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner brings statutory and constitutional claims, asserting that his ongoing detention without bond is unlawful in violation of his Fifth Amendment Due Process rights and the Immigration and Nationality Act ("INA"), and raising the partial summary judgment in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ----, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025). (Am. Pet., Dkt. 8, at 2, 18–20).

## II. DISCUSSION

### A. Administrative Exhaustion

To the extent an administrative exhaustion requirement would normally apply in this situation, "[b]ecause Respondents argue the detention of Petitioner is mandatory, claiming no one, including the [immigration judge], can review the detention issue, any attempt to require Petitioner to exhaust any administrative remedies [would be] futile." *Lorenzo C. P., v. Noem*, No. 1:25-CV-181, 2025 WL 3684859, at *5 (S.D. Tex. Oct. 31, 2025); *see also Shi v. Lyons*, No. 1:25-CV-274, -- F. Supp. 3d --, 2025 WL 3637288, at *4 n.6 (S.D. Tex. Dec. 12, 2025) (holding that administrative exhaustion would be futile in light of *Matter of Yajure Hurtado*). Respondents contend that Petitioner is subject to mandatory detention without a bond hearing. (Resp., Dkt. 11, at 1–2). By Respondents' own interpretation of 8 U.S.C. § 1225 in *Matter of Yajure Hurtado*, Petitioner's exhaustion of administrative remedies would be futile.

2

## B. Petitioner's Petition for Writ of Habeas Corpus

This Court previously interpreted 8 U.S.C. § 1225(b)(2) as not applying to noncitizens like Petitioner who have been residing in the country for years, as opposed to a noncitizen present in the United States who has recently arrived and is actively seeking admission. *See, e.g., Guzman v. Bondi*, --- F. Supp. 3d ---, No. 1:25-CV-2055-RP, 2025 WL 3724465 (W.D. Tex. Dec. 23, 2025). This interpretation was recently rejected by a Fifth Circuit panel. *Buenrostro-Mendez v. Bondi*, --- F.4th ---, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026). *Buenrostro-Mendez* addressed only statutory interpretation. By contrast, it did not examine whether Petitioner's ongoing detention without access to a bond hearing violates the Constitution. *Id.*[2] As such, the Court turns to Petitioner's independent claim for release under the Due Process Clause.

"Freedom from imprisonment – from government custody, detention, or other forms of physical restraint – lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)). Noncitizens are entitled to due process of the law under the Fifth Amendment. *Trump v. J. G. G.*, 604 U.S. 670, 673 (2025); *Demore v. Kim*, 538 U.S. 510, 523 (2003).

Contrary to Respondents' argument, (Resp., Dkt. 11, at 13–14), "*Thuraissigiam* does not foreclose [Petitioner's] due process claims." *Hernandez-Fernandez v. Lyons*, No. 5:25-CV-00773-JKP, 2025 WL 2976923, at *7 (W.D. Tex. Oct. 21, 2025) (discussing *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020)). There are "two key points of distinction between *Thuraissigiam* and [Petitioner's] case." *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 682 (W.D. Tex. 2025). First, unlike the petitioner in *Thuraissigiam*, Petitioner does not challenge the admission process in any way or assert a

---

[2] Indeed, the Government's counsel stated during oral argument: "We have one issue before the Court now: the statutory question. . . . There's not, in other words, a due process claim here." Oral Argument, *Buenrostro-Mendez v. Bondi*, No. 25-20496, at 44:56–45:11 (5th Cir. Feb. 3, 2026), *available at* https://www.ca5.uscourts.gov/OralArgRecordings/25/25-20496_2-3-2026.mp3.

3

right to remain in the United States. He "merely seeks a chance to apply for release . . . [and] [n]othing in *Thuraissigiam* suggests [he] lacks such a due process right." *Hernandez-Fernandez*, 2025 WL 2976923, at *8. A "second key point of distinction is that Thuraissigiam was stopped by Border Patrol 'within twenty-five yards of the border,' immediately detained, and never released." *Id.* By contrast, Petitioner has lived in the United States for more than twenty years prior to his detention during a traffic stop. For constitutional purposes, Petitioner's time living in the United States differentiates him from the petitioner in *Thuraissigiam* because "the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693. "Th[is] distinction between an alien who has effected an entry into the United States and one who has never entered runs throughout immigration law." *Id.*

"To determine whether a civil detention violates a detainee's due process rights, courts apply the three-part test set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976)." *Martinez v. Noem*, No. 5:25-CV-1007-JKP, 2025 WL 2598379, at *2 (W.D. Tex. Sept. 8, 2025). Those factors are: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335.

All three *Mathews* factors weigh in Petitioner's favor. First, "[b]ecause he spent [more than twenty years] at liberty in the United States, [Petitioner] possesses a cognizable interest in his freedom from detention." *Hernandez-Fernandez v. Lyons*, No. 5:25-CV-00773-JKP, 2025 WL 2976923, at *9 (W.D. Tex. Oct. 21, 2025). This interest "deserves great weight and gravity." *Vieira v. De Anda-Ybarra*, No. EP-25-CV-00432-DB, 2025 WL 2937880, at *6 (W.D. Tex. Oct. 16, 2025) (citations

4

omitted). The second factor—the risk of erroneous deprivation—also weighs strongly in favor of Petitioner. Petitioner lacks any opportunity to contest the reasonableness of his detention, meaning the risk of erroneous deprivation lies in this "automatic continued deprivation of liberty for a noncitizen." *Id.* at *7. As to the third factor, "Respondents, of course, have a generalized interest in ensuring noncitizens appear for their removal hearings and do not pose a risk to the communities in which they live." *Id.* at *6. "In any event, if such concerns exist, they would be squarely addressed" at a bond hearing. *Lopez-Arevelo*, 801 F. Supp. 3d at 687. Regardless, the government "conducted [bond hearings] for decades until its reinterpretation of the law earlier this year," reducing any purported interest in ceasing to hold bond hearings. *Id.* (citations omitted). As such, all three factors favor Petitioner, and the Court finds that Petitioner's detention without any opportunity to challenge his detention through a bond hearing violates the Due Process Clause.

Federal district courts in Texas have likewise found that similar instances of detention violated a Petitioner's right to procedural due process. *See, e.g., id.*; *Vieira*, 2025 WL 2937880, at *7 ("In sum, Section 1225(b)(2) as applied to Petitioner violates his Fifth Amendment Due Process rights."); *Martinez v. Noem*, No. EP-25-CV-430-KC, 2025 WL 2965859, at *3 (W.D. Tex. Oct. 21, 2025) ("[T]he Court does not reach the statutory interpretation question because, assuming without finding that the Government's new interpretation is correct, [petitioner] is entitled to due process and succeeds in his as-applied challenge."); *Ortega-Aguirre v. Noem*, No. 4:25-CV-04332, 2025 WL 3684697, at *3 (S.D. Tex. Oct. 10, 2025) ("Here, the Court finds that Petitioner is likely to prevail on the merits of his due process claim because he 'has been detained since August of 2025 without any individualized assessment of flight risk or dangerousness.'"); *Cordova v. Noem*, No. 3:26-CV-97-K-BN, 2026 WL 218938, at *3 (N.D. Tex. Jan. 28, 2026) ("[T]he Court holds that denying Petitioner a bond hearing under § 1225(b)(2) deprives him of procedural due process protections under the Fifth Amendment."); *Camacho-Gutierrez v. Thompson*, No. 5:25-CV-01876-MA, 2026 WL 195758, at *5

(W.D. Tex. Jan. 16, 2026) ("[T]he Court finds that Petitioner's detention without any notice or an individualized assessment deprives her of the constitutional right to procedural due process"); *Hernandez-Fernandez v. Lyons*, No. 5:25-CV-00773-JKP, 2025 WL 2976923, at *10 (W.D. Tex. Oct. 21, 2025) (finding "that detaining [petitioner] without any individualized assessment of his flight risk and dangerousness deprives him of his constitutional right to procedural due process," and collecting cases); *George v. Noem*, No. 3:25-CV-2935-S-BW, 2025 WL 3852946, at *4 (N.D. Tex. Dec. 19, 2025), *report and recommendation adopted*, No. 3:25-CV-02935-S-BW, 2026 WL 30829 (N.D. Tex. Jan. 5, 2026) ("[D]etaining [petitioner] without a bond hearing violates his Fifth Amendment rights."). Federal district courts in Texas have also made this finding subsequent to the Fifth Circuit issuing its opinion in *Buenrostro-Mendez*. *See, e.g., Hassen v. Noem*, No. EP-26-CV-00048-DB, 2026 WL 446506, at *2 & n.1 (W.D. Tex. Feb. 9, 2026) (holding that *Buenrostro-Mendez* "does not change this case's outcome on procedural due process grounds"); *Clemente Ceballos v. Garite*, No. EP-26-CV-00312-DB, 2026 WL 446509, at *2 & n.2 (W.D. Tex. Feb. 10, 2026) (same); *Marceau v. Noem*, No. EP-26-CV-237-KC, 2026 WL 368953 (W.D. Tex. Feb. 9, 2026) ("The Court's conclusion is not changed by the Fifth Circuit's recent decision in *Buenrostro-Mendez* . . . *Buenrostro-Mendez* has no bearing on this Court's determination of whether [petitioner] is being detained in violation of [his] constitutional right to procedural due process."). This Court agrees with the Due Process Clause analysis in the above cases, and finding a constitutional violation, it need not reach the other issues briefed by the parties.

Turning to relief, in habeas cases where the Court finds an ongoing detention unlawful, "the typical remedy for such detention is, of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). "In recent months, courts across the country have ordered the release of detainees in similar situations." *Moctezuma v. Henkey*, No. 1:25-CV-00741-BLW, 2026 WL 18809, at *5 (D. Idaho Jan. 2, 2026) (ordering immediate release and collecting cases across jurisdictions); *Cruz-Reyes v. Bondi*, 5:26-

6

CV-60, 2026 WL 332315, at *13 (S.D. Tex. Feb. 3, 2026) ("[D]ue process concerns weigh heavily in favor of granting immediate release."); *Santiago v. Noem*, No. EP-25-CV-361, 2025 WL 2792588, at *13−14 (W.D. Tex. Oct. 2, 2025) (collecting cases and finding that "immediate release appropriately remedies Respondents' violation of [Petitioner's] due process rights through her continued detention."). The Court agrees that the appropriate remedy for unlawful detention is release and will order Petitioner's immediate release.

### III. CONCLUSION

The foregoing order constitutes the Court's findings of fact and conclusions of law. For the reasons discussed above, **IT IS ORDERED** that Petitioner's Petition for Writ of Habeas Corpus is **GRANTED** as follows. All relief not granted is **DENIED**.

1. Upon receipt of this order, Respondents shall immediately release Petitioner from custody;

2. Respondents shall release Petitioner under conditions no more restrictive than those in place prior to the detention at issue in this case;

3. As soon as is practicable, and no less than two hours before release, Respondents shall notify Petitioner's counsel by email[3] of the exact location and time of Petitioner's release;

4. Respondents are enjoined from further detaining Petitioner without first conducting a bond hearing, scheduled with notice to Petitioner's attorneys and set at a date agreed upon by both parties. At such a hearing, Respondents bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Petitioner's detention.

---

[3] Kymberly Anne Renaud, kymberly.renaud@lincolngoldfinch.com.

**IT IS FURTHER ORDERED** that Respondents shall provide a status report **on or before February 27, 2026**, detailing their compliance with this Order.

**SIGNED** on February 25, 2026.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

# TAB 4

33.     Respondent Charlotte Collins is employed as the Warden of the T Don Hutto Detention Center, where Petitioner is detained. She has immediate physical custody of Petitioner. She is sued in his official capacity.

## FACTUAL AND PROCEDURAL BACKGROUND

34.     Petitioner Ignacio Sosnava Rodriguez is a native and citizen of Mexico He entered in 2004, Texas, without inspection and has not left since.

35.     He was not apprehended at or near the border. He was apprehended by ICE almost 22 years later. He was apprehended by ICE without a warrant.

36.     Petitioner is currently detained at the T. Done Hutto Detention Center in Taylor, Texas. Petitioner is currently in immigration removal proceedings He is scheduled for a hearing before the detained immigration court in Pearall, Texas on February 18, 2026.

37.     Petitioner plans to file an application for Cancellation of Removal and Adjustment of Status for Certain Nonpermanent Residents. He is eligible for this relief due to his 10 years of continuous presence and qualifying relatives: US Citizen Children.

38.     ICE detained Petitioner on or about December 23, 2025, when police stopped him due to a supposed issue with his vehicle light. During the stop police notified ICE, who subsequently detained him.

39.     On September 5, 2025, the BIA issued the decision, *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). This decision, for the first time in immigration history, proclaimed that any person who crossed the border unlawfully and is later taken into immigration detention is no longer eligible for release on bond.

40.     Before September 5, 2025, just 3 months prior, the position of the BIA was that the Immigration Judge had power to grant release on bond under INA section 236(a) if the

PETITION FOR WRIT OF HABEAS CORPUS - 9

# TAB 5

United States District Court
Western District of Texas
Austin Division

Ignacio Sosnava Rodriguez,
    Petitioner,

    v.

Sylvester Ortega, *in his official capacity as*
*Field Office Director of Enforcement and*
*Removal Operations, San Antonio Field*
*Office, Immigration and Customs*
*Enforcement, et. al.,*

    Respondents.

No. 1:26-CV-00273-RP

**Federal Respondents' Status Report**

Pursuant to this Court's order issued on February 27, 2026, Respondents file this status report regarding Petitioner.

Petitioner was released from custody February 27, 2026, as ordered by the Court.

Respectfully submitted,

Justin R. Simmons
United States Attorney

By:    */s/ Christina L. Playton*
    Christina L. Playton
    Assistant United States Attorney
    Texas Bar No. 24028652
    601 N.W. Loop 410, Suite 600
    San Antonio, Texas 78216
    (210) 384-7100 (phone)
    (210) 384-7312 (fax)
    Christina.Playton@usdoj.gov

/s/Sequetha R. Simmons
Sequetha R. Simmons
Special Assistant United States Attorney
Louisiana Bar No. 33372
125 E. John Carpenter Fwy., Suite 500
Irving, Texas 75062
(214) 231-4400 (phone)
Sequetha.R.Simmons@dhs.gov

Attorneys for Federal Respondents

# Gomez Alvarado
# No. 26-50221

# TAB 1

# U.S. District Court [LIVE]
## Western District of Texas (Austin)
## CIVIL DOCKET FOR CASE #: 1:26-cv-00309-DAE

Gomez Alvarado v. Vergara et al
Assigned to: Judge David A. Ezra
Cause: 28:2241 Petition for Writ of Habeas Corpus (federa

Date Filed: 02/06/2026
Jury Demand: None
Nature of Suit: 463 Habeas Corpus - Alien Detainee
Jurisdiction: U.S. Government Defendant

**Petitioner**

**Miguel Angel Gomez Alvarado**

represented by **Stephen A. Lagana**
Lagana and Associates
145 Essex Street
Lawrence, MA 01840
978-794-2331
Fax: 978-794-2441
Email: lagana.law@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

**Miguel Vergara**
*in his official capacity as the Acting Director of San Antonio Field Office for U.S. Immigration and Customs Enforcement*

represented by **Lacy L. McAndrew**
DOJ-USAO
US Attorney's Office
601 NW Loop 410
Suite 600
San Antonio, TX 78216
210-384-7340
Email: lacy.mcandrew@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mary F. Kruger**
United States Attorneys Office
Chief, Civil Division
601 NW Loop 410, Suite 600
San Antonio, TX 78216
210-384-7300
Fax: 210/384-7322
Email: mary.kruger@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christina Laura Playton**
United States Attorney's Office

Case: 26-50183     Document: 15-3     Page: 30     Date Filed: 03/24/2026

610 NW Loop 410, Suite 600
San Antonio, TX 78216
210-384-7120
Email: christina.playton@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Fidel Esparza , III**
United States Attorney's Office
Asset Forfeiture Unit
601 NW Loop 410, Suite 600
San Antonio, TX 78216
210-384-7026
Fax: 210-384-7045
Email: fidel.esparza@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Respondent**

**Todd Lyons**
*in his capacity as the Acting Director for the*
*U.S. Immigration and Customs Enforcement*

represented by **Christina Laura Playton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Fidel Esparza , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mary F. Kruger**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Respondent**

**Kristi Noem**
*in her capacity as the Secretary of the U.S.*
*Department of Homeland Security*

represented by **Christina Laura Playton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Fidel Esparza , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mary F. Kruger**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Respondent**

**Charlotte Collins**
*in her capacity as the Warden of the T. Don*
*Hutto Detention Center*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/06/2026 | 1 | Petition for Writ of Habeas Corpus ( Filing fee $ 5 receipt number 3102), filed by Miguel Angel Gomez Alvarado. (Attachments: # 1 Civil Cover Sheet, # 2 Cover Letter, # 3 Exhibit A, # 4 Exhibit B, # 5 Receipt, # 6 Envelope)(cr5) (Entered: 02/11/2026) |

| 02/06/2026 | | Case assigned to Judge David A. Ezra. CM WILL NOW REFLECT THE JUDGE INITIALS AS PART OF THE CASE NUMBER. PLEASE APPEND THESE JUDGE INITIALS TO THE CASE NUMBER ON EACH DOCUMENT THAT YOU FILE IN THIS CASE. (cr5) (Entered: 02/11/2026) |
|---|---|---|
| 02/06/2026 | | If ordered by the court, all referrals and consents in this case will be assigned to Magistrate Judge Howell. (cr5) (Entered: 02/11/2026) |
| 02/06/2026 | 2 | STANDING ORDER (dated 02/06/2025) REFERRING CASE to Magistrate Judge Dustin M. Howell. Signed by Judge David A. Ezra. (cr5) (Entered: 02/11/2026) |
| 02/12/2026 | 3 | ORDER TO SHOW CAUSE as to Charlotte Collins, Todd Lyons, Kristi Noem, Miguel Vergara.( Show Cause Response due by 2/17/2026,). Signed by Judge David A. Ezra. (dm) (Entered: 02/12/2026) |
| 02/17/2026 | 4 | MOTION for Extension of Time to File by Todd Lyons, Kristi Noem, Miguel Vergara. (Attachments: # 1 Proposed Order)(May, LaTasha) (Entered: 02/17/2026) |
| 02/18/2026 | | Text Order GRANTING IN PART AND DENYING IN PART 4 Motion for Extension of Time to File. IT IS THEREFORE ORDERED that Respondents shall have until 6PM on Friday, February 20, 2026 to answer or otherwise respond to the Petition. See 28 U.S.C. § 2243. Entered by Judge David A. Ezra. (This is a text-only entry generated by the court. There is no document associated with this entry.) (ESlc) (Entered: 02/18/2026) |
| 02/20/2026 | 5 | RESPONSE to 1 Petition for Writ of Habeas Corpus by Todd Lyons, Kristi Noem, Miguel Vergara. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Esparza, Fidel) (Entered: 02/20/2026) |
| 02/25/2026 | 6 | MOTION for Extension of Time to File Answer by Miguel Angel Gomez Alvarado. (Lagana, Stephen) (Entered: 02/25/2026) |
| 03/02/2026 | 7 | ORDER re 1 Petition for Writ of Habeas Corpus filed by Miguel Angel Gomez Alvarado ( Status Report due by 3/5/2026).. Signed by Judge David A. Ezra. (pg) (Entered: 03/02/2026) |
| 03/05/2026 | 8 | STATUS REPORT *FEDERAL RESPONDENTS STATUS REPORT NOTICE OF RELEASE* by Todd Lyons, Kristi Noem, Miguel Vergara. (Attachments: # 1 Exhibit A)(Playton, Christina) (Entered: 03/05/2026) |
| 03/12/2026 | 9 | Appeal of Final Judgment 7 by Todd Lyons, Kristi Noem, Miguel Vergara.*Respondents' Notice of Appeal* No filing fee submitted. Attorney Mary F. Kruger added to party Todd Lyons(pty:res), Attorney Mary F. Kruger added to party Kristi Noem(pty:res) (Kruger, Mary) (Entered: 03/12/2026) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 03/13/2026 09:24:06 | | |
| **PACER Login:** | lmckay161 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:26-cv-00309-DAE |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

# TAB 2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MIGUEL ANGEL GOMEZ ALVARADO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 1:26-CV-00309-DAE |
| | § | |
| MIGUEL VERGARA, Acting Director of | § | |
| San Antonio Field Office, U.S. Immigration | § | |
| and Customs Enforcement, et al., | § | |
| | § | |
| Respondents. | § | |

## RESPONDENTS' NOTICE OF APPEAL

Notice is hereby given that the Respondents in the above-captioned action hereby appeal

to the United States Court of Appeals for the Fifth Circuit from this Court's Order Granting Petition

for Writ of Habeas Corpus (ECF 7) and all opinions, rulings, findings, conclusions, judgments,

and orders on which the grant of the petition is based.

Dated: March 12, 2026

Respectfully submitted,

JUSTIN R. SIMMONS
United States Attorney

*/s/ Mary F. Kruger*
MARY F. KRUGER
Assistant United States Attorney
Georgia Bar No. 6282540
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216
Tel: (210) 384-7100
Fax: (210) 384-7312
Mary.Kruger@usdoj.gov

***Counsel for Respondents***

# TAB 3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

MIGUEL ANGEL GOMEZ      §
ALVARADO,      §
     §
         *Petitioner*,      §
     §     No. 1:26-CV-00309-DAE
     §
v.      §
     §
VERGARA, *et al.*,      §
     §
         *Respondents*.      §

## ORDER

Before the Court is Petitioner Miguel Angel Gomez Alvarado's

("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt.

# 1). The Court finds this matter suitable for disposition without a hearing. After

careful consideration of the parties' briefings and the relevant law, the Court

**GRANTS** the Petition for Writ of Habeas Corpus (Dkt. # 1) for the reasons that

follow.

## FACTUAL BACKGROUND

Petitioner Gomez Alvarado is a citizen of Honduras who is currently

detained at the T. Don Hutto Detention Center in Taylor, Texas. (Dkt. # 1 at 2, 3.)

In May of 2012, Petitioner entered the United States without inspection. (Id. at 2.)

Since then, he has resided continuously in the United States. (Id. at 3.) Petitioner

1

is the father of a United States Citizen son, who is almost two years old. (Id. at 2.) He has no criminal history. (Id. at 3.)

On November 13, 2025, Petitioner was apprehended by Immigration and Customs Enforcement ("ICE") officers after a routine traffic stop and issued a Notice to Appear ("NTA"). (Dkts. ## 1 at 2; 5-2 at 2; 5-1.) Petitioner is being held without the opportunity for a bond hearing. (See Dkt. # 1 at 5.)

PROCEDURAL HISTORY

On February 6, 2026, Petitioner filed his habeas petition. (Dkt. # 1.) On February 12, 2026, this Court ordered Respondents Miguel Vergara, Acting Director of San Antonio Field Office, U.S. Immigrations and Customs Enforcement; Todd Lyons, Acting Director, U.S. Immigration and Customs Enforcement ("ICE"); Kristi Noem, Secretary of the U.S. Department of Homeland Security; Department of Homeland Security ("DHS"); and Charlotte Collins, Warden of the T. Don Hutto Detention Center (collectively, "Respondents") to show cause within three days as to why the petition should not be granted. (Dkt. # 4.) Respondents Miguel Vergara, Todd Lyons, and Kristi Noem (herein, "Federal Respondents")[1] filed a response to the Petition on February 20, 2026. (Dkt. # 5.) On February 25, 2026, Petitioner filed a motion requesting an extension to file a

---

[1] Respondent Collins, Warden of the T. Don Hutto Detention Center, has not joined the response.

reply. (Dkt. # 6.) However, because the Court determines that a reply is not necessary and because the Court grants the petition, the Court **DENIES** as moot Petitioner's motion for an extension, (Dkt. # 6).

## LEGAL STANDARD

A district court may grant a writ of habeas corpus if a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. The habeas petitioner "bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." Villanueva v. Tate, No. CV H-25-3364, 2025 WL 2774610, at *4 (S.D. Tex. Sept. 26, 2025) (internal citation and quotations omitted). "A court considering a habeas petition must 'determine the facts, and dispose of the matter as law and justice require.'" Id. (quoting 28 U.S.C. § 2243).

## DISCUSSION

In his Amended Petition, Petitioner challenges his mandatory detention as a violation of his Fifth Amendment due process rights, of the Immigration and Nationality Act ("INA"), various bond regulations, and of the Administrative Procedure Act ("APA"). (Dkt. # 1 at 5–7.)

As an initial matter, the Court finds that it has jurisdiction over this case for the same reasons stated in previous orders. Campuzano v. Noem, No.

3

1:25-cv-1715-DAE, 2026 WL 90062 (W.D. Tex. Jan 6, 2026); Fabian-Granados v.

Bondi, No. 1:25-cv-2068-DAE, 2026 WL 90061 (W.D. Tex. Jan. 8, 2026); Silva v.

Bondi, No. 1:25-cv-2155-DAE, 2026 WL 90060 (W.D. Tex. Jan. 12, 2026).  The

Court also finds that, to the extent an administrative exhaustion requirement would

normally apply in this situation, "[b]ecause Respondents argue the detention of

Petitioner is mandatory, claiming no one, including the [immigration judge], can

review the detention issue, any attempt to require Petitioner to exhaust any

administrative remedies [would be] futile."  See Lorenzo C. P., v. Noem, No. 1:25-

CV-181, 2025 WL 3684859, at *5 (S.D. Tex. Oct. 31, 2025); see also Shi v. Lyons,

No. 1:25-CV-274, -- F. Supp. 3d --, 2025 WL 3637288, at *4 n.6 (S.D. Tex. Dec.

12, 2025); (Dkt. # 6 at 1 (asserting that Petitioner is ineligible for bond before an

immigration judge)).

With respect to the merits of the Petition, the Court finds that

Petitioner's detention violates his right to procedural due process under the Fifth

Amendment of the United States Constitution.  Because the Court concludes that

Petitioner's detention is unlawful on this basis alone, it does not reach Petitioner's

other bases for relief.[2]  The Court's analysis proceeds in two steps: first, the Court

---

[2] To the extent Federal Respondents argue that Buenrostro prevents this Court's review of the Petitioner's due process claims, the Court, like other courts that have considered the question, finds such an argument unpersuasive.  See Valencia Reyes v. Noem, et al., No. SA-25-CA-01921-XR, Dkt. # 7, at *6–8 (W.D. Tex. Feb. 25, 2026) (collecting cases).  Indeed, the Fifth Circuit's decision was limited only to

4

will discuss whether and to what extent procedural due process applies to Petitioner; and second, the Court will analyze whether Petitioner's due process rights were violated.

I.    <u>Whether Petitioner is Entitled to Due Process Clause Protections</u>

The Fifth Amendment's Due Process Clause prevents the Government from "depriv[ing]" any "person . . . of liberty . . . without due process of law." <u>U.S. Const. amend. V.</u>  This right is not limited to United States citizens; noncitizens are similarly entitled to due process under the Fifth Amendment. <u>Trump v. J. G. G.</u>, <u>604 U.S. 670, 673</u> (2025);  <u>Demore v. Kim</u>, <u>538 U.S. 510, 523</u> (2003). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." <u>Zadvydas v. Davis</u>, <u>533 U.S. 678, 690</u> (2001) (citing <u>Foucha v. Louisiana</u>, <u>504 U.S. 71, 80</u> (1992)).

Federal Respondents argue that, because Petitioner is entitled to no more due process than the INA gives him, he does not have a viable procedural due

---

that petitioner's statutory interpretation arguments and did not reach any issue of whether a petitioner's detention violated the Fifth Amendment.  <u>See</u> <u>Buenrostro-Mendez</u>, <u>2026 WL 323330</u>.  The Government acknowledged as much in their oral arguments by stating: "We have one issue before the Court now: the statutory question. . . . There's not, in other words, a due process claim here."  Oral Argument, <u>Buenrostro-Mendez</u>, <u>2026 WL 323330</u>, at 44:56–45:11 (5th Cir. Feb. 3, 2026), <u>available at</u> https://www.ca5.uscourts.gov/OralArgRecordings/25/25-20496_2-3-2026.mp3.

5

process claim. (See Dkt. # 5 at 2, 10–12, citing Dep't of Homeland Sec. v. Thuraissigiam, 591 U.S. 103 (2020)). First, the Court notes that while it is true as a matter of statutory construction that § 1225 permits mandatory detention, the question remains as to what process is due to people detained under that statute. Santiago v. Noem, No. EP-25-CV-361-KC, 2025 WL 2792588, at *7 (W.D. Tex. Oct. 2, 2025) ("In Jennings, the [Supreme Court] held the mandatory detention statutes . . . did not . . . require periodic bond hearings. . . But the Court expressly left open the constitutional due process question and remanded the case with instructions that the lower courts consider the constitutional issue in the first instance." (citing Jennings v. Rodriguez, 583 U.S. 281, 312 (2018))). It is for the courts to decide whether the constitutional protections afforded pursuant to a given statute are adequate. The mere existence of some protections under a statute does not relieve the Court of its responsibility to ensure that those protections are indeed constitutionally sufficient. See Jennings, 583 U.S. at 312; Counselman v. Hitchcock, 142 U.S. 547, 565 (1892), overruled on other grounds by Kastigar v. United States, 406 U.S. 441 (1972) ("Legislation cannot detract from the privilege afforded by the constitution."); Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 541 (1985) ("[O]nce it is determined that the due process clause applies, the question remains what process is due . . . The answer to that question is not to be found in the . . . statute.").

6

Second, insofar as Federal Respondents rely on Thuraissigiam to argue that Petitioner's due process rights are limited to those provided by statute because he is an "applicant for admission" who has never been formally admitted to the United States, the Court is not convinced.  (See Dkt. # 5 at 2, 10–12.)  In Thuraissigiam, the Supreme Court rejected a noncitizen's due process claim, explaining that people detained at or near the border are treated as "applicants for admission" and are afforded "only those rights regarding admission that Congress has provided by statute."  591 U.S. at 140.  However, as noted by other courts, while Thuraissigiam limited the scope of due process claims available to "applicants for admission," its statements and holdings must be read in context. See Lopez-Arevelo v. Ripa, 801 F. Supp. 3d 668, 682 (W.D. Tex. 2025) (discussing Thuraissigiam).  And when reading Thuraissigiam in context, the Court does not understand the decision to confine Petitioner's due process rights to only those set forth in the INA.  See id. at 681–84.

Several courts in this Circuit have distinguished Thuraissigiam from cases like Petitioner's for reasons this Court finds persuasive.  For example, in Lopez-Arevelo, the court rejected the respondents' attempts to rely on Thuraissigiam because: (1) Thuraissigiam addressed challenges to deportability rather than challenges to the fact or length of detention; and (2) the petitioner in Thuraissigiam did not have a significant presence in the United States.  801 F.

7

Supp. 3d at 681–85. Therefore, the Lopez-Arevelo court concluded, the petitioner could pursue his due process claim because the petitioner "challenge[d] his detention, not his deportability" and "because he was detained after years of presence in the United States, rather than on the threshold of initial entry." Id. at 685. The same reasoning applies here. See also Trump v. J. G. G., 604 U.S. 670, 673 (2025) (reaffirming that the Fifth Amendment entitles noncitizens to due process of law).

Federal Respondents also argue that Petitioner's procedural due process challenge to his detention is really a substantive due process challenge. (Dkt. # 5 at 3, 6–10.) The Court does not agree. Here, Petitioner is, in essence, challenging the process that is due to him before he can be deprived of a protected interest—his liberty. That is squarely a procedural due process claim. See Mathews v. Eldridge, 424 U.S. 319, 332–33 (1976).

The Court does not find persuasive the cases Federal Respondents discuss in support of their argument. Federal Respondents first cite Conn. Dep't of Pub. Safety v. Doe, 538 U.S. 1 (2003) for the proposition that Petitioner cannot establish a procedural due process claim because his request for a bond hearing is immaterial to 8 U.S.C. § 1225(b), which mandates detention regardless of flight risk or danger to the community. (Dkt. # 5 at 8–10.) However, Doe arose in an entirely different context: a challenge to a sex offender registration statute. See

8

Doe, 538 U.S. at 4. The Court therefore finds Doe inapposite. See Kevin Armando Gomez Hernandez, Petitioner, v. ICE et al., No. EP-26-CV-67-KC, 2026 WL 503958, at *2 (W.D. Tex. Feb. 23, 2026) (finding Doe inapplicable to the immigration detention context); Chan v. Bondi, No. 3:25-CV-298, 2026 WL 388605, at *2 (W.D. Pa. Feb. 12, 2026) (same). Moreover, the Supreme Court has repeatedly affirmed that "[w]hen protected interests are implicated, the right to some kind of prior hearing is paramount." Bd. of Regents v. Roth, 408 U.S. 564, 569–70 (1972); accord Smith v. Org. of Foster Families for Equal. & Reform, 431 U.S. 816, 848 (1977); Mitchell v. W.T. Grant Co., 416 U.S. 600, 624 (1974); Lopez-Arevelo, 801 F. Supp. at 685 ("The essence of procedural due process is that a person risking a serious loss be given notice and an opportunity to be heard in a meaningful manner and at a meaningful time."). Second, Federal Respondents cite an unpublished Fifth Circuit opinion, Wekesa v. U.S. Attorney, No. 22-10260, 2022 WL 17175818 (5th Cir. Nov. 22, 2022), in which a Fifth Circuit panel upheld the denial of a habeas petition that brought a due process challenge to prolonged mandatory detention. Like the Lopez-Arevelo court, however, this Court does not find Wekesa persuasive. Although the Wekesa court rejected the petitioner's due process challenge, it provided little to no reasoning for that decision. See Wekesa, 2022 WL 17175818, at *1. Furthermore, in reaching its conclusion, the Wekesa opinion relied only on Jennings, a decision which expressly left open the

9

constitutional question. See id.; Jennings, 583 U.S. at 312; see also Lopez-Arevelo, 801 F. Supp. at 683–84. Accordingly, the Court does not find Wekesa's analysis compelling and declines to apply it here.

Therefore, for the reasons described above and following the sound rationale of other courts in this district, the Court concludes that Petitioner is able to bring a procedural due process claim. See Lopez-Arevelo, 801 F. Supp. 3d at 681–85 (determining that Petitioner can bring a procedural due process claim); Santiago, 2025 WL 2792588, at *7–10 (same); Vieira v. De Anda-Ybarra, 806 F. Supp. 3d 690, 697–700 (W.D. Tex. 2025) (same); Hernandez-Fernandez v. Lyons, No. 5:25-cv-773-JKP, 2025 WL 2976923, at *7–8 (W.D. Tex. Oct. 21, 2025) (same); Zafra v. Noem, No. EP-25-cv-521-DB, 2025 WL 3239526, at *2–3 (W.D. Tex. Nov. 20, 2025) (same); Valencia Reyes, No. SA-25-CA-01921-XR, Dkt. # 7, at *4–22 (same); Longoria Mendoza v. Noem, et al., No. 5:26-CV-0728-JKP, Dkt. # 9, at *6–10 (W.D. Tex. Feb. 26, 2026) (same).

II.   Whether Petitioner's Due Process Rights Have Been Violated

Having found that Petitioner is entitled to due process protection under the Fifth Amendment, the Court turns to whether Petitioner's arguments are meritorious. "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" Mathews, 424 U.S. at 333 (quoting Armstrong v. Manzo, 380 U.S. 545, 552 (1965)). "To determine

10

whether a civil detention violates a detainee's due process rights, courts apply the three-part test set forth in Mathews[.]" Martinez v. Noem, No. 5:25-cv-1007-JKP, 2025 WL 2598379, at *2 (W.D. Tex. Sept. 8, 2025). Those factors are: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Mathews, 424 U.S. at 335.

The first factor weighs heavily in Petitioner's favor. "'The interest in being free from physical detention' is 'the most elemental of liberty interests.'" Martinez v. Noem, 2025 WL 2598379, at *2 (W.D. Tex. Sept. 8, 2025) (quoting Hamdi v. Rumsfeld, 542 U.S. 507, 529 (2004)). In this case, Petitioner lived his life in the United States free from custody for almost fourteen years prior to his recent detention. He has no criminal record, and he has established a family and community here. "The Supreme Court has repeatedly affirmed that '[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception.'" Hernandez-Lara v. Lyons, 10 F.4th 19, 27 (1st Cir. 2021) (citing United States v. Salerno, 481 U.S. 739, 755 (1987)). This interest

11

"deserves great weight and gravity" and thus weighs heavily in Petitioner's favor. See Vieira, 806 F.Supp.3d at 701.

On the second factor, courts consider "whether the challenged procedure creates a risk of erroneous deprivation of individuals' private rights and the degree to which alternative procedures could ameliorate these risks." Martinez v. Noem, 2025 WL 2598379, at *3 (quoting Gunaydin v. Trump, 784 F.Supp.3d 1175, 1187 (D. Minn. 2025)). Here, there is a high risk of erroneous deprivation of Petitioner's liberty since he is being detained without the opportunity for an individualized bond hearing, depriving him of the ability to contest the reasonableness of his detention. See Vieira, 806 F.Supp.3d at 701 ("The risk lies in the automatic continued deprivation of liberty . . ."). There would be significant value added by additional safeguards, such as a bond hearing or pre-detention notice, that would reduce the likelihood of an erroneous loss of liberty. Thus, this factor also weighs in Petitioner's favor.

The third factor is the Government's interest. See Mathews, 424 U.S. at 335. The Government has a legitimate interest "in ensuring that noncitizens appear for their removal hearings and do not pose a danger to the community." Lopez-Arevelo, 801 F.Supp.3d at 686–87. But such an interest could be adequately protected through individualized bond hearings—process that the Government finds unnecessary. As another court in this District stated:

12

"Respondents make no meaningful representation that the burden of providing this additional increment of process is beyond their ability.  Instead, they only maintain that due process does not require it."  Valencia Reyes v. Noem et al., No. 5:25-cv-1921-XR, at *25 (W.D. Tex. Feb. 25, 2026).  Accordingly, as applied to this Petitioner, this factor is neutral.

In weighing all three factors, the Court finds the scale tips in Petitioner's favor; thus, Petitioner's detention without an opportunity to challenge his detention through an individualized assessment violates his right to procedural due process under the Fifth Amendment of the United States Constitution.

III.    Appropriate Relief

On the issue of appropriate relief, the Court is persuaded that it need not depart from the "typical remedy" in habeas cases challenging the lawfulness of detention, which "is, of course, release."  See Munaf v. Geren, 553 U.S. 674, 693 (2008).  Further, ordering a bond hearing under these circumstances would require the Immigration Judge to do that which he believes he lacks authority to do following Matter of Yajure Hurtado, 29 I&N Dec. 216, 220 (BIA 2025).  The Court instead finds that the more appropriate remedy here is release.[3]  See Azua-Zuniga

_____

[3]  While this plays no role in the Court's ruling, the Administration, in widely publicized statements, has said its enforcement efforts target violent criminals and the "worst of the worst."  Clearly, the Petitioner in this case, who has lived in this country for nearly fourteen years, who has an infant U.S. Citizen child, and who

13

v. Bondi et al., No. 1:26-cv-287-RP (W.D. Tex. Feb. 20, 2026) (finding support for the same remedy under similar circumstances); Valencia Reyes, No. SA-25-CA-01921-XR, Dkt. # 7, at 25 (same); Longoria Mendoza, No. 5:26-CV-0728-JKP, Dkt. # 9, at *17–18 (same).

Indeed, the Court notes its agreement that bond hearings are "no substitute for the requirement that ICE engage in a 'deliberative process prior to, or contemporaneous with,' the initial decision to strip a person of the freedom that lies at the heart of the Due Process Clause." Cruz-Reyes v. Bondi, No. 5:26-cv-60, 2026 WL 332315, at *6 (S.D. Tex. Feb. 3, 2026) (quoting Gonzalez v. Joyce, No. 25 Civ. 8250, 2025 WL 2961626 (S.D.N.Y. Oct. 19, 2025)). "The suggestion that government agents may sweep up any person they wish without consideration of dangerousness or flight risk, so long as the person will, at some unknown future date, be allowed to ask some other official for his or her release, offends the ordered system of liberty that is the pillar of the Fifth Amendment." Gonzalez, 2025 WL 2961626, at *5.

As a final matter, "[a]lthough Petitioner invokes jurisdiction under 28 U.S.C. §§ 1331 and 2241 and seeks attorney fees, the Court treats the instant action solely as a habeas action under § 2241." Davila Mercado v. Lyons, No. 5:25-CV-

---

has no criminal record is not the violent criminal or danger to the community to which the Administration refers.

14

1623-JKP, 2025 WL 3654268, at *7 (W.D. Tex. Dec. 11, 2025).  Here, as in Davila

Mercado, Petitioner has not specifically sought any non-habeas relief and has paid

only the minimal habeas filing fee.  Accordingly, the Court denies any request for

attorney's fees in this case.  Id.; Aldana Perez v. Noem, et. al., No. SA-25-CV-

01534-XR, 2025 WL 3654262, at *7 (W.D. Tex. Dec. 5, 2025); Barco v. Witte, 65

F.4th 782, 785 (5th Cir. 2023) (holding that the Equal Access to Justice Act does

not authorize attorney's fees for successful 28 U.S.C. § 2241 motions).

CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Petition for

Habeas Corpus.  (Dkt. # 1.)  It is **ORDERED** that:

1. Respondents are **DIRECTED** to **RELEASE** Petitioner Miguel Angel Gomez Alvarado from custody, under conditions of release no more restrictive than those in place prior to the detention at issue in this case, to a public place by **no later than 5:00 p.m. on March 4, 2026**.

2. Respondents must **NOTIFY** Petitioner's counsel by email (lagana.law@gmail.com) of the exact location and exact time of Petitioner's release as soon as practicable and **no less than two hours before his release**.

3. Respondents are enjoined from further detaining Petitioner without first conducting a bond hearing, scheduled with notice to Petitioner's attorneys and set at a date agreed upon by both parties.  At such a hearing, Respondents bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Petitioner's detention.

4. The parties shall **FILE** individual status reports no later than **6:00 p.m. March 5, 2026**, detailing their compliance with this Order.

15

**IT IS SO ORDERED**.

**DATED**: Austin, Texas, March 2, 2026.

_____
David Alan Ezra
Senior United States District Judge

# TAB 4

Case: 26-50183   Document: 15-3   Page: 52   Date Filed: 03/24/2026

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

|  |  |  |
|---|---|---|
| **Miguel Angel Gomez Alvarado** | ) | **PETITION FOR WRIT OF** |
| Petitioner | ) | **HABEAS CORPUS** |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| **Miguel Vergara**, Acting Director of San Antonio | ) |  |
| Field Office, U.S. Immigration and Customs | ) |  |
| Enforcement; | ) |  |
| **Todd Lyons**, Acting Director, U.S. Immigration and | ) |  |
| Customs Enforcement; | ) |  |
| **Kristi Noem**, Secretary of the U.S. Department of | ) |  |
| Homeland Security; | ) |  |
| **Charlotte Collins**, Warden of the T. Don Hutto | ) |  |
| Detention Center; | ) |  |
| Respondents | ) |  |
|  | ) |  |

## INTRODUCTION

1. Petitioner Miguel Angel Gomez Alvarado (Mr. Gomez Alvarado) is a thirty-five-old Honduran citizen who is eligible for Cancellation of Removal, Withholding of Removal and Asylum.

2. Mr. Gomez Alvarado entered the United States without inspection through McAllen, Texas in May of 2012, and was never encountered by Border Patrol. On November 13th, 2025, he was detained in Texas

3. Mr. Gomez Alvarado is the father of one United States Citizen, his son who is just over one-year-old who was born in Austin, Texas on April 6, 2024. See Exhibit A.

## CLAIMS FOR RELIEF

### COUNT ONE

### Violation of Fifth Amendment Right to Due Process Clause

18. The Fifth Amendment provided that "no person shall be deprived of life, liberty, or property without due process of law"

19. "[t]he Due Process clause applies to all persons within the United States, including aliens, whether their presence here is lawful, unlawful, temporary or permanent" *Zadvydas v. Davis,* 533 U.S. 693 (2001)

20. Respondent mandatory detention without consideration for release on bond or access to a bond hearing violates his due process rights.

### COUNT TWO

### Violation of 8 U.S.C. § 1226(a) Unlawful Denial of Release on Bond

21. Mandatory detention as set forth on 8 U.S.C. § 1225(b)(2) does not apply to all noncitizens residing in the United States who are subject to the ground of inadmissibility, most relevant, it does not apply to those who previously entered the country and have been residing in the U.S. prior to being detained by Defendants, historically, such noncitizens would be detained under § 1226(a), and therefore, eligible for release on bond.

22. Nonetheless, the Department of Justice has issued a decision on September 5th, binding to all IJs, thus rendering the Petitioner ineligible for release on Bond, *Matter of YAJURE HURTADO,* 29 I&N Dec. 216 (BIA 2025).

## COUNT THREE

### Violation of the Bond Regulations, 8 C.F.R. §§ 236.1, 1236.1 and 1003.19 Unlawful Denial of Release on Bond

23. In 1997, following the enactment of IIRIRA, EOIR and the Immigration and Naturalization Service issued an interim rule interpreting its detention provisions. Under the heading "Apprehension, Custody, and Detention of [Noncitizens]," the agencies clarified that "[d]espite being applicants for admission, [noncitizens] who are present without having been admitted or paroled (formerly referred to as [noncitizens] who entered without inspection) *will be eligible for bond and bond redetermination."* 62 Fed. Reg. 10312, 10323 (Mar. 6, 1997). Thus, individuals who entered without inspection are eligible for custody redetermination hearings under 8 U.S.C. § 1226 and its implementing regulations.

24. Application of 8 U.S.C. § 1225(b)(2) to Petitioner, who is bond-eligible, unlawfully mandates his continued detention in contravention of 8 C.F.R. §§ 236.1, 1236.1, and 1003.19.

## COUNT FOUR

### Violation of the Administrative Procedure Act Contrary to Law and Arbitrary and Capricious Agency Policy

25. The Administrative Procedure Act ("APA") requires that a "reviewing court shall…hold unlawful and set aside agency action, findings, and conclusions found to be…arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

26. The mandatory detention provision at 8 U.S.C. § 1225(b)(2) does not apply to all noncitizens physically present in the United States who are subject to

grounds of inadmissibility. Critically, it does not apply to those who have already entered the country and resided here prior to being apprehended and placed into removal proceedings. Such individuals fall under 8 U.S.C. § 1226(a), which provides for release on bond absent applicability of § 1225(b)(1), § 1226(c), or § 1231.

27. Nevertheless, DHS and the Immigration Court have applied § 1225(b)(2) to Petitioner.

28. This application is arbitrary, capricious, and contrary to law, and therefore violates the APA. See 5 U.S.C. § 706(2).

## PRAYER FOR RELIEF

1) Wherefore, Petitioner respectfully requests this Court to grant the following:

2) Assume jurisdiction over this matter;

3) Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days;

4) Order that Defendants not remove Petitioner from the State of Texas;

5) Declare that Petitioner's detention violates the Due Process Clause of the Fifth Amendment as well as the relevant statute and regulations governing detention of noncitizens;

6) Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately;

7) Award Petitioner attorney's fees and costs under the Equal Access to Justice Act, and on any other basis justified under law; and

# TAB 5

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| Miguel Angel Gomez Alvarado,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Vergara, *et al*,<br><br>　　　　　Respondents. | Civil Action No.1:26-CV-309-DAE |

# RESPONSE TO PETITION
## ADDRESSING CONSTITUTIONAL CLAIMS

Federal Respondents provide the following response to Petitioner's amended habeas petition.[1] Any allegations that are not specifically admitted herein are denied. Petitioner is not entitled to the relief sought, including attorney's fees under the Equal Access to Justice Act ("EAJA").[2] Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). This conclusion is appropriate under long standing Supreme Court precedent and recent Fifth Circuit precedent. The Fifth Circuit Court of Appeals recently held that aliens, like the Petitioner, who entered the United States illegally and who are not "clearly and beyond a doubt entitled to be admitted," "shall be detained" under 8 U.S.C. § 1225(b)(2)(A), until the conclusion of their removal proceedings. *Buenrostro v. Bondi*, No. 25-20496, ---- F.4th ---- 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026). The *Buenrostro* decision is binding precedent and requires that the Court deny this habeas petition.[3]

---

[1] 　　　The Department of Justice represents only federal employees in this action.

[2] 　　　*Barco v. Witte*, 65 F.4th 782 (5th Cir. 2023).

[3] 　　　The *Buenrostro* decision is a published decision and precedential authority even though the mandate has yet to issue. *See, e.g., Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir.

1

## INTRODUCTION

The Immigration and Nationality Act, as amended, provides that all aliens who are present within the United States and not admitted—deemed by statute to be "applicants for admission"—"shall be detained" pending their removal proceedings if they cannot show they are "clearly and beyond a doubt entitled to be admitted." 8 U.S.C. §1225(a)(1), (b)(2)(A). Detention is mandatory, so they are not entitled to bond hearings. *Jennings v. Rodriguez*, 583 U.S. 281, 297, 300 (2018).

Over the last several months, hundreds of habeas petitions have been filed in the Western District of Texas by petitioners who are "applicants for admission" and are being detained under §1225(b)(2)(A) without bond hearings. Many district courts granted those petitions, holding that the aliens' detentions were governed by the separate authority in 8 U.S.C. §1226(a), which permits bond hearings. The Fifth Circuit rejected the holdings of those decisions in *Buenrostro-Mendez v. Bondi*, ---F.4th---, 2026 WL 323330 (5th Cir. Feb. 6, 2026), and held that "applicants for admission" are subject to detention under §1225(b)(2)(A) and so have no statutory right to a bond hearing. *Id.* at *1-10.

Despite *Buenrostro-Mendez*, some petitioners have pivoted to a new theory—*procedural due process*—to order the Government to provide bond hearings or to release individuals who are indisputably detained under §1225(b)(2)(A*)*. This fallback theory is foreclosed by *Buenrostro-Mendez*. Post-*Buenrostro-Mendez*, Petitioner falls within the terms of §1225(b)(2)(A); and is an "applicant for admission" who failed to show that he was "clearly and beyond a doubt entitled to be admitted." No additional process is needed to resolve an uncontested issue of fact. As the

---

1992) (explaining that even a stay in the issuance of a mandate does not impact the precedential value of published opinions); *Acute Care Ambul. Serv., L.L.C. v. Azar II*, No. 7:20-CV-00217, 2020 WL 7640206, at *13 (S.D. Tex. Dec. 3, 2020) (rejecting the argument that a Fifth Circuit decision is not controlling because " the mandate has yet to issue, and thus not properly relied upon as precedent.").

Supreme Court held, "Plaintiffs who assert a right to a hearing under the Due Process Clause must show that the facts they seek to establish in that hearing are relevant under the statutory scheme." *Connecticut Department of Pub. Safety v. Doe*, 538 U.S. 1, 9 (2003). But whether Petitioner is a flight risk or a danger is irrelevant to the statutory scheme; thus, a bond hearing to assess those issues would be "a bootless exercise." *Id.* at 7. In the end, the only process due for those who have never "been admitted into the country pursuant to law" is whatever process is "expressly conferred by Congress." *DHS v. Thuraissigiam*, 591 U.S. 103, 138 (2020).

In truth, Petitioner is not challenging the *procedures* available under the statute, but Congress's *substantive* determination that aliens covered by §1225(b)(2)(A) are not entitled to a bond hearing. Petitioner's true claim sounds in *substantive* due process—*i.e.*, that the government cannot constitutionally detain *notwithstanding* the fact that they are subject to mandatory detention by statute. But Petitioner has not attempted to satisfy the standard for a substantive due process claim. Petitioner does not purport to identify any fundamental right, so their substantive due process claim must fail so long as mandatory detention under §1225(b)(2)(A) is "rationally related to legitimate government interests." *Washington v. Glucksberg*, 521 U.S. 702, 728 (1997). The Supreme Court has long "recognized [that] detention during deportation proceedings [i]s a constitutionally valid aspect of the deportation process," because "deportation proceedings 'would be vain if those accused could not be held in custody pending the inquiry into their true character.'" *Demore v. Kim*, 538 U.S. 510 (2003).

Petitioner's new due process approach is in reality the same argument with a different label. The initial arguments were at least properly styled—they were statutory claims that actually advanced arguments about statutory construction. But the fallback putative-procedural due process claim actually attack the *substance* of Congress's policy choice to impose mandatory

3

detention, rather than discretionary detention. This Court should deny the petition.

## BACKGROUND

Petitioner is a native and citizen of Honduras who entered the United States without inspection. ECF No. 1 at ¶2. In his petition, he concedes was **not** admitted. *See* ECF No. 1-4 at 3. On November 13, 2025, Petitioner was encountered by immigration authorities for the first time, and issued a Notice to Appear ("NTA") was issued charging Petitioner as removable under INA § 212(a)(6)(A)(i). Exh. A (NTA); Exh. B (I-213.) On January 5, 2026, Petitioner filed an application for relief form removal. ECF No. 1-4. He is currently in removal proceedings, represented by counsel, with his next scheduled hearing on February 23, 2026. *See* EOIR automated case information system (last accessed on 2/19/2026) https://acis.eoir.justice.gov/en/caseInformation ; *see also* Exh. C (E28).

## PETITIONER IS SUBJECT TO MANDATORY DETENTION

Petitioner seeks an order from this Court directing the Department of Homeland Security to release Petitioner from immigration detention, alternatively Petitioner asks this Court to order a bond hearing in immigration court. Neither is appropriate and the Court should deny the petition. The primary issue raised by Petitioner, namely that his detention pursuant to 8 U.S.C. § 1225 and the Board of Immigration Appeals (BIA) decision in *Hurtado* is unlawful, was rejected by the Fifth Circuit. *Buenrostro-Mendez v. Bondi*, No. 25-20496, No. 25-40701, 2026 WL 323330 at * 1 (5th Cir. Feb. 6, 2026); *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (B.I.A. 2025)

Petitioner's contention that detention should be governed by, 8 U.S.C. § 1226, that Petitioner is being unlawfully detained and deprived of a bond hearing, and that the detention violates the United States Constitution were rejected in *Buenrostro*. *Id.* To the extent Petitioners

claim they are not properly categorized as an applicant for admission "the text and context of §
1225 contradict the petitioners' reading of the statute." *Id.* at *9.

The Fifth Circuit made clear that aliens present in the United States who have not been
admitted by lawful means, remain "applicants for admission" who were "seeking admission." 2026
WL 323330 at *4. The court explained that "[w]hen a person applies for something, they are
necessarily seeking it." *Id.* In so holding, the court rejected the reasoning that the phrase "seeking
admission" in § 1225(b)(2)(A) uses the present tense and thus applies only to individuals
"currently and actively seeking to be admitted to the United States when [they are] apprehended."
*Id.* at *3. The Fifth Circuit held that "the everyday meaning of the statute's terms confirms that
being an 'applicant for admission' is not a condition independent from 'seeking admission.'" *Id.*
at *4.

*Buenrostro*, recognizing that the plain language of the INA controlled the analysis and
outcome, also rejected arguments based on the Executive's past interpretation and application of
§ 1225 and § 1226. 2026 WL 323330 at * 8. "Years of consistent practice cannot vindicate an
interpretation that is inconsistent with a statute's plain text." *Id* (citing, *Pereira v. Sessions*, 585
U.S. 198, 204, 138 S. Ct. 2105, 2111 (2018)). The Fifth Circuit observed that the Government's
interpretation and application of § 1225(b)(2) "better honors" the intent of Congress's amendments
to the INA—the full enforcement of § 1225(b)(2)'s plain terms "put aliens seeking admission
lawfully on equal footing with those who entered without inspection." *Id.* at * 9.

Respondents acknowledge that many courts in the Western District of Texas have ruled
otherwise in previous habeas cases. However, this significant development in the Fifth Circuit
warrants this Court taking a different approach. "After reviewing carefully the relevant provisions
and structure of the Immigration and Naturalization Act, the statutory history, and Congressional

5

intent" the Fifth Circuit concluded that the detention authority relied upon by the government is lawful. *Buenrostro*, at \*1.

The Fifth Circuit is not the only court to so hold. District courts around the country agree. *See* Exh D (Case Listing). The Board of Immigration Appeals (BIA), the highest administrative body charged with interpreting and applying the immigration laws, also agreed in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (B.I.A. 2025). There, the BIA examined the plain language of § 1225, the INA's statutory scheme, Supreme Court and BIA precedent, the legislative history of the INA and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub L. No. 104-208, and DHS's prior practices. After doing so, the BIA held that "under a plain language reading of section 235(b)(2)(A) of the INA, 8 U.S.C. § 1225(b)(2)(A), Immigration Judges lack authority to hear bond requests or to grant bond to aliens, like the respondent, who are present in the United States without admission." 29 I&N Dec. at 225.

## DUE PROCESS CLAIMS

**a. Procedural due process does not entitle Petitioner to a bond hearing to determine facts that are irrelevant to §1225(b)(2)(A).**

To the extent Petitioner raises due process claims those should likewise be denied. There is no dispute that Petitioner falls within the scope of §1225(b)(2)(A). Petitioner is an alien who is "present in the United States" and "ha[d] not been admitted," and so Petitioner is an applicant for admission. 8 U.S.C. §1225(a)(1). Petitioner has not established that Petitioner is "clearly and beyond a doubt entitled to be admitted." Id. §1225(b)(2)(A). Therefore, as held in *Buenrostro-Mendez,* Petitioner is subject to mandatory detention under §1225(b)(2)(A).

Recognizing the claim is foreclosed, Petitioner now raises procedural due process. The Constitution prohibits the federal government and States from "depriv[ing]" a "person" of "life, liberty, or property, without due process of law." U.S. Const. Amend. V. The Supreme Court

6

has recognized two types of due-process claims. *See Department of State v. Muñoz*, 602 U.S. 899, 910 (2024). A procedural-due-process claim takes as given the substantive determinations that would justify a deprivation of life, liberty, or property, but challenges the "adequacy of the[] procedures" for making those determinations. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). For example, the statute in *Mathews* made the availability of disability benefits turn on whether a person is "completely disabled" within the meaning of the statute. Id. at 323, 336. The procedural due process claim did not challenge the statute's substantive criteria for who may receive benefits, but the adequacy of the procedures available to test whether a person fits within the criteria. Id. at 325-26. By contrast, a substantive due process claim challenges the substance of the determinations themselves, arguing that they are inadequate to justify the deprivation "at all, no matter what process is provided." *Reno v. Flores*, 507 U.S. 292, 302 (1993).

Petitioner has not challenged the adequacy of the procedures for determining whether Petitioner is an "applicant for admission," a matter determined in immigration proceedings, and that subjects Petitioner to mandatory detention under §1225(b)(2)(A). Instead Petitioner argues that the determination that Petitioner is an applicant for admission and "not clearly and beyond a doubt entitled to be admitted," 8 U.S.C. §1225(b)(2)(A), is a constitutionally insufficient basis on which to justify the deprivation of liberty. Petitioner's due process argument is one that is substantive, not procedural, in nature.

Petitioner has requested that this Court find that due process requires additional procedures in the form of a bond hearing. But a bond hearing is merely the vehicle for making the substantive determination about flight risk or dangerousness. Those factors are irrelevant under the statute. Because §1225(b)(2)(A) requires mandatory detention and does not require

7

such determinations, Petitioner's claim is in reality a substantive-due-process challenge, not a procedural one.

Congress decided as a substantive policy matter to impose mandatory detention on all applicants for admission, such as Petitioner. Whether Petitioner is a flight risk or danger is irrelevant under that policy choice. Due process does not require procedures to adjudicate immaterial facts. What Petitioner is asking this Cour to do is override Congress's substantive judgment that all applicants for admission must be detained regardless of whether they are dangerous or flight risks. Procedural due process can do no such thing.

This Supreme Court's decision in *Connecticut Department of Public Safety v. Doe*, 538 U.S. 1 (2003), is definitive on this point. The statute in that case required sex offenders to register with the State so their information could be published on a sex-offender registry. *Id.* at 4-5. John Doe, who had previously been convicted of a sex offense, claimed that the statute violated his procedural-due-process rights by requiring him to register without a "hearing to determine whether" he was "currently dangerous." *Id.* at 4 (citation omitted).

The Court rejected Doe's claim. It explained that "due process does not require the opportunity to prove a fact that is not material to the State's statutory scheme," and "the fact that [Doe] seeks to prove—that he is not currently dangerous—[wa]s of no consequence under" the relevant statute, which required him to register based on his prior conviction alone. *Id.* at 7. So "[u]nless [Doe] c[ould] show that that substantive rule of law [wa]s defective (by conflicting with the Constitution), any hearing on current dangerousness [would be] a bootless exercise." *Id.* at 8. Any claim that Doe was entitled to a hearing to adjudicate facts a legislature had not made relevant "'must ultimately be analyzed' in terms of substantive, not procedural, due process." *Id.* at 7-8.

8

The rule of *Connecticut Department of Public Safety* is straightforward: "Plaintiffs who assert a right to a hearing under the Due Process Clause must show that the facts they seek to establish in that hearing are relevant under the statutory scheme." 538 U.S. at 9. The Fifth Circuit applied that rule in *Duarte v. City of Lewisville, Texas*, 858 F.3d 348 (5th Cir. 2017), in a similar context. *See id.* ("procedural due process does not entitle the Duarte Family to a hearing to 'establish a fact that is not material' under the Ordinance" (quoting *Connecticut Department of Public Safety*, 538 U.S. at 7)).

The Fifth Circuit later applied that same rationale to reject a procedural due process challenge against mandatory detention under §1226(c) in *Wekesa v. U.S. Attorney*, No. 22-10260, 2022 WL 17175818 (5th Cir. Nov. 22, 2022). There, *Wekesa* filed a habeas petition, alleging that "his continued detention without an individualized bond hearing violates his due process rights." *Id.* at *1. The Court rejected that claim. It explained that under §1226(c) "mandates detention of any alien falling within its scope" and allows release "'only if' the alien is released for witness-protection purposes." *Id.* And "[b]ecause Wekesa d[id] not meet the statutory requirements for release under Section 1226(c)(2)," this Court affirmed the district court's denial of habeas petition. *Id.* In other words, because *Wekesa* indisputably was subject to detention under §1226(c), nothing he hoped to ascertain through a bond hearing would be "relevant under the statutory scheme." *Conn. Dep't of Pub. Safety*, 538 U.S. at 9.

Accordingly, Petitioner has no procedural due process right to a bond hearing on flight risk or danger to the community. Individualized findings about flight risk and danger are irrelevant to §1225(b)(2), which subjects Petitioner to mandatory detention based on Petitioner's uncontested status as an "applicant for admission" who has not shown he is "clearly and beyond a doubt entitled to be admitted." 8 U.S.C. §1225(a)(1), (b)(2)(A).

9

Petitioner falls within the terms of the statute as interpreted by *Buenrostro-Mendez.* Therefore, as in *Connecticut Department of Public Safety*, any claim that Petitioner is entitled to a bond hearing "'must ultimately be analyzed' in terms of substantive, not procedural, due process." 538 U.S. at 7-8; *see Flores*, 507 U.S. at 308 (holding that a challenge to a regulation on the ground that it failed to require a determination of a detainee's "interests" was "just [a] 'substantive due process' argument recast in 'procedural due process' terms"); *Michael H. v. Gerald D.*, 491 U.S. 110, 119, 121 (1989) (plurality opinion) (treating a request for an "evidentiary hearing" on an issue that the statutory scheme deemed "irrelevant" as a "substantive due process" claim).

*Mathews* articulates a three-part balancing test for analyzing certain "procedural due process" claims. *Nelson v. Colorado*, 581 U.S. 128, 134 (2017). But that test has no application in the realm of substantive due process. After all, *Mathews* takes the "nature of the relevant inquiry" as given, 424 U.S. at 343, and asks only whether the "procedures" for conducting that factual inquiry are adequate. *Id.* at 335. Here, in stark contrast, Petitioner contends that the Constitution requires a different factual inquiry altogether—i.e., one that evaluates factors that Congress chose not to make relevant to the detention issue. Because that is a substantive, rather than procedural, due-process challenge to the statute, any reliance on *Mathews* is misplaced.

**b. Even if Petitioner were asserting a viable due process claim, it lacks merit**

Even if Petitioner was asserting a proper procedural due process claim, that claim contradicts the Supreme Court's longstanding precedent regarding the due process rights of aliens who were never admitted to this country.

For more than a century, the rule has been that for aliens who have never "been admitted into the country pursuant to law, the decisions of executive and administrative

10

officers, acting within the powers expressly conferred by Congress, are due process of law."
*DHS v. Thuraissigiam*, 591 U.S. 103, 138 (2020) (quoting *Nishimura Ekiu v. United States*,
142 U.S. 651, 660 (1892)). This is true even of aliens "paroled elsewhere in the country for
years pending removal" who have developed significant ties to the country. *Thuraissigiam*,
591 U.S. at 139 (quoting *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 215
(1953)). They are "'treated' for due process purposes 'as if stopped at the border.'" *Id.* This
includes those that successfully evade inspection at the border: "[A]n alien who tries to enter
the country illegally is treated as an 'applicant for admission'"—*i.e.*, treated the same as if
they lawfully presented themselves at a port of entry or were caught at the border. *Id.* at 140.

The Supreme Court has elsewhere made clear that *lawful admission*—not physical
entry—is the touchstone for when aliens gain due process interests that could potentially
require procedures beyond what Congress has provided (and thus all that the due process
clause requires under the entry fiction doctrine). For example, in *Landon*, 459 U.S. 21, the
Court observed that only "*once an alien gains admission* to our country and begins to
develop the ties that go with permanent residence [does] his constitutional status change[]."
*Id.* at 32 (emphasis added). "Th[is] rule," the Court explained, "rests on [the] fundamental
proposition" that "the power to admit or exclude aliens is a sovereign prerogative," and "the
Constitution gives the political department of the government plenary authority to decide
which aliens to admit." *Id.* at 32; *see also Nishimura Ekiu*, 142 U.S. at 659.

This understanding that additional procedures can only be required for those who have
been lawfully *admitted* (and not even lawfully paroled) was confirmed years before in
*Kaplan v. Tod*, 267 U.S. 228 (1925). There, the Supreme Court held that a child lawfully
*paroled* into the care of relatives *for nearly nine years*—but never lawfully *admitted*—must

11

be "regarded as stopped at the boundary line" and "had gained no foothold in the United States." *Id.* at 230-31. That was so even though the child had been living in the interior of the country with her naturalized-citizen father and thus was presumably forming connections to the United States. *Id.* at 229. Still, because she had never been lawfully admitted, the Due Process Clause did not require *any* additional procedures beyond what Congress provided. *Id.* at 229-30.

The same result should follow here. Petitioner's entry and presence in the United States has been unlawful. The moment of entry into the United States constituted a criminal act under 8 U.S.C. §1325(a). And Petitioner's presence from that moment forward stands in open defiance of federal immigration law.

As the Fifth Circuit recognized, by enacting §1225(b)(2)(A), Congress sought to eliminate the preferential treatment of aliens who violate the country's immigration laws. 2026 WL 323330, at *9. Under Petitioner's argument aliens who violate federal law would enjoy *greater* constitutional protections than those who comply with it. Nothing in law allows an alien to adversely possess additional due process rights by virtue of unlawfully entering the United States and successfully evading enforcement for some length of time—especially when the nine years of *lawful* presence in *Kaplan* did not suffice.

Petitioner's theory of procedural due process is incompatible with longstanding precedent. Petitioner is in full immigration proceedings, represented by the same counsel representing Petitioner before this Court in those proceedings, and is receiving all the process due under the statute; that is "due process of law." *Thuraissigiam*, 591 U.S. at 138; *see also* Exh. C (E28).

**c. Petitioner does not have a substantive due process right to a bond hearing**

12

In contrast to a *procedural* due process claim, which takes as a given the substantive determination that would justify a deprivation of life, liberty, or property, a *substantive* due process claim challenges the substance of the determinations themselves, arguing that they are inadequate to justify the deprivation "at all, no matter what process is provided." *Flores*, 507 U.S. at 302.

Petitioner's detention without a bond hearing during the pendency of removal proceedings does not implicate any fundamental rights. "[P]rior to 1907 there was no provision permitting bail for any aliens during the pendency of their deportation proceedings," *Demore*, 538 U.S. at 523 n.7, so such a right cannot possibly be "objectively, deeply rooted in this Nation's history and tradition." *Muñoz*, 602 U.S. at 910 (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720-21 (1997)). Accordingly, rational-basis review is the appropriate standard for analyzing respondents' substantive-due-process claims. *Glucksberg*, 521 U.S. at 728. Under that standard, detention under §1225(b)(2) is constitutionally permissible as long as it is "rationally related to legitimate government interests." *Id.*

Section 1225 clears the rational basis bar. In *Demore*, the Supreme Court considered a "substantive due process" challenge to detention under §1226(c). 538 U.S. at 515. Like Petitioner here, Hyung Joon Kim "argued that his detention under § 1226(c) violated due process because the [government] had made no determination that he posed either a danger to society or a flight risk." *Id.* at 514. The Court rejected that claim. The Court explained that its cases had long "recognized detention during deportation proceedings as a constitutionally valid aspect of the deportation process," because "deportation proceedings 'would be vain if those accused could not be held in custody pending the inquiry into their true character.'" *Id.* at 523 (quoting *Wong Wing v. United States*, 163 U.S. 228, 235 (1896)); see also *id.* at 526 (reiterating the

13

"Court's longstanding view that the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings"). Therefore, because "[d]etention during removal proceedings is a constitutionally permissible part of that process," the Court held that the aliens substantive due process "claim must fail." *Id.* at 531.

In reaching its holding, *Demore* distinguished its prior decision in *Zadvydas v. Davis*, <u>533 U.S. 678, 693</u> (2001), which addressed the constitutionality of indefinite detention after a final order of removal under a different provision of the INA. *Id.* at 682, 690, 692. First, the aliens challenging their detention in *Zadvydas* were aliens for whom removal was "no longer practically attainable." *Id.* at 690. Under the circumstances, the Court explained, "the detention … did not serve its purported immigration purpose." *Id.* at 690. By contrast, §1226(c) applies to aliens "pending their removal proceedings," and so "necessarily serves the purpose of preventing" those aliens "from fleeing prior to or during their removal proceedings, thus increasing the chance that, if ordered removed, the aliens will be successfully removed." *Demore*, <u>538 U.S. at 528</u>. As *Demore* noted, Congress "had before it evidence suggesting that permitting discretionary release of aliens pending their removal hearings" would result in "large numbers" of aliens "skipping their hearings and remaining at large in the United States unlawfully." *Id.* at 528.

In the same vein, *Demore* emphasized that "the period of detention at issue in *Zadvydas* was 'indefinite' and 'potentially permanent,'" whereas detention under §1226(c) pending removal proceedings "is of a much shorter duration" and "ha[s] a definite termination point." *Demore*, <u>538 U.S. at 530</u>.

The same reasons for upholding mandatory detention under §1226(c) apply to §1225(b)(2)(A). Petitioner does not allege that removal is "unattainable," so detention under

14

§1225(b)(2)(A) serves the same legitimate interest recognized by *Demore*—preventing" aliens "from fleeing prior to or during their removal proceedings, thus increasing the change that, if ordered removed, the aliens will be successfully removed." 538 U.S. at 528. As *Buenrostro-Mendez* recognized, "the Department of Justice Inspector General found in 1997 that 'when aliens are released from custody, nearly 90 percent abscond and are not removed from the United States," and "[t]hat situation exists today at a much larger scale." 2026 WL 323330, at *9 (quoting 62 Fed Reg. 10312, 10323 (Mar. 6, 1997)).

Nor is detention under §1225(b)(2)(A) "indefinite" or "permanent." *Demore*, 538 U.S. at 530. As with §1226(c), detention under §1225(b)(2)(A) lasts only for the duration of "a proceeding under section 1229a of this title." 8 U.S.C. §1225(b)(2)(A); *see Jennings*, 583 U.S. at 302-03. While the immigration proceedings remain pending, Petitioner's detention under §1225(b)(2) bears a reasonable relation to the legitimate purposes that the Fifth Circuit identified in *Demore*.

District courts around the country have dismissed due process concerns in similar contexts. *See Calderon Lopez v. Lyons*, No. 1:25-CV-226-H, 2026 WL 44683 (N.D. Tex. Jan. 7, 2026) (Hendrix, J.) (holding that nothing in the INA or Due Process Clause contradicts mandatory detention of applications for admission without bond under § 1225); *Gutierrez Sosa v. Holt*, No. CIV-25-1257-PRW, 2026 WL 36344 (W.D. Okla. Jan. 6, 2026) (Wyrick, J.) (holding that Petitioner is unambiguously governed by § 1225 and his due process claim coming three months after arrest is denied as premature); *Montoya v. Holt*, No. CIV-25-01231-JD, 2025 WL 3733302 (W.D. Okla. Dec. 26, 2025) (Dishman, J) (holding that Petitioner is unambiguously an applicant for admission and that detention without a bond hearing does not violate the Due Process Clause); *A.M. v. Joyce*, No. 2:25-CV-00615-LEW, 2025 WL 3706922 (D. Me. Dec. 22,

15

2025) (Walker, J.) (holding that Petitioner's approximately one-month detention without a prompt bond hearing is consistent with the INA and the Due Process Clause); *Rivera Hernandez v. Noem*, No. 9:25-CV-00326, 2025 WL 3754434 (E.D. Tex. Dec. 19, 2025) (Truncale, J.) (holding that § 1225, as the more specific statute, governs Petitioner's detention, which does not violate due process as it has not been shown to be indefinite); *E.R.J.B. v. Wofford*, No. 1:25-CV-01843-WBS-SCR, 2025 WL 3683118 (E.D. Cal. Dec. 18, 2025) (Shubb, J.) (holding that because § 1225 authorizes mandatory detention and is silent on bond hearings, due process is satisfied by the statutory scheme itself); *Coronado v. Sec'y, DHS*, No. 1:25-CV-831, 2025 WL 3628229 (S.D. Ohio Dec. 15, 2025) (Cole, J.) (holding that because Petitioner was never lawfully admitted, detention is governed by § 1225 and bond hearings are unavailable as a matter of statute and due process); *Ugarte-Arenas v. Olson*, No. 25-C-1721, 2025 WL 3514451 (E.D. Wis. Dec. 8, 2025) (Griesbach, J.) (holding that Petitioner, as an applicant for admission, is properly detained without a bond hearing under § 1225, which does not violate Due Process Clause); *Jimenez v. Thompson*, No. 4:25-CV-05026, 2025 WL 3265493 (S.D. Tex. Nov. 24, 2025) (Eskridge, J.) (rejecting Petitioners argument that mandatory detention without bond hearing violates substantive due process); *Rojas v. Olson*, No. 25-cv-1437, 2025 WL 3033967 (E.D. Wis. Oct. 30, 2025) (Ludwig, J.) ((holding that Petitioner is an applicant for admission despite his prior bond and that his detention does not violate Due Process because it is limited to the conclusion of his removal proceedings).

Petitioner in this case has not established that his detention during removal proceedings violates due process. Petitioner's claim that detention during removal proceedings will be unconstitutionally prolonged is speculative.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

16

"A person seeking habeas relief must first exhaust available administrative remedies." *Hinojosa v. Horn*, <u>896 F. 3d 305, 314</u> (5th Cir. 2018)(citing, *United States v. Cleto*, <u>956 F.2d 83, 84</u> (5th Cir. 1992) (per curiam)). Exhaustion has been a long-standing prerequisite to habeas relief. *Id.*

There are approximately 3.74 million cases pending in immigration court. See, <u>https://www.justice.gov/eoir/pr/eoir-announces-significant-immigration-court-milestones</u> (Sept. 4, 2025). Federal district courts are not intended nor equipped to be the reviewing court for all immigration bond determinations or decisions related to the institution of removal proceedings. <u>8 USC § 1226(e)</u> (district courts do not have jurisdiction to review discretionary decisions made by immigration judges regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole). "Challenges to removal proceedings, the government's evidence, and the merits of asylum claims are properly addressed to the immigration court and should be administratively exhausted before presenting in district court. *Hinojosa*, <u>896 F. 3d at 314</u> (5th Cir. 2018); *see Cortez v. Lynch*, No. 1:25-CV-822, <u>2026 WL 82039</u> (S.D. Ohio Jan. 12, 2026) (McFarland, J.) (declining to review Petitioner's detention-based claims due to his failure to exhaust administrative remedies); *Pastor v. Dir. of Detroit Field Off.*, No. 4:25-CV-02761, <u>2025 WL 3746495</u> (N.D. Ohio Dec. 24, 2025) (Calabrese, J.) (holding that Petitioner must first pursue challenge before BIA for exhaustion and that such exhaustion is not futile); *Bartolon v. Bondi*, No. 1:25-CV-747, <u>2025 WL 3674604</u> (S.D. Ohio Dec. 18, 2025) (McFarland, J.) (holding that Petitioner's failure to exhaust claims with BIA precluded judicial review of habeas claims); *Garibay-Robledo v. Noem*, No. 1:25-CV-177-H, <u>2025 WL 3264482</u> (N.D. Tex. Oct. 24, 2025) (Hendrix, J.) (holding that Petitioner does not demonstrate grounds for excusing exhaustion and must first advance his request for relief to BIA).

17

Petitioner has either chosen not to seek bond before the immigration court, or Petitioner has received a bond determination from an immigration judge that Petitioner contests. Either way Petitioner must first seek relief with the immigration court or the BIA, fully exhausting administrative remedies before coming to this Court.

## APA CHALLENGES MAY NOT BE ASSERTED AS HABEAS PETITIONS

In this proceeding, Petitioners expressly challenge their civil detention. *See, e.g.*, ECF 1. Such a challenge must be brought in the form of a petition for a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that when a detainee "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"); *see also, e.g.*, *Miller v. Commw. of Pa.*, 588 F. App'x 96, 97 n.1 (3d Cir. 2014) ("Relief in the form of . . . release from custody indicates a challenge to 'the very fact or duration of [one's] physical imprisonment' and may be sought *only* through a petition for a writ of habeas corpus[.]" (emphasis added) (quoting *Preiser*, 411 U.S. at 500)). Put simply, "release from ICE custody . . . is a remedy that is *only* available through a habeas petition." *Armando C. G. v. Tsoukaris*, No. 20-5652, 2020 WL 4218429, at *7 (D.N.J. July 23, 2020) (emphasis added).

Petitioner purports to assert a claim under the Administrative Procedure Act ("APA")—a civil claim. This they may not do.

First when review of an agency action is sought "under the general review provisions of the APA, the 'agency action' in question must be 'final agency action.'" Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 882 (1990) (quoting 5 U.S.C. § 704) ("Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject

18

to judicial review") (emphasis added). "Agency action must meet two conditions to be final: (1) 'the action must mark the 'consummation' of the agency's decisionmaking process' and (2) 'the action must be one by which 'rights or obligations have been determined,' or from which 'legal consequences will flow.'" Patterson v. Def. POW/MIA Acct. Agency, 343 F. Supp. 3d 637, 651 (W.D. Tex. 2018) (citing Am. Airlines, Inc. v. Herman, 176 F.3d 283, 287 (5th Cir. 1999)). If, as in this case, there is no final agency action, federal courts lack subject matter jurisdiction. Qureshi v. Holder, 663 F.3d 778, 781 (5th Cir. 2011).

*Qureshi* is relevant and binding precedent on this Court. *Qureshi* affirmed dismissal of an APA challenge to USCIS's termination of asylum, finding that termination of asylum is not a final agency action because it is "only an intermediate step in a multi-stage administrative process, succeeded (or accompanied) by removal proceedings." 663 F.3d at 781. The Court noted that "the IJ and BIA lack jurisdiction to review asylum terminations, they both retain the power to halt removal proceedings altogether, either by an alien's successful contest to removability . . . or by a successful new asylum application . . ." Id.

Petitioner is in removal proceedings, and thus the immigration court and the BIA retain authority to grant relief or order removal in this case, thereby demonstrating that "further administrative relief" is available and his detention is not the final decision in ICE or EOIR's decision making process. *See* 8 U.S.C. § 1229a; *see also* 8 C.F.R. § 1003.1.

Two district courts within the Fifth Circuit have applied *Qureshi's* reasoning regarding agency decisions in the immigration detention context. *See Santiago Santiago v Noem*, 3:25-CV-361-KC, 2025 WL 2792588 at *5-6 (W.D. Tex. Oct. 2, 2025) (finding no jurisdiction to rule on an APA claim due to lack of final agency decision); *Bhatia v. United States*, No. 16-cv-11, 2016 WL 6127799, at *2 (S.D. Miss. Sept. 19, 2016), *report and recommendation adopted*, 2016 WL

19

6126666 (Oct. 20, 2016) (citing *Qureshi*, <u>663 F.3d at 781</u>). Another district court also held that detention was not a final agency decision. *See Gamez Lira v. Noem*, No. 25-cv-855, <u>2025 WL 2581710</u>, at *4 (D.N.M. Sept. 5, 2025).

Further, a civil APA claim is not cognizable in the habeas context. *See, e.g.*, *Mesina v. Wiley*, <u>352 F. App'x 240, 241-42</u> (10th Cir. 2009) (holding that petition asserting APA claim "does not state a habeas claim").

Lastly, Petitioner did not pay the filing fee for non-habeas claims. *See Ndudzi v. Castro*, No. SA–20–CV–0492–JKP, <u>2020 WL 3317107</u> at *2 (W.D. Tex. June 18, 2020) (citing <u>28 U.S.C. § 1914(a)</u>). "When a filing contains both habeas and on-habeas claims, 'the district court should separate the claims and decide the [non-habeas] claims' separately from the habeas ones given the differences between the two types of claims. *Id* (collecting cases and further noting the "vast procedural differences between the two types of actions"). Given the differences, the Court should either sever the non-habeas claims or dismiss them altogether without prejudice if severance is not warranted. *Id.* at *3.

## STAYS AND ORDERS NOT TO TRANSFER

The Court in this case entered an order staying removal. That order should be vacated. The Fifth Circuit recently stated in an unpublished decision that district courts lack jurisdiction to enter stays of removal. *Imran v. Harper*, No. 25-30370, <u>2026 WL 93131</u> (5th Cir. 2026).

## CONCLUSION

The concerns expressed by district courts in the Western District of Texas in earlier rulings have been decided by the Fifth Circuit Court of Appeals and are pending before federal appellate courts in other circuits. This Court should follow the Fifth Circuit's reasoning in *Buenrostro*. The orderly legal administration of this issue is now properly before the federal appellate courts. This

20

Court can trust that the issue will be decided in accordance with proper jurisprudence and the expedience that questions of detention deserve. Respondents respectfully request that the Court deny this petition.

Dated: February 20, 2026

Respectfully submitted,

Justin R. Simmons
United States Attorney

By: /s/ *Sequetha R. Simmons*

Sequetha R. Simmons
Special Assistant United States Attorney
Louisiana Bar No. 33372
125 E. John Carpenter Fwy., Suite 500
Irving, Texas 75062
(214) 231-4400 (phone)
Sequetha.R.Simmons@dhs.gov

By: /s/ *Fidel Esparza, III*

Fidel Esparza, III
Assistant United States Attorney
Texas Bar No. 24073776
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216
(210) 384-7026 (phone)
(210) 384-7358 (fax)
Fidel.Esparza@usdoj.gov

Attorneys for Federal Respondents

21

DEPARTMENT OF HOMELAND SECURITY

# NOTICE TO APPEAR

DOB: 03/12/1990

Event No: AUS2611000314

**In removal proceedings under section 240 of the Immigration and Nationality Act:**

Subject ID: ▓▓▓▓

FINS: 1389845772

File No: ▓▓▓▓ 782

In the Matter of:

Respondent: MIGUEL ANGEL GOMEZ-ALVARADO      currently residing at:

1001 WELCH STREET TAYLOR, TEXAS 76574      (512) 218-2400

(Number, street, city, state and ZIP code)      (Area code and phone number)

☐ You are an arriving alien.

☒ You are an alien present in the United States who has not been admitted or paroled.

☐ You have been admitted to the United States, but are removable for the reasons stated below.

GOVERNMENT EXHIBIT

A

The Department of Homeland Security alleges that you:

1. You are not a citizen or national of the United States;

2. You are a native of HONDURAS and a citizen of HONDURAS;

3. You entered the United States at or near unknown place, on or about unknown date;

4. You were not then admitted or paroled after inspection by an Immigration Officer.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

212(a)(6)(A)(i) of the Immigration and Nationality Act, as amended, in that you are an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to:    ☐ 8CFR 208.30    ☐ 8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

566 Veterans Drive, PEARSALL, TEXAS 78061. T. DON HUTTO RESIDENTIAL

(Complete Address of Immigration Court, including Room Number, if any)

on December 4, 2025 at 9:00 am    to show why you should not be removed from the United States based on the

(Date)      (Time)

charge(s) set forth above.      JOSEPH DILLARD - Deportation Officer

(Signature and Title of Issuing Officer)

Date: November 13, 2025      PFLUGERVLLE, TX

(City and State)

DHS Form I-862 (6/22)      Page 1 of 3

Allegations: Admits all | Charges: Concedes all - sustained
Designated Country: HONDURAS |

## Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are in removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 1003.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents that you desire to have considered in connection with your case. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing. At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear, including that you are inadmissible or removable. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge. You will be advised by the immigration judge before whom you appear of any relief from removal for which you may appear eligible including the privilege of voluntary departure. You will be given a reasonable opportunity to make any such application to the immigration judge.

**One-Year Asylum Application Deadline:** If you believe you may be eligible for asylum, you must file a Form I-589, Application for Asylum and for Withholding of Removal. The Form I-589, Instructions, and information on where to file the Form can be found at **www.uscis.gov/i-589**. Failure to file the Form I-589 within one year of arrival may bar you from eligibility to apply for asylum pursuant to section 208(a)(2)(B) of the Immigration and Nationality Act.

**Failure to appear:** You are required to provide the Department of Homeland Security (DHS), in writing, with your full mailing address and telephone number. You must notify the Immigration Court and the DHS immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the DHS.

**Mandatory Duty to Surrender for Removal:** If you become subject to a final order of removal, you must surrender for removal to your local DHS office, listed on the internet at **http://www.ice.gov/contact/ero**, as directed by the DHS and required by statute and regulation. Immigration regulations at 8 CFR 1241.1 define when the removal order becomes administratively final. If you are granted voluntary departure and fail to depart the United States as required, fail to post a bond in connection with voluntary departure, or fail to comply with any other condition or term in connection with voluntary departure, you must surrender for removal on the next business day thereafter. If you do not surrender for removal as required, you will be ineligible for all forms of discretionary relief for as long as you remain in the United States and for ten years after your departure or removal. This means you will be ineligible for asylum, cancellation of removal, voluntary departure, adjustment of status, change of nonimmigrant status, registry, and related waivers for this period. If you do not surrender for removal as required, you may also be criminally prosecuted under section 243 of the Immigration and Nationality Act.

**U.S. Citizenship Claims:** If you believe you are a United States citizen, please advise the DHS by calling the ICE Law Enforcement Support Center toll free at (855) 448-6903.

**Sensitive locations:** To the extent that an enforcement action leading to a removal proceeding was taken against Respondent at a location described in 8 U.S.C. § 1229(e)(1), such action complied with 8 U.S.C. § 1367.

### Request for Prompt Hearing

To expedite a determination in my case, I request this Notice to Appear be filed with the Executive Office for Immigration Review as soon as possible. I waive my right to a 10-day period prior to appearing before an immigration judge and request my hearing be scheduled.

Before: _____

_____
*(Signature of Respondent)*

_____
*(Signature and Title of Immigration Officer)*

Date: _____

### Certificate of Service

This Notice To Appear was served on the respondent by me on <u>**November 13, 2025**</u>, in the following manner and in compliance with section 239(a)(1) of the Act.

[X] in person  [ ] by certified mail, returned receipt # _____ requested  [ ] by regular mail

[ ] Attached is a credible fear worksheet.

[X] Attached is a list of organization and attorneys which provide free legal services.

The alien was provided oral notice in the <u>**SPANISH**</u> language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____
*(Signature of Respondent if Personally Served)*

**BARBARA QUINN - Deportation Officer**

_____
*(Signature and Title of officer)*

DHS Form I-862 (6/22)

Page 2 of 3

EOIR - 2 of 3

Allegations: Admits all | Charges: Concedes all - sustained
Designated Country: HONDURAS |

**Privacy Act Statement**

**Authority:**

The Department of Homeland Security through U.S. Immigration and Customs Enforcement (ICE), U.S Customs and Border Protection (CBP), and U.S. Citizenship and Immigration Services (USCIS) are authorized to collect the information requested on this form pursuant to Sections 103, 237, 239, 240, and 290 of the Immigration and Nationality Act (INA), as amended (8 U.S.C. 1103, 1229, 1229a, and 1360), and the regulations issued pursuant thereto.

**Purpose:**

You are being asked to sign and date this Notice to Appear (NTA) as an acknowledgement of personal receipt of this notice. This notice, when filed with the U.S. Department of Justice's (DOJ) Executive Office for Immigration Review (EOIR), initiates removal proceedings. The NTA contains information regarding the nature of the proceedings against you, the legal authority under which proceedings are conducted, the acts or conduct alleged against you to be in violation of law, the charges against you, and the statutory provisions alleged to have been violated. The NTA also includes information about the conduct of the removal hearing, your right to representation at no expense to the government, the requirement to inform EOIR of any change in address, the consequences for failing to appear, and that generally, if you wish to apply for asylum, you must do so within one year of your arrival in the United States. If you choose to sign and date the NTA, that information will be used to confirm that you received it, and for recordkeeping.

**Routine Uses:**

For United States Citizens, Lawful Permanent Residents, or individuals whose records are covered by the Judicial Redress Act of 2015 (5 U.S.C. § 552a note), your information may be disclosed in accordance with the Privacy Act of 1974, 5 U.S.C. § 552a(b), including pursuant to the routine uses published in the following DHS systems of records notices (SORN): DHS/USCIS/ICE/CBP-001 Alien File, Index, and National File Tracking System of Records, DHS/USCIS-007 Benefit Information System, DHS/ICE-011 Criminal Arrest Records and Immigration Enforcement Records (CARIER), and DHS/ICE-003 General Counsel Electronic Management System (GEMS), and DHS/CBP-023 Border Patrol Enforcement Records (BPER). These SORNs can be viewed at https://www.dhs.gov/system-records-notices-sorns. When disclosed to the DOJ's EOIR for immigration proceedings, this information that is maintained and used by DOJ is covered by the following DOJ SORN: EOIR-001, Records and Management Information System, or any updated or successor SORN, which can be viewed at https://www.justice.gov/opcl/doj-systems-records. Further, your information may be disclosed pursuant to routine uses described in the abovementioned DHS SORNs or DOJ EOIR SORN to federal, state, local, tribal, territorial, and foreign law enforcement agencies for enforcement, investigatory, litigation, or other similar purposes.

For all others, as appropriate under United States law and DHS policy, the information you provide may be shared internally within DHS, as well as with federal, state, local, tribal, territorial, and foreign law enforcement; other government agencies; and other parties for enforcement, investigatory, litigation, or other similar purposes.

**Disclosure:**

Providing your signature and the date of your signature is voluntary. There are no effects on you for not providing your signature and date; however, removal proceedings may continue notwithstanding the failure or refusal to provide this information.

EOIR – 3 of 3

DHS Form I-862 (6/22)

GOVERNMENT EXHIBIT

B

U.S. Department of Homeland Security     Subject ID : 400685228          **Record of Deportable/Inadmissible Alien**

| Family Name (CAPS) | First | Middle | | Sex | Hair | Eyes | Cmplxn |
|---|---|---|---|---|---|---|---|
| GOMEZ-ALVARADO, MIGUEL ANGEL | | | | M | BLK | BRO | MED |

| Country of Citizenship | Passport Number and Country of Issue | | Height | Weight | Occupation |
|---|---|---|---|---|---|
| HONDURAS | ▮▮▮782 | | 66 | 180 | LABORER |

| U.S. Address | | Scars and Marks |
|---|---|---|
| 1001 WELCH STREET TAYLOR, TEXAS, 76574, UNITED STATES | | See Narrative |

| Date, Place, Time, and Manner of Last Entry | Passenger Boarded at | ☐ Single |
|---|---|---|
| Unknown Date Unknown Time, UNK, WI-Without Inspection | | ☐ Divorced ☐ Married  ☐ Widower ☐ Separated |

| Number, Street, City, Province (State) and Country of Permanent Residence | Method of Location/Apprehension |
|---|---|
| FAILED TO PROVIDE ADDRESSHONDURAS | NCA |

| Date of Birth | | Date of Action | Location Code | At/Near | Date/Hour |
|---|---|---|---|---|---|
| Age: 35 | | 11/13/2025 | AUS/SNA | See I-831 | 11/13/2025 09:27 |

| City, Province (State) and Country of Birth | AR ☒ | Form : (Type and No.) Lifted ☐ Not Lifted ☐ | By |
|---|---|---|---|
| HONDURAS | | | JE4022 MOODY |

| NIV Issuing Post and NIV Number | Social Security Account Name | Status at Entry | Status When Found |
|---|---|---|---|
| | | | |

| Date Visa Issued | Social Security Number | Length of Time Illegally in U.S. |
|---|---|---|
| | | |

| Immigration Record | Criminal Record |
|---|---|
| NEGATIVE | See Narrative |

| Name , Address, and Nationality of Spouse (Maiden Name, if Appropriate) | Number and Nationality of Minor Children |
|---|---|
| | None |

| Father's Name, Nationality, and Address, if Known | Mother's Present and Maiden Names, Nationality, and Address, if Known |
|---|---|
| | |

| Monies Due/Property in U.S. Not in Immediate Possession | Fingerprinted? ☒ Yes ☐ No | Systems Checks See Narrative | Charge Code Words(s) |
|---|---|---|---|
| None Claimed | | | See Narrative |

| Name and Address of (Last)(Current) U.S. Employer | Type of Employment | Salary | Employed from/to |
|---|---|---|---|
| | Unemployed or Retired | Hr | |

Narrative (Outline particulars under which alien was located/apprehended. Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative and/or criminal violation. Indicate means and route of travel to interior.)

Left Index fingerprint                Right Index fingerprint

FAMILY INFORMATION
-------------------
Father:Subject has not provided information for Father.
Mother:Subject has not provided information for Mother.
Spouse:Subject is not married.
Child:Subject does not have children or dependents.

SCARS MARKS AND TATTOOS
------------------------
None Visible - NONE VISIBLE ...(CONTINUED ON I-831)

                                        BARBARA QUINN
                                        Deportation Officer
Alien has been advised of communication privileges _____ (Date/Initials)     (Signature and Title of Immigration Officer)

| Distribution: | Received: (Subject and Documents)  (Report of Interview) |
|---|---|
| FILE | Officer: BARBARA QUINN |
| | on: November 13, 2025                      (time) |
| | Disposition: Warrant of Arrest/Notice to Appear |
| | Examining Officer:   DILLARD, J. 9361 |

Form I-213 (Rev. 08/01/07)

U.S. Department of Homeland Security

**Continuation Page for Form** I-213

| Alien's Name | File Number | Date |
|---|---|---|
| GOMEZ-ALVARADO, MIGUEL ANGEL | ████ 782 | 11/13/2025 |
| | Event No: ████ | |

**SUBJECT HEALTH STATUS**
--------------------
The subject claims good health.

**CURRENT ADMINISTRATIVE CHARGES**
---------------------------------
11/13/2025 - 212a6Ai - ALIEN PRESENT WITHOUT ADMISSION OR PAROLE - (PWAs)

**RECORDS CHECKED**
-----------------
ABIS checked on 11/13/2025 with Negative result.TECS checked on 11/13/2025 with Negative result.CIS checked on 11/13/2025 with Negative result.EARM checked on 11/13/2025 with Negative result.

**ARRESTED AT/NEAR**
------------------
1042 SH-195, FLORENCE, TEXAS, 76527, UNITED STATES

**RECORD OF DEPORTABLE/EXCLUDABLE ALIEN:**
-----------------------------------------
**ENCOUNTER/ARREST:**
On November 13, 2025, at approximately 0729 hours, Fugitive Operations Team (FOT) was contacted by Texas Department of Public Safety (TX DPS) who stated they were requesting ICE's assistance in identifying 2 subjects who had been stopped for a traffic violation. TX DPS provided DO Jones with 2 Honduran ID cards. Record checks revealed the subjects are ████ and GOMEZ-Alvarado, Miguel Angel, both citizens and nationals of Honduras with no legal immigration status. DO Moody responded to the stop location. DO Moody identified himself as an Immigration Officer with Immigration and Customs Enforcement, Department of Homeland Security, and questioned both subjects as to their immigration status. Both subjects stated they are citizens and nationals of Honduras without any immigration documents allowing them to enter, be in or remain in the United States legally. Both subjects were placed in hand restraints, searched for weapons or contraband, taken into custody, and transported to the ICE/ERO Austin Resident Office for processing. An ICE Officer processed and searched subject in the EAGLE/IDENT/IAFIS database under event number ████

**ENTRY DATA:**
Records checks, biometric responses, and statements made by the subject revealed that he illegally entered the United States by foot, at or near an Unknown Location, on or about an Unknown Date. To wit, he was not admitted, inspected, or paroled into the United States by an immigration official nor did he present himself at a designated port of entry for inspection. subject is not in possession of any lawfully issued documents to enter, remain in, or pass through the United States.

**ALIENAGE and REMOVABILTY:**
Records checks, biometric responses, identification documents, and statements made by subject revealed that he is a citizen and national of Honduras by virtue of birth who is removable pursuant to section 212(a)(6)(A)(i) of the INA. To wit, subject is an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.

**IMMIGRATION HISTORY:**
████ 782

**CRIMINAL HISTORY:**

| Signature | Title |
|---|---|
| BARBARA QUINN | Deportation Officer |

___2___ of ___3___ Pages

Form I-831 Continuation Page (Rev. 08/01/07)

**U.S. Department of Homeland Security**                    **Continuation Page for Form** I-213

| Alien's Name<br>GOMEZ-ALVARADO, MIGUEL ANGEL | File Number<br>782 | Date<br>11/13/2025 |
|---|---|---|

FBI: 594934WG9

HEALTH/HUMANITARIAN:
Subject appears and claims to be in good health. There are no claimed or apparent circumstances that affect a custody determination. PCQS checks show no petitions or applications for relief pending for subject.

CONSULAR NOTIFICATION and TELEPHONE CALL:
An ICE Officer notified subject of his right to communicate with a Consular Officer from his country as per article 36(1)(b) of the Vienna Convention on Consular Relations. An ICE Officer afforded subject the opportunity to make a personal call.

FEAR CLAIM/GANG AFFILIATION/MILITARY HISTORY
Subject expressed no fear in returning to his native country of Honduras.
Subject denies any gang affiliation and there is no evidence to indicate otherwise.
Subject claims no ties or any family member ever serving in the US Military.

DNA COLLECTION:
Subject's DNA WAS COLLECTED ██████████ IN CODIS.

PROPERTY:
Subject has $0.00USD in the form of cash on his person. Subject also had personal effects in his possession upon arrival at SNA/CAP for which a receipt was given on DHS Form I77 #0441685.

WANTS/WARRANTS:
Records checks and biometric responses indicate that there are no wants or warrants for the subject.

DISPOSITION:
On November 13, 2025, the subject was processed as a WA/NTA and forms I-200, I-826, I-286, I-862, and a list of free legal services were executed and served. The subject is removable pursuant to Section 212(a)(6)(A)(i) of the INA. The subject will be held at the T. Don Hutto Detention Center pending his hearing before an Immigration Judge.

OTHER IDENTIFYING NUMBERS
-----------------------------------
██████████ 782
Foreign Identification Number- ██████████ (HONDURAS)

| Signature<br>BARBARA QUINN | Title<br>Deportation Officer |
|---|---|

3 of 3 Pages

Form I-831 Continuation Page (Rev. 08/01/07)

**U.S. Department of Justice**
Executive Office for Immigration Review
*Immigration Court*

GOVERNMENT
EXHIBIT
C

OMB#1125-0006

**Notice of Entry of Appearance as Attorney or
Representative Before the Immigration Court**

---

**(Type or Print)**
**NAME AND ADDRESS OF REPRESENTED PARTY**

| MIGUEL | A | GOMEZ ALVARADO |
|---|---|---|
| (First) | (Middle Initial) | (Last) |

1001 WELCH STREET

| (Number and Street) | | (Apt. No.) |

| TAYLOR | | TX | 76574 |
|---|---|---|---|
| (City) | | (State) | (Zip Code) |

**A-NUMBER**
(Provide Alien ("A") number of the party represented in this case.)

█████782

**Entry of appearance for**
(please check one of the following):

- [✓] All proceedings
- [ ] Custody and bond proceedings only
- [ ] All proceedings other than custody and bond proceedings

---

**Attorney or Representative (please check one of the following):**

- [✓] I am an attorney eligible to practice law in, and a member in good standing of, the bar of the highest court(s) of the following states(s), possession(s), territory(ies), commonwealth(s), or the District of Columbia (use additional space on reverse side if necessary), and I am not subject to any order disbarring, suspending, enjoining, restraining or otherwise restricting me in the practice of law in any jurisdiction (if subject to such an order, do not check this box and explain on reverse).

   **Full Name of Court** Massachusetts     **Bar Number (if applicable)** 565811

- [ ] I am a representative accredited to appear before the Executive Office for Immigration Review as defined in 8 C.F.R. § 1292.1(a)(4) with the following recognized organization: _____

- [ ] I am a law student or law graduate of an accredited U.S. law school as defined in 8 C.F.R. § 1292.1(a)(2).

- [ ] I am a reputable individual as defined in 8 C.F.R. § 1292.1(a)(3) and I am appearing without direct or indirect renumeration. I am providing further information in the Additional Information box below.

- [ ] I am an accredited foreign government official, as defined in 8 C.F.R. § 1291.1(a)(5), from _____ (country).

- [ ] I am a person who was authorized to practice on December 23, 1952, under 8 C.F.R. § 1292.1(b).

---

**Attorney or Representative (please check one of the following):**

- [✓] I hereby enter my appearance as attorney or representative for, and at the request of, the party named above.
- [ ] EOIR has ordered the provision of a Qualified Representative for the party named above and I appear in that capacity.

I have read and understand the statements provided on the reverse side of this form that set forth the regulations and conditions governing appearances and representations before the Immigration Court. By signing this form, I consent to publication of my name and any findings of misconduct by EOIR, should I become subject to any public discipline by EOIR pursuant to the rules and procedures at 8 C.F.R. 1003.101 *et seq.* I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| SIGNATURE OF ATTORNEY OR REPRESENTATIVE | EOIR ID NUMBER | DATE |
|---|---|---|
| X //s//,STEPHEN A LAGANA | FF211450 | 02/03/2026 |

---

**NAME OF ATTORNEY OR REPRESENTATIVE, ADDRESS, FAX & PHONE NUMBERS, & EMAIL ADDRESS**

| Name: STEPHEN | A | LAGANA |
|---|---|---|
| (First) | (Middle Initial) | (Last) |

Law Firm/Organization LAW OFFICES OF STEPHEN A LAGANA

Address: 145 ESSEX ST

(Number and Street)

| LAWRENCE | MA | 01840 |
|---|---|---|
| (City) | (State) | (Zip Code) |

Telephone: ████████     Facsimile: _____     Email: LAGANA.LAW@GMAIL.COM

- [ ] Check here if new address

Form EOIR-28
Rev. Feb. 2025
Exp. 06/30/2028

**Indicate Type of Appearance:** You must designate primary or non-primary unless you are appearing in an "on behalf of" capacity for another attorney for a specific hearing. Only the primary attorney/representative will receive mailings from the Immigration Court. All attorneys/representatives regardless of type of appearance are practitioners of record and are individually responsible as representatives for the respondent. Circumstances may arise that require the Immigration Court to designate a primary and/or switch service of mailings from the primary to a non-primary.

☐ Primary Attorney/Representative          ☑ Non-Primary Attorney/Representative

☐ On behalf of _____ (Attorney's Name) for the following hearing: _____ (Date)

I am providing pro bono representation.  Check one: ☐ yes  ☑ no

---

## Proof of Service

I (Name) _____ mailed, emailed or delivered a copy of this Form EOIR-28 on (Date) _____

to the DHS (U.S. Immigration and Customs Enforcement – ICE) at _____

☑ No service needed. I electronically filed this document, and the opposing party is participating in ECAS.

X //s//,STEPHEN A LAGANA on 2/3/2026, 12:49:31 PM
_____
Signature of Person Serving

---

**APPEARANCES** – A practitioner of record is authorized to appear on behalf of a respondent, to file documents on behalf of a respondent, and to accept service of process of all documents filed in the proceedings before the Immigration Court. *See* 8 C.F.R. § 1003.17(a). An attorney or Accredited Representative (with full accreditation) must register with the EOIR eRegistry in order to practice before the Immigration Court (see 8 C.F.R. § 1292.1(f)).  Registration must be completed online on the EOIR website at www.justice.gov/eoir.  To perform the functions of and become the practitioner of record, the practitioner must file a separate Form EOIR-28 for each represented party in each case before an Immigration Judge (see 8 C.F.R. § 1003.17). A Form EOIR-28 shall be filed either as an electronic form, or as a paper form, as appropriate (for further information, please see the Immigration Court Practice Manual, which is available on the EOIR website at www.justice.gov/eoir). The attorney or representative must check the box indicating whether the entry of appearance is for custody and bond proceedings only, for all proceedings other than custody and bond, or for all proceedings including custody and bond. When an appearance as a practitioner of record is made by a person acting in a representative capacity, his/her personal appearance or signature constitutes a representation that, under the provisions of 8 C.F.R. part 1003, he/she is authorized and qualified to represent individuals and will comply with the EOIR Rules of Professional Conduct in 8 C.F.R. § 1003.102. Thereafter, substitution or withdrawal may be permitted upon the approval of the Immigration Judge of a request by the attorney or practitioner of record in accordance with 8 C.F.R. § 1003.17(b).  Please note that although separate appearances in custody and non-custody proceedings are permitted, appearances for limited purposes within those proceedings – other than for document assistance to an unrepresented or pro se respondent – are not permitted. *See* 8 C.F.R. § 1003.2(g)(1), 1003.38(g)(2); *see also Matter of Velasquez*, 19 I&N Dec. 377, 384 (BIA 1986). A Form EOIR-61, not a Form EOIR-28, is required for the entry of a limited appearance for document assistance on an application, brief, motion, or other document before the Immigration Court. A separate appearance form (Form EOIR-27) must be filed with an appeal to the Board of Immigration Appeals (see 8 C.F.R. § 1003.38(g)). Note: Attorneys and Accredited Representatives (with full accreditation) must first update their address in eRegistry before filing a Form EOIR-28 that reflects a new address.

**FREEDOM OF INFORMATION ACT** – This form may not be used to request records under the Freedom of Information Act or the Privacy Act. The manner of requesting such records is in 28 C.F.R. §§ 16.1-16.11 and appendices. For further information about requesting records from EOIR under the Freedom of Information Act, see How to File a Freedom of Information Act (FOIA) Request With the Executive Office for Immigration Review, available on EOIR's website at https://www.justice.gov/eoir.

**PRIVACY ACT NOTICE** – The information requested on this form is authorized by 8 U.S.C. §§ 1229(a), 1362 and 8 C.F.R. § 1003.17 in order to enter an appearance to represent a party before the Immigration Court. The information you provide is mandatory and required to enter an appearance. Failure to provide the requested information will result in an inability to represent a party or receive notice of actions in a proceeding. EOIR may share this information with others in accordance with approved routine uses described in EOIR's system of records notice, EOIR-001, Records and Management Information System, 69 Fed. Reg. 26,179 (May 11, 2004), or its successors and EOIR-003, Practitioner Complaint-Disciplinary Files, 64 Fed. Reg. 49237 (September 1999). Furthermore, the submission of this form acknowledges that an attorney or representative will be subject to the disciplinary rules and procedures at 8 C.F.R. 1003.101*et seq.*, including, pursuant to 8 C.F.R. §§ 292.3(h)(3), 1003.108(c), publication of the name of the attorney or representative and findings of misconduct should the attorney or representative be subject to any public discipline by EOIR.

**CASES BEFORE EOIR** – Automated information about cases before EOIR is available by calling (800) 898-7180 or (304) 625-2050 or by checking online at https://acis.eoir.justice.gov. For further information, please see the Immigration Court Practice Manual, which is available on the EOIR website at www.justice.gov/eoir.

**ADDITIONAL INFORMATION:** If you are filing this form as a reputable individual as defined in 8 C.F.R. § 1292.1(a)(3), please provide a statement below how you meet that criteria, including that you are appearing on an individual basis at the request of the person entitled to representation and describing your pre-existing relationship or connection to that person.

Under the Paperwork Reduction Act, a person is not required to respond to a collection of information unless it displays a valid OMB control number. We try to create forms and instructions that are accurate, can be easily understood, and which impose the least possible burden on you to provide us with information. The estimated average time to complete this form is six (6) minutes. If you have comments regarding the accuracy of this estimate, or suggestions for making this form simpler, you can write to the Executive Office for Immigration Review, Office of the General Counsel, 5107 Leesburg Pike, Suite 2600, Falls Church, Virginia 22041.

Form EOIR-28
Rev. Feb. 2025
Exp. 06/30/2028

**GOVERNMENT EXHIBIT**

**D**

1. *See Garibay-Robledo v. Noem*, -- F. Supp. 3d --, No. 1:25-CV-177-H, 2026 WL 81679 (N.D. Tex. Jan. 9, 2026) (Hendrix, J.) (holding that Petitioner, as an applicant for admission, is properly detained without bond under § 1225);

2. *Singh v. Noem*, No. 2:25-CV-00157-SCM, 2026 WL 74558 (E.D. Ky. Jan. 9, 2026) (Meredith, J.) (holding that Petitioner, as an applicant for admission, is properly detained without bond under § 1225);

3. *Cruz Rodriguez v. Olson*, -- F. Supp. 3d --, No. 1:25-CV-12961, 2026 WL 63613 (N.D. Ill. Jan. 8, 2026) (Pacold, J.) (holding that Petitioner was an applicant for admission seeking entry and thus subject to mandatory detention without bond);

4. *Calderon Lopez v. Lyons*, No. 1:25-CV-226-H, 2026 WL 44683 (N.D. Tex. Jan. 7, 2026) (Hendrix, J.) (holding that nothing in the INA or Due Process Clause contradicts mandatory detention of applications for admission without bond under § 1225);

5. *Naikpay v. Sukkar*, No. 2:25-CV-1167-KCD-DNF, 2026 WL 44820 (M.D. Fla. Jan. 7, 2026) (Dudek, J.) (holding that alien released on humanitarian parole and later re-apprehended remained an applicant for admission under § 1225);

6. *Azizzadeh v. Rhoney*, No. 25-CV-1288 (JLS), 2026 WL 44324 (W.D.N.Y. Jan. 6, 2026) (Sinatra, Jr., J.) (holding that despite being in the United States, Petitioner is an applicant for admission and no bond hearing is required);

7. *Zuniga v. Lyons*, No. 1:25-CV-221-H, 2025 WL 3755126 (N.D. Tex. Dec. 29, 2025) (Hendrix, J.) (holding that alien residing in U.S. for 25-years remains an applicant for admission and shall be detained by § 1225 without entitlement to a bond hearing);

8. *Montoya v. Holt*, No. CIV-25-01231-JD, 2025 WL 3733302 (W.D. Okla. Dec. 26, 2025) (Dishman, J) (holding that Petitioner is unambiguously an applicant for admission and that detention without a bond hearing does not violate the Due Process Clause);

9. *Masis Lucero, v. Field Office Director of Enforcement and Removal Operations*, No. 1:25-CV-823, 2025 WL 3718730 (S.D. Ohio Dec. 23, 2025) (Cole, J.) (holding that § 1225 applies to noncitizens present in the US but never admitted and requires detention through the end of removal proceedings);

10. *Rivera Hernandez v. Noem*, No. 9:25-CV-00326, 2025 WL 3754434 (E.D. Tex. Dec. 19, 2025) (Truncale, J.) (holding that § 1225, as the more specific statute, governs Petitioner's detention, which does not violate due process as it has not been shown to be indefinite);

11. *E.R.J.B. v. Wofford*, No. 1:25-CV-01843-WBS-SCR, 2025 WL 3683118 (E.D. Cal. Dec. 18, 2025) (Shubb, J.) (holding that because § 1225 authorizes mandatory detention and is silent on bond hearings, due process is satisfied by the statutory scheme itself);

12. *Padilla v. Galovich*, No. 25-CV-865-JDP, 2025 WL 3640960 (W.D. Wis. Dec. 16, 2025) (Peterson, J.) (holding that Petitioner, as an applicant for admission, is not entitled to a bond hearing under § 1225 despite an improper release on bond when he was transferred from expedited removal into asylum proceedings);

13. *Coronado v. Sec'y, DHS*, No. 1:25-CV-831, 2025 WL 3628229 (S.D. Ohio Dec. 15, 2025) (Cole, J.) (holding that because Petitioner was never lawfully admitted, detention is governed by § 1225 and bond hearings are unavailable as a matter of statute and due process);

14. *Liang v. Almodovar*, No. 1:25-cv-09322, 2025 WL 3641512 (S.D.N.Y. Dec. 15, 2025) (Vyskocil, J.)(holding that because no immigration officer has decided that Petitioner is clearly and beyond a doubt entitled to be admitted, he is subject to mandatory detention under § 1225);

15. *P. B. v. Bergami*, No. 3:25-CV-02978-O, 2025 WL 3632752 (N.D. Tex. Dec. 13, 2025) (O'Connor, J.) (holding that Petitioner, still awaiting her asylum hearing, is an application for admission that is seeking admission subject to mandatory detention under § 1225);

16. *Delgado v. Noem*, No. 9:25-CV-00329, 2025 WL 3639439 (E.D. Tex. Dec. 12, 2025) (Truncale, J.) (holding that petitioner is validly detained pending removal proceedings under § 1225 and § 1226 and that habeas was an improper means to challenge custody redetermination decisions);

17. *Garcia v. U.S. Attn'y Gen.*, No. 2:25-CV-1053-KCD-DNF, 2025 WL 3537592 (M.D. Fla. Dec. 10, 2025) (Dudek, J.) (holding that Petitioner, who was apprehended at the border, is an applicant for admission subject to mandatory detention under §1225, and that one month of detention falls below the constitutional threshold for a potential due process violation);

18. *Rodriguez v. Noem*, No. 9:25-CV-00320, 2025 WL 3639440 (E.D. Tex. Dec. 10, 2025) (Truncale, J.) (holding that Petitioner is properly detained without a bond hearing as an applicant for admission subject to § 1225, that § 1226 would only permit a discretionary hearing, and that habeas relief is improper for the alleged procedural violation);

19. *Oliveria v. Albarran*, No. 1:25-CV-01760 WBS AC, 2025 WL 3525923 (E.D. Cal. Dec. 9, 2025) (Shubb, J.) (holding that because § 1225 authorizes mandatory detention and is silent on bond hearings, due process is satisfied by the statutory scheme itself);

20. *Ugarte-Arenas v. Olson*, No. 25-C-1721, 2025 WL 3514451 (E.D. Wis. Dec. 8, 2025) (Griesbach, J.) (holding that Petitioner, as an applicant for admission, is properly detained without a bond hearing under § 1225, which does not violate Due Process Clause);

21. *Melgar v. Bondi*, No. 8:25CV555, 2025 WL 3496721 (D. Neb. Dec. 5, 2025) (Buescher, J.) (holding that Petitioner is properly detained under § 1225, which does not require the alien to be actively seeking admission, even if he may also be subject to § 1226);

22. *Candido v. Bondi*, No. 25-CV-867, 2025 WL 3484932 (W.D.N.Y. Dec. 4, 2025) (Sinatra Jr., J.) (holding that Petitioner is an application for admission that is seeking admission under § 1225 despite having lived illegal within the United States since 2004);

23. *Chen v. Almodovar*, No. 1:25-cv-08350, 2025 WL 3484855 (S.D.N.Y. Dec. 4, 2025) (Vyskocil, J.) (holding that a § 1225 "applicant for admission" includes both arriving aliens and aliens present in the United States that did not enter lawfully);

24. *Topal v. Bondi*, No. 1:25-cv-01612, 2025 WL 3486894 (W.D. La. Dec. 3, 2025) (Doughty, J.) (holding that Petitioner is unlikely to prevail on the merits of his relief because he is an

applicant for admission properly detained under § 1225 that has never received permission to enter the United States);

25. *Cruz v. Noem*, No. 8:25-CV-02566, 2025 WL 3482630 (C.D. Cal. Dec. 2, 2025) (Blumenfeld Jr., J.) (holding that Petitioner's lengthy presence in the United States after failing to present himself for inspection cannot remove him from § 1225's mandatory-detention framework and that he is still "seeking admission");

26. *Suarez v. Noem*, No. 1:25-CV-00202-JMD, 2025 WL 3312168 (E.D. Mo. Nov. 28, 2025) (Divine, J.) (holding that Petitioner is an alien, present in the United States, who has not been admitted, so § 1225 applies to him and detention without a bond hearing is mandatory);

27. *Garcia v. Immigr. & Customs Enf't Dep't of Homeland Sec.*, No. 2:25-CV-1004-KCD-NPM, 2025 WL 3277163 (M.D. Fla. Nov. 25, 2025) (Dudek, J.) (holding that release on recognizance following apprehension at the border does not alter Petitioner's legal classification as an applicant for admission)

28. *Andrade v. Patterson*, No. 6:25-cv-01695, 2025 WL 3252707 (W.D. La. Nov. 21, 2025) (Joseph, J.) (holding that any alien physically present in the United States who has not been admitted is an "applicant for admission," regardless of how long they have been in the country or whether they ever intended to apply or enter properly);

29. *Alonzo v. Noem*, -- F. Supp. 3d --, 2025 WL 3208284 (E.D. Cal. Nov. 17, 2025) (Shubb, J.) (holding that "applicant for admission" is a legal designation for purposes of the removal scheme that covers aliens present in the country but not yet admitted);

30. *Valencia v. Chestnut*, -- F. Supp. 3d --, 2025 WL 3205133 (E.D. Cal. Nov. 17, 2025) (Shubb, J.) (holding that Petitioner is unlikely to succeed on his challenge to the INA and Due Process clause because an "applicant for admission" is a legal designation not a description of present conduct);

31. *Cabanas v. Bondi*, No. 4:25-cv-04830, 2025 WL 3171331 (S.D. Tex. Nov. 13, 2025) (Eskridge, J.) (rejecting Petitioner's argument that she was not "seeking admission" given her decades-long residence in the United States);

32. *Ramos v. Lyons*, No. 2:25-cv-09785, 2025 WL 3199872 (C.D. Cal. Nov. 12, 2025) (Wilson, J.) (holding that § 1225 applies to an alien who is physically present in the United States but not lawfully admitted, regardless of how long they have been physically present here);

33. *Olalde v. Noem*, No. 1:25-cv-00168, 2025 WL 3131942 (E.D. Mo. Nov. 10, 2025) (Divine, J.) (holding that § 1225 does not render the Laken Riley Act superfluous and that Petitioner is detained under § 1225 despite a long-established government practice of detaining under § 1226);

34. *Kum v. Ross*, No. 6:25-CV-00451, 2025 WL 3113646 (W.D. La. Oct. 22, 2025), (Whitehurst, M.J.), *report and recommendation adopted*, 2025 WL 3113644 (W.D. La. Nov. 6, 2025) (Joseph, J.) (holding that since Petitioner, who was detained upon entering the United States, is an applicant for admission under § 1225(b), there is no statutory entitlement to release on bond or to a bond hearing);

35. *Oliveira v. Patterson*, No. 6:25-cv-01463, 2025 WL 3095972 (W.D. La. Nov. 4, 2025) (Joseph, J.) (holding that any alien physically present in the United States who has not been admitted is an "applicant for admission," regardless of how long they have been in the country or whether they intended to apply or enter properly);

36. *Sandoval v. Acuna*, No. 6:25-cv-01467, 2025 WL 3048926 (W.D. La. Oct. 31, 2025) (Joseph, J.) (holding that any alien physically present in the United States who has not been admitted is an "applicant for admission," regardless of how long they have been in the country or whether they intended to apply or enter properly);

37. *Rojas v. Olson*, No. 25-cv-1437, 2025 WL 3033967 (E.D. Wis. Oct. 30, 2025) (Ludwig, J.) ((holding that Petitioner is an applicant for admission despite his prior bond and that his detention does not violate Due Process because it is limited to the conclusion of his removal proceedings);

38. *Chanaguano Caiza v. Scott*, No. 1:25-CV-00500-JAW, 2025 WL 3013081 (D. Me. Oct. 28, 2025) (Woodcock, Jr., J.) (holding that Petitioner is unlikely to succeed on the merits because, upon the automatic expiration of his parole, he was restored to the § 1225 detention status held at the time of parole);

39. *Chavez v. Noem*, -- F. Supp. 3d --, 2025 WL 2730228 (S.D. Cal. Sept. 24, 2025) (Bencivengo, J.) (holding that Petitioner, as an alien present in the United States who has not been admitted, is an applicant for admission subject to mandatory provision under the plain text of § 1225(b)).

# TAB 6

United States District Court
Western District of Texas
Austin Division

MIGUEL ANGEL GOMEZ ALVARADO,

Petitioner,

v.                                                    1:26-CV-00309-DAE

VERGARA, et al.,

Respondents.

**FEDERAL RESPONDENTS' STATUS REPORT
NOTICE OF RELEASE**

Federal Respondents file this status report pursuant to this Court's order dated March 2,
2026, ordering that Respondents, by March 5, 2026, provide details of their compliance with this
court's March 2, 2026, court order. Petitioner was released and paroled from DHS custody on
March 2, 2026. Exh A, parole document.

Respectfully submitted,

Justin R. Simmons
United States Attorney

By:     */s/ Rafael Diaz*
        Rafael Diaz
        Special Assistant United States Attorney
        Texas Bar No. 24094475
        3355 West Alabama
        Houston, Texas 77098
        (218) 605-3220
        Rafael.Diaz@ice.dhs.gov

        */s/ Christina L. Playton*
        Christina L. Playton
        Assistant United States Attorney
        Texas Bar No. 24028652
        601 NW Loop 410, Suite 600
        San Antonio, Texas 78216
        (210) 384-7100 (phone)
        (915) 534-3490
        Christina.Playton@usdoj.gov

        Attorneys for Respondents

1

GOVERNMENT
EXHIBIT

A

**DEPARTMENT OF HOMELAND SECURITY**
U.S. Customs and Border Protection

OMB No. 1651-0111

Welcome to the United States
I-94 Arrival/Departure Record
Instructions

This form must be completed by all persons except U.S. Citizens, returning resident aliens, aliens with immigrant visas, and Canadian Citizens visiting or in transit.

Type or print legibly with pen in ALL CAPITAL LETTERS. Use English. Do not write on the back of this form.

This form is in two parts. Please complete both the Arrival Record (Items 1 through 17) and the Departure Record (Items 18 through 21).

When all items are completed, present this form to the CBP Officer.

Item 9 - If you are entering the United States by land, enter LAND in this space. If you are entering the United States by ship, enter SEA in this space.

5 U.S.C. § 552a(e)(3) Privacy Act Notice: Information collected on this form is required by Title 8 of the U.S. Code, including the INA (8 U.S.C. 1103, 1187), and 8 CFR 235.1, 264, and 1235.1. The purposes for this collection are to give the terms of admission and document the arrival and departure of nonimmigrant aliens to the U.S. The information solicited on this form may be made available to other government agencies for law enforcement purposes or to assist DHS in determining your admissibility. All nonimmigrant aliens seeking admission to the U.S., unless otherwise exempted, must provide this information. Failure to provide this information may delay your entry to the United States and result in your removal.

CBP Form I-94 (05/08)

OMB No. 1651-0111

**Arrival Record**

Admission Number

883302100 33

PAROLED
Until 03/01/2027
Purpose: INA 212(d)(5)

3/02/26 TAYLOR, TX 77719M
(Date) (Location) (Officer)

1. Family Name
GOMEZ-ALVARADO

2. First (Given) Name
MIGUEL-Angel

3. Birth Date (DD/MM/YY)

4. Country of Citizenship

5. Sex (Male or Female)

6. Passport Issue Date (DD/MM/YY)

7. Passport Expiration Date (DD/MM/YY)

8. Passport Number

9. Airline and Flight Number

10. Country Where You Live

11. Country Where You Boarded

12. City Where Visa Was Issued

13. Date Issued (DD/MM/YY)

14. Address While in the United States (Number and Street)

15. City and State

16. Telephone Number in the U.S. Where You Can be Reached

17. Email Address

CBP Form I-94 (05/08)

**DEPARTMENT OF HOMELAND SECURITY**
U.S. Customs and Border Protection

OMB No. 1651-0111

**Departure Record**

Admission Number

883302100 33

PAROLED
Until 03/01/2027
Purpose: INA 212(d)(5)

3/02/26 TAYLOR, TX 77719M
(Date) (Location) (Officer)

18. Family Name
GOMEZ-ALVARADO

19. First (Given) Name
MIGUEL-Angel

20. Birth Date (DD/MM/YY)

21. Country of Citizenship

CBP Form I-94 (05/08)

See Other Side

STAPLE HERE

# Villegas Angel
# No. 26-50219

# TAB 1

Query    Reports    Utilities    Help    Log Out

APPEAL

## U.S. District Court [LIVE]
## Western District of Texas (Austin)
## CIVIL DOCKET FOR CASE #: 1:26-cv-00384-DAE

Villegas Angel v. Noem et al
Assigned to: Judge David A. Ezra
Cause: 28:2241 Petition for Writ of Habeas Corpus (federa

Date Filed: 02/18/2026
Jury Demand: None
Nature of Suit: 463 Habeas Corpus - Alien Detainee
Jurisdiction: U.S. Government Defendant

**Petitioner**

**Alejandro Villegas Angel**

represented by **Patricio Garza Izaguirre**
Garza & Narvaez, PLLC
7600 Chevy Chase Dr., Suite 118
Austin, TX 78752
512-485-3005
Fax: 512 992 1656
Email: patricio@garzanarvaez.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Kristi Noem**
*Secretary of the United States Department of Homeland Security*

represented by **Lacy L. McAndrew**
DOJ-USAO
US Attorney's Office
601 NW Loop 410
Suite 600
San Antonio, TX 78216
210-384-7340
Email: lacy.mcandrew@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mary F. Kruger**
United States Attorneys Office
Chief, Civil Division
601 NW Loop 410, Suite 600
San Antonio, TX 78216
210-384-7300
Fax: 210/384-7322
Email: mary.kruger@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christina Laura Playton**
United States Attorney's Office

610 NW Loop 410, Suite 600
San Antonio, TX 78216
210-384-7120
Email: christina.playton@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Gerald Richard Krimbill**
DOJ-USAO
601 NW Loop 410
Ste 600
San Antonio, TX 78216
210-384-7240
Email: jerry.krimbill@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**Pamela Bondi**
*United States Attorney General*

represented by **Christina Laura Playton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Gerald Richard Krimbill**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mary F. Kruger**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Miguel Vergara**
*San Antonio Field Office Director for Enforcement and Removal, U.S. Immigration and Customs Enforcement, Department of Homeland Security*

represented by **Christina Laura Playton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Gerald Richard Krimbill**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mary F. Kruger**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Charlotte Collins**
*Warden, T. Don Hutto Detention Center, Taylor, Texas*

**Defendant**

**United States Department of Homeland Security**

represented by **Christina Laura Playton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Gerald Richard Krimbill**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Mary F. Kruger**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**United States Immigration and Customs Enforcement**

represented by **Christina Laura Playton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Gerald Richard Krimbill**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mary F. Kruger**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Executive Office For Immigration Review**

represented by **Christina Laura Playton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Gerald Richard Krimbill**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mary F. Kruger**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/18/2026 | 1 | Petition for Writ of Habeas Corpus ( Filing fee $ 5 receipt number ATXWDC-21416256), filed by Alejandro Villegas Angel. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit, # 3 Exhibit)(Garza Izaguirre, Patricio) (Entered: 02/18/2026) |
| 02/18/2026 | | Case assigned to Judge David A. Ezra. CM WILL NOW REFLECT THE JUDGE INITIALS AS PART OF THE CASE NUMBER. PLEASE APPEND THESE JUDGE INITIALS TO THE CASE NUMBER ON EACH DOCUMENT THAT YOU FILE IN THIS CASE. (lme) (Entered: 02/19/2026) |
| 02/18/2026 | | If ordered by the court, all referrals and consents in this case will be assigned to Magistrate Judge Lane. (lme) (Entered: 02/19/2026) |
| 02/18/2026 | 2 | STANDING ORDER (dated 02/06/2025) REFERRING CASE to Magistrate Judge Mark Lane. Signed by Judge David A. Ezra. (lme) (Entered: 02/19/2026) |
| 02/20/2026 | 3 | ORDER TO SHOW CAUSE AS TO RESPONDENTS. Show Cause Response due by 2/24/2026. Signed by Judge David A. Ezra. (cnr) (Entered: 02/20/2026) |
| 02/20/2026 | | CASE NO LONGER REFERRED to Magistrate Judge Mark Lane. (cnr) (Entered: 02/20/2026) |

| 02/20/2026 | 4 | Certified Mailing of 1 Petition for Writ of Habeas Corpus, 3 Order to Show Cause to Respondents. (cnr) (Entered: 02/20/2026) |
|---|---|---|
| 02/24/2026 | 5 | RESPONSE *TO PETITION FOR WRIT OF HABEAS CORPUS CONSIDERING RECENT FIFTH CIRCUIT PRECEDENT* by Pamela Bondi, Executive Office For Immigration Review, Kristi Noem, United States Department of Homeland Security, United States Immigration and Customs Enforcement, Miguel Vergara. (Attachments: # 1 Exhibit A) (Krimbill, Gerald) (Entered: 02/24/2026) |
| 02/26/2026 | 6 | Memorandum in Support of 1 Petition for Writ of Habeas Corpus *and reply to Respondent's response 5 ,* by Alejandro Villegas Angel. (Garza Izaguirre, Patricio) (Entered: 02/26/2026) |
| 03/02/2026 | 8 | Domestic Return Receipt Executed as to the United States Attorneys Office re 1 Petition for Writ of Habeas Corpus, 3 Order to Show Cause. (cnr) (Entered: 03/04/2026) |
| 03/02/2026 | 9 | Domestic Return Receipt Executed as to Charlotte Collins re 1 Petition for Writ of Habeas Corpus, 3 Order to Show Cause. (cnr) (Entered: 03/04/2026) |
| 03/03/2026 | 7 | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS. Signed by Judge David A. Ezra. (cnr) (Entered: 03/03/2026) |
| 03/05/2026 | 10 | STATUS REPORT *FEDERAL RESPONDENTS STATUS REPORT NOTICE OF RELEASE* by Pamela Bondi, Executive Office For Immigration Review, Kristi Noem, United States Department of Homeland Security, United States Immigration and Customs Enforcement, Miguel Vergara. (Attachments: # 1 Exhibit A)(Playton, Christina) (Entered: 03/05/2026) |
| 03/12/2026 | 11 | Appeal of Final Judgment 7 by Pamela Bondi, Executive Office For Immigration Review, Kristi Noem, United States Department of Homeland Security, United States Immigration and Customs Enforcement, Miguel Vergara.*Respondents' Notice of Appeal* No filing fee submitted. Attorney Mary F. Kruger added to party Pamela Bondi(pty:dft), Attorney Mary F. Kruger added to party Executive Office For Immigration Review(pty:dft), Attorney Mary F. Kruger added to party United States Department of Homeland Security(pty:dft), Attorney Mary F. Kruger added to party United States Immigration and Customs Enforcement(pty:dft), Attorney Mary F. Kruger added to party Miguel Vergara(pty:dft) (Kruger, Mary) (Entered: 03/12/2026) |
| 03/12/2026 | | NOTICE OF APPEAL following 11 Notice of Appeal (E-Filed),, by Pamela Bondi, Executive Office For Immigration Review, Kristi Noem, United States Department of Homeland Security, United States Immigration and Customs Enforcement, Miguel Vergara. Per 5th Circuit rules, the appellant has 14 days, from the filing of the Notice of Appeal, to order the transcript. To order a transcript, the appellant should fill out a (Transcript Order) and follow the instructions set out on the form. This form is available in the Clerk's Office or by clicking the hyperlink above. (cnr) (Entered: 03/12/2026) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 03/13/2026 09:26:21 | | |
| **PACER Login:** | lmckay161 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:26-cv-00384-DAE |
| **Billable Pages:** | 5 | **Cost:** | 0.50 |

# TAB 2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ALEJANDRO VILLEGAS ANGEL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 1:26-CV-00384-DAE |
| | § | |
| KRISTI NOEM, Secretary of the United States | § | |
| Department of Homeland Security, et al., | § | |
| | § | |
| Respondents. | § | |

## RESPONDENTS' NOTICE OF APPEAL

Notice is hereby given that the Respondents in the above-captioned action hereby appeal to the United States Court of Appeals for the Fifth Circuit from this Court's Order Granting Petition for Writ of Habeas Corpus (ECF 7) and all opinions, rulings, findings, conclusions, judgments, and orders on which the grant of the petition is based.

Dated: March 12, 2026

Respectfully submitted,

JUSTIN R. SIMMONS
United States Attorney

/s/ Mary F. Kruger
MARY F. KRUGER
Assistant United States Attorney
Georgia Bar No. 6282540
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216
Tel: (210) 384-7100
Fax: (210) 384-7312
Mary.Kruger@usdoj.gov

*Counsel for Respondents*

# TAB 3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**FILED**

March 03, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _Christian Rodriguez_
DEPUTY

| | | |
|---|---|---|
| ALEJANDRO VILLEGAS ANGEL, | § § § | |
| *Petitioner*, | § § | |
| | § | No. 1:26-CV-00384-DAE |
| v. | § § | |
| NOEM, *et al.*, | § § | |
| *Respondents*. | § § | |

## ORDER

Before the Court is Petitioner Alejandro Villegas Angel's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. # 1). The Court finds this matter suitable for disposition without a hearing. After careful consideration of the parties' briefings and the relevant law, the Court **GRANTS** the Petition for Writ of Habeas Corpus (Dkt. # 1) for the reasons that follow.

## FACTUAL BACKGROUND

Petitioner Alejandro Villegas Angel is a citizen of Mexico who is currently detained at the T. Don Hutto Detention Center in Taylor, Texas. (Dkt. # 1 at ¶¶ 17, 21.) Petitioner entered the United States in March of 2011 without inspection and has remained continuously in the country since. (Id. at ¶ 19.) Since his entry, Petitioner has lived in the United States for nearly fifteen years,

1

maintained a clean criminal record, is married, and has two U.S. citizen children, ages 10 and 7. (Id. at ¶¶ 18, 21.) His 10-year-old daughter is diagnosed with autism and speech impairment, requiring special education classes and speech therapy under an Individualized Education Program ("IEP"). (Id. at ¶ 19.) Petitioner works in construction to support his family, and built his own home three years ago, on which he pays property taxes. (Id. at ¶ 20.) Petitioner intends to pursue relief from removal proceedings under INA § 24A(b), 42B Cancellation of Removal, due to exceptional and extremely unusual hardship to his children because of his daughter's medical needs. (Id.)

Petitioner was pulled over on February 10, 2026 for driving without a license, and was subsequently transferred to Immigration and Customs Enforcement ("ICE") custody. (Id. at ¶ 21.)

PROCEDURAL HISTORY

On February 17, 2026, Petitioner filed his habeas petition. (Dkt. # 1.) On February 20, 2026, this Court ordered Respondents Kristi Noem, Secretary of the U.S. Department of Homeland Security ("DHS"); Pamela Bondi, Attorney General, United States; Miguel Vergara, Director of Enforcement and Removal Operations, San Antonio Field Office, U.S. Immigrations and Customs Enforcement; Charlotte Collins, Warden of the T. Don Hutto Detention Center; the Department of Homeland Security ("DHS"); Immigration and Customs

2

Enforcement ("ICE"); and the Executive Office for Immigration Review ("EOIR") (collectively, "Respondents"), to show cause within three days as to why the petition should not be granted. (Dkt. # 3.)

The Federal Respondents[1] timely filed a response to the Amended Petition for Writ of Habeas Corpus on February 24, 2026, (Dkt. # 5), and Petitioner replied on February 26, 2026. (Dkt. # 6.)

## LEGAL STANDARD

A district court may grant a writ of habeas corpus if a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. The habeas petitioner "bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." Villanueva v. Tate, No. CV H-25-3364, 2025 WL 2774610, at *4 (S.D. Tex. Sept. 26, 2025) (internal citation and quotations omitted). "A court considering a habeas petition must 'determine the facts, and dispose of the matter as law and justice require.'" Id. (quoting 28 U.S.C. § 2243).

---

[1] Respondent Collins, Warden of the T. Don Hutto Detention Center, has not joined the response.

3

DISCUSSION

In his Petition, Petitioner challenges his mandatory detention as a violation of his Fifth Amendment due process rights, the Immigration and Nationality Act ("INA"), the Administrative Procedure Act ("APA"), the Suspension Clause, and DHS and EOIR agency regulations.  (Dkt. # 1.)

As an initial matter, the Court finds that it has jurisdiction over this case for the same reasons stated in previous orders.  Campuzano v. Noem, No. 1:25-cv-1715-DAE, 2026 WL 90062 (W.D. Tex. Jan 6, 2026); Fabian-Granados v. Bondi, No. 1:25-cv-2068-DAE, 2026 WL 90061 (W.D. Tex. Jan. 8, 2026); Silva v. Bondi, No. 1:25-cv-2155-DAE, 2026 WL 90060 (W.D. Tex. Jan. 12, 2026).  The Court also finds that, to the extent an administrative exhaustion requirement would normally apply in this situation, "[b]ecause Respondents argue the detention of Petitioner is mandatory, claiming no one, including the [immigration judge], can review the detention issue, any attempt to require Petitioner to exhaust any administrative remedies [would be] futile."  See Lorenzo C. P., v. Noem, No. 1:25-CV-181, 2025 WL 3684859, at *5 (S.D. Tex. Oct. 31, 2025); see also Shi v. Lyons, No. 1:25-CV-274, -- F. Supp. 3d --, 2025 WL 3637288, at *4 n.6 (S.D. Tex. Dec. 12, 2025).

With respect to the merits of the Petition, the Court finds that Petitioner's detention violates his right to procedural due process under the Fifth

4

Amendment of the United States Constitution. Because the Court concludes that Petitioner's detention is unlawful on this basis alone, it does not reach Petitioner's other bases for relief.[2] The Court's analysis proceeds in two steps: first, the Court will discuss whether and to what extent procedural due process applies to Petitioner; and second, the Court will analyze whether Petitioner's due process rights were violated.

I.     Whether Petitioner is Entitled to Due Process Clause Protections

The Fifth Amendment's Due Process Clause prevents the Government from "depriv[ing]" any "person . . . of liberty . . . without due process of law." U.S. CONST. amend. V. This right is not limited to United States citizens; noncitizens are similarly entitled to due process under the Fifth Amendment. Trump v. J. G. G., 604 U.S. 670, 673 (2025); Demore v. Kim, 538 U.S. 510, 523 (2003). "Freedom from imprisonment—from government custody, detention, or

---

[2] To the extent Federal Respondents argue that Buenrostro prevents this Court's review of the Petitioner's due process claims, the Court, like other courts that have considered the question, finds such an argument unpersuasive. See Valencia Reyes v. Noem, et al., No. SA-25-CA-01921-XR, Dkt. # 7, at *6–8 (W.D. Tex. Feb. 25, 2026) (collecting cases). Indeed, the Fifth Circuit's decision was limited only to that petitioner's statutory interpretation arguments and did not reach any issue of whether a petitioner's detention violated the Fifth Amendment. See Buenrostro-Mendez, 2026 WL 323330. The Government acknowledged as much in their oral arguments by stating: "We have one issue before the Court now: the statutory question. . . . There's not, in other words, a due process claim here." Oral Argument, Buenrostro-Mendez, 2026 WL 323330, at 44:56–45:11 (5th Cir. Feb. 3, 2026), available at https://www.ca5.uscourts.gov/OralArgRecordings/25/25-20496_2-3-2026.mp3.

5

other forms of physical restraint—lies at the heart of the liberty that Clause protects." Zadvydas v. Davis, 533 U.S. 678, 690 (2001) (citing Foucha v. Louisiana, 504 U.S. 71, 80 (1992)).

Federal Respondents argue that, because Petitioner is entitled to no more due process than the INA gives him, he does not have a viable procedural due process claim. (See Dkt. # 5 at 2–3, citing Dep't of Homeland Sec. v. Thuraissigiam, 591 U.S. 103 (2020)). First, the Court notes that while it is true as a matter of statutory construction that § 1225 permits mandatory detention, the question remains as to what process is due to people detained under that statute. Santiago v. Noem, No. EP-25-CV-361-KC, 2025 WL 2792588, at *7 (W.D. Tex. Oct. 2, 2025) ("In Jennings, the [Supreme Court] held the mandatory detention statutes . . . did not . . . require periodic bond hearings. . . But the Court expressly left open the constitutional due process question and remanded the case with instructions that the lower courts consider the constitutional issue in the first instance." (citing Jennings v. Rodriguez, 583 U.S. 281, 312 (2018))). It is for the courts to decide whether the constitutional protections afforded pursuant to a given statute are adequate. The mere existence of some protections under a statute does not relieve the Court of its responsibility to ensure that those protections are indeed constitutionally sufficient. See Jennings, 583 U.S. at 312; Counselman v. Hitchcock, 142 U.S. 547, 565 (1892), overruled on other grounds by Kastigar v.

United States, 406 U.S. 441 (1972) ("Legislation cannot detract from the privilege afforded by the constitution."); Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 541 (1985) ("[O]nce it is determined that the due process clause applies, the question remains what process is due . . . The answer to that question is not to be found in the . . . statute.").

Second, insofar as Federal Respondents rely on Thuraissigiam to argue that Petitioner's due process rights are limited to those provided by statute because he is an "applicant for admission" who has never been formally admitted to the United States, the Court is not convinced. (See Dkt. # 5 at 2–3.) In Thuraissigiam, the Supreme Court rejected a noncitizen's due process claim, explaining that people detained at or near the border are treated as "applicants for admission" and are afforded "only those rights regarding admission that Congress has provided by statute." 591 U.S. at 140. However, as noted by other courts, while Thuraissigiam limited the scope of due process claims available to "applicants for admission," its statements and holdings must be read in context. See Lopez-Arevelo v. Ripa, 801 F. Supp. 3d 668, 682 (W.D. Tex. 2025) (discussing Thuraissigiam). And when reading Thuraissigiam in context, the Court does not understand the decision to confine Petitioner's due process rights to only those set forth in the INA. See id. at 681–84.

7

Several courts in this Circuit have distinguished <u>Thuraissigiam</u> from cases like Petitioner's for reasons this Court finds persuasive.  For example, in <u>Lopez-Arevelo</u>, the court rejected the respondents' attempts to rely on <u>Thuraissigiam</u> because: (1) <u>Thuraissigiam</u> addressed challenges to deportability rather than challenges to the fact or length of detention; and (2) the petitioner in <u>Thuraissigiam</u> did not have a significant presence in the United States.  <u>801 F. Supp. 3d at 681</u>–85.  Therefore, the <u>Lopez-Arevelo</u> court concluded, the petitioner could pursue his due process claim because the petitioner "challenge[d] his detention, not his deportability" and "because he was detained after years of presence in the United States, rather than on the threshold of initial entry."  <u>Id.</u> at 685.  The same reasoning applies here.  <u>See also</u> <u>Trump v. J. G. G.</u>, <u>604 U.S. 670, 673</u> (2025) (reaffirming that the Fifth Amendment entitles noncitizens to due process of law).

Federal Respondents also argue that Petitioner's procedural due process challenge to his detention is really a substantive due process challenge. (Dkt. # 5 at 3, 7–9.)  The Court does not agree.  Here, Petitioner is challenging the process that is due to him before he can be deprived of a protected interest—his liberty.  That is squarely a procedural due process claim.  <u>See</u> <u>Mathews v. Eldridge</u>, <u>424 U.S. 319, 332</u>–33 (1976).

8

The Court does not find persuasive the cases Federal Respondents discuss in support of their argument. Federal Respondents first cite Conn. Dep't of Pub. Safety v. Doe, 538 U.S. 1 (2003) for the proposition that Petitioner cannot establish a procedural due process claim because his request for a bond hearing is immaterial to 8 U.S.C. § 1225(b), which mandates detention regardless of flight risk or danger to the community. (Dkt. # 5 at 8–10.) However, Doe arose in an entirely different context: a challenge to a sex offender registration statute. See Doe, 538 U.S. at 4. The Court therefore finds Doe inapposite. See Kevin Armando Gomez Hernandez, Petitioner, v. ICE et al., No. EP-26-CV-67-KC, 2026 WL 503958, at *2 (W.D. Tex. Feb. 23, 2026) (finding Doe inapplicable to the immigration detention context); Chan v. Bondi, No. 3:25-CV-298, 2026 WL 388605, at *2 (W.D. Pa. Feb. 12, 2026) (same). Moreover, the Supreme Court has repeatedly affirmed that "[w]hen protected interests are implicated, the right to some kind of prior hearing is paramount." Bd. of Regents v. Roth, 408 U.S. 564, 569–70 (1972); accord Smith v. Org. of Foster Families for Equal. & Reform, 431 U.S. 816, 848 (1977); Mitchell v. W.T. Grant Co., 416 U.S. 600, 624 (1974); Lopez-Arevelo, 801 F. Supp. at 685 ("The essence of procedural due process is that a person risking a serious loss be given notice and an opportunity to be heard in a meaningful manner and at a meaningful time."). Second, Federal Respondents cite an unpublished Fifth Circuit opinion, Wekesa v. U.S. Attorney, No. 22-10260, 2022

9

WL 17175818 (5th Cir. Nov. 22, 2022), in which a Fifth Circuit panel upheld the denial of a habeas petition that brought a due process challenge to prolonged mandatory detention. Like the Lopez-Arevelo court, however, this Court does not find Wekesa persuasive. Although the Wekesa court rejected the petitioner's due process challenge, it provided little to no reasoning for that decision. See Wekesa, 2022 WL 17175818, at *1. Furthermore, in reaching its conclusion, the Wekesa opinion relied only on Jennings, a decision which expressly left open the constitutional question. See id.; Jennings, 583 U.S. at 312; see also Lopez-Arevelo, 801 F. Supp. at 683–84. Accordingly, the Court does not find Wekesa's analysis compelling and declines to apply it here.

Therefore, for the reasons described above and following the sound rationale of other courts in this district, the Court concludes that Petitioner is able to bring a procedural due process claim. See Lopez-Arevelo, 801 F. Supp. 3d at 681–85 (determining that Petitioner can bring a procedural due process claim); Santiago, 2025 WL 2792588, at *7–10 (same); Vieira v. De Anda-Ybarra, 806 F. Supp. 3d 690, 697–700 (W.D. Tex. 2025) (same); Hernandez-Fernandez v. Lyons, No. 5:25-cv-773-JKP, 2025 WL 2976923, at *7–8 (W.D. Tex. Oct. 21, 2025) (same); Zafra v. Noem, No. EP-25-cv-521-DB, 2025 WL 3239526, at *2–3 (W.D. Tex. Nov. 20, 2025) (same); Valencia Reyes, No. SA-25-CA-01921-XR, Dkt. # 7,

at *4–22 (same); <u>Longoria Mendoza v. Noem, et al.</u>, No. 5:26-CV-0728-JKP, Dkt. # 9, at *6–10 (W.D. Tex. Feb. 26, 2026) (same).

II.       <u>Whether Petitioner's Due Process Rights Have Been Violated</u>

Having found that Petitioner is entitled to due process protection under the Fifth Amendment, the Court turns to whether Petitioner's arguments are meritorious. "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" <u>Mathews</u>, <u>424 U.S. at 333</u> (quoting <u>Armstrong v. Manzo</u>, <u>380 U.S. 545, 552</u> (1965)). "To determine whether a civil detention violates a detainee's due process rights, courts apply the three-part test set forth in <u>Mathews</u>[.]" <u>Martinez v. Noem</u>, No. 5:25-cv-1007-JKP, <u>2025 WL 2598379</u>, at *2 (W.D. Tex. Sept. 8, 2025). Those factors are: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." <u>Mathews</u>, <u>424 U.S. at 335</u>.

The first factor weighs heavily in Petitioner's favor. "'The interest in being free from physical detention' is 'the most elemental of liberty interests.'" <u>Martinez v. Noem</u>, <u>2025 WL 2598379</u>, at *2 (W.D. Tex. Sept. 8, 2025) (quoting

11

Hamdi v. Rumsfeld, 542 U.S. 507, 529 (2004)). Petitioner lived his life free from custody in the United States for fifteen years prior to his recent detention. (Dkt. # 1 at ¶ 17.) He has no prior arrests or criminal convictions, he is married, and has U.S.-citizen children who depend on his support. (Id. at ¶¶ 18, 21.) "The Supreme Court has repeatedly affirmed that '[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception.'" Hernandez-Lara v. Lyons, 10 F.4th 19, 27 (1st Cir. 2021) (citing United States v. Salerno, 481 U.S. 739, 755 (1987)). This interest "deserves great weight and gravity" and thus weighs heavily in Petitioner's favor. See Vieira, 806 F.Supp.3d at 701.

On the second factor, courts consider "whether the challenged procedure creates a risk of erroneous deprivation of individuals' private rights and the degree to which alternative procedures could ameliorate these risks." Martinez v. Noem, 2025 WL 2598379, at *3 (quoting Gunaydin v. Trump, 784 F.Supp.3d 1175, 1187 (D. Minn. 2025)). Here, there is a high risk of erroneous deprivation of Petitioner's liberty since he is being detained without the opportunity for an individualized bond hearing, depriving him of the ability to contest the reasonableness of his detention. See Vieira, 806 F.Supp.3d at 701 ("The risk lies in the automatic continued deprivation of liberty . . ."). There would be significant value added by additional safeguards, such as a bond hearing or pre-detention

notice, that would reduce the likelihood of an erroneous loss of liberty. Thus, this factor also weighs in Petitioner's favor.

The third factor is the Government's interest. See Mathews, 424 U.S. at 335. The Government has a legitimate interest "in ensuring that noncitizens appear for their removal hearings and do not pose a danger to the community." Lopez-Arevelo, 801 F.Supp.3d at 686–87. But such an interest could be adequately protected through individualized bond hearings—process that the Government finds unnecessary. As another court in this District stated: "Respondents make no meaningful representation that the burden of providing this additional increment of process is beyond their ability. Instead, they only maintain that due process does not require it." Valencia Reyes v. Noem et al., No. 5:25-cv-1921-XR, at *25 (W.D. Tex. Feb. 25, 2026). Accordingly, as applied to this Petitioner, this factor is neutral.

In weighing all three factors, the Court finds the scale tips in Petitioner's favor; thus, Petitioner's detention without an opportunity to challenge his detention through an individualized assessment violates his right to procedural due process under the Fifth Amendment of the United States Constitution.

III.    Appropriate Relief

On the issue of appropriate relief, the Court is persuaded that it need not depart from the "typical remedy" in habeas cases challenging the lawfulness of

13

detention, which "is, of course, release." See Munaf v. Geren, 553 U.S. 674, 693 (2008). Further, ordering a bond hearing under these circumstances would require the Immigration Judge to do that which he believes he lacks authority to do following Matter of Yajure Hurtado, 29 I&N Dec. 216, 220 (BIA 2025). The Court instead finds that the more appropriate remedy here is release.[3] See Azua-Zuniga v. Bondi et al., No. 1:26-cv-287-RP (W.D. Tex. Feb. 20, 2026) (finding support for the same remedy under similar circumstances); Valencia Reyes, No. SA-25-CA-01921-XR, Dkt. # 7, at 25 (same); Longoria Mendoza, No. 5:26-CV-0728-JKP, Dkt. # 9, at *17–18 (same).

Indeed, the Court notes its agreement that bond hearings are "no substitute for the requirement that ICE engage in a 'deliberative process prior to, or contemporaneous with,' the initial decision to strip a person of the freedom that lies at the heart of the Due Process Clause." Cruz-Reyes v. Bondi, No. 5:26-cv-60, 2026 WL 332315, at *6 (S.D. Tex. Feb. 3, 2026) (quoting Gonzalez v. Joyce, No. 25 Civ. 8250, 2025 WL 2961626 (S.D.N.Y. Oct. 19, 2025)). "The suggestion that government agents may sweep up any person they wish without consideration of dangerousness or flight risk, so long as the person will, at some unknown future

---

[3] Although this plays no role in this Court's decision, the Administration, in widely publicized statements, has said its enforcement efforts target violent criminals and the "worst of the worst." Clearly, the Petitioner in this case, who is married to a U.S. Citizen and has no criminal convictions is not the violent criminal or danger to the community to which the Administration refers.

14

date, be allowed to ask some other official for his or her release, offends the ordered system of liberty that is the pillar of the Fifth Amendment." Gonzalez, 2025 WL 2961626, at *5.

As a final matter, "[a]lthough Petitioner invokes jurisdiction under 28 U.S.C. §§ 1331 and 2241 and seeks attorney fees, the Court treats the instant action solely as a habeas action under § 2241." Davila Mercado v. Lyons, No. 5:25-CV-1623-JKP, 2025 WL 3654268, at *7 (W.D. Tex. Dec. 11, 2025). Here, as in Davila Mercado, Petitioner has not specifically sought any non-habeas relief and has paid only the minimal habeas filing fee. Accordingly, the Court denies any request for attorney's fees in this case. Id.; Aldana Perez v. Noem, et. al., No. SA-25-CV-01534-XR, 2025 WL 3654262, at *7 (W.D. Tex. Dec. 5, 2025); Barco v. Witte, 65 F.4th 782, 785 (5th Cir. 2023) (holding that the Equal Access to Justice Act does not authorize attorney's fees for successful 28 U.S.C. § 2241 motions).

CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Petition for Habeas Corpus. (Dkt. # 1.) It is **ORDERED** that:

1. Respondents are **DIRECTED** to **RELEASE** Petitioner Alejandro Villegas Angel from custody, under conditions of release no more restrictive than those in place prior to the detention at issue in this case, to a public place by **no later than 5:00 p.m. on March 4, 2026**.

2. Respondents must **NOTIFY** Petitioner's counsel by email (patricio@garzanarvaez.com) of the exact location and exact time of

15

Petitioner's release as soon as practicable and **no less than two hours before his release**.

3. Respondents are enjoined from further detaining Petitioner without first conducting a bond hearing, scheduled with notice to Petitioner's attorneys and set at a date agreed upon by both parties. At such a hearing, Respondents bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Petitioner's detention.

4. The parties shall **FILE** individual status reports no later than **6:00 p.m. March 5, 2026**, detailing their compliance with this Order.

**IT IS SO ORDERED**.

**DATED**: Austin, Texas, March 3, 2026.

_____
David Alan Ezra
Senior United States District Judge

# TAB 4

language of section 235(b)(2)(A) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1225(b)(2)(A), immigration judges lack authority to hear bond requests or grant bond to noncitizens who are present in the United States without admission or parole. These individuals are classified as "applicants for admission," subjecting them to mandatory detention.

## V. FACTUAL BACKGROUND

17. Petitioner Alejandro Angel Villegas was born in Mexico. He entered the United States in March 2011 without inspection (EWI), was not detected at entry, and has had no prior encounters with immigration authorities or immigration processes. He has not left the US since.

18. Since approximately 2015, Petitioner has been married and has two biological children, ages 10 and 7, both U.S. citizens.

19. Petitioner's 10-year-old daughter has been diagnosed with autism and speech impairment. She does not speak very well, has been held back in school, and receives special education classes, including speech therapy under an Individualized Education Program (IEP). She has speech/language impairment that negatively impacts her educational performance in all academic areas, including articulation (able to use up to 3-syllable words with moderate support but needs improvement), expressive language weaknesses (e.g., regular past tense verbs, using sentences with modifiers/characteristic/spatial concepts), listening comprehension, vocabulary, and sentence structure. She struggles with English reading and takes a long time to decipher questions but performs well in math. Petitioner's presence is essential for supporting his daughter's medical, educational, and emotional needs, as well as providing for the family.

20. Petitioner has filed taxes for the past approximately 10 years. He and his family are paying a monthly mortgage on land in Dale, Texas. They live in a house that Petitioner built himself approximately 3 years ago, and he pays property taxes on the home. He worked as an

4

employee in construction, contributing to his family and community. Petitioner has a strong claim for cancellation of removal under INA § 240A(b) (42B Cancellation of Removal) because his removal would cause exceptional and extremely unusual hardship to his children, especially to his U.S. citizen daughter who suffers from autism and speech impairment, does not speak well, has been held back in school, and requires special education and speech therapy—conditions for which Petitioner provides essential emotional support and financial stability, as serious medical and developmental issues in children are among the most common bases for granting such relief.

21.     Petitioner's criminal history is nonexistent. He has no prior arrests or convictions. On February 10, 2026, Petitioner was pulled over in Lockhart, Texas, for driving without a license. An ICE hold was placed on him, and he was transferred to ICE custody at the T. Don Hutto Detention Center and served with a Notice to Appear.

22.     Petitioner's next immigration hearing is a Master hearing scheduled for March 9, 2026, at 9:00 AM before the immigration court located at 566 Veterans Drive, Pearsall, TX 78061. This will be his first hearing, almost a month after initial detention, with no neutral decisionmaker ever reviewing flight risk, danger to the community, or alternatives to detention.

23.     Since his detention, Petitioner has fully cooperated with authorities. He poses no danger to the community and is not a flight risk, given his deep family ties in the United States. Nonetheless, under the government's interpretation of the INA and *Matter of Yajure Hurtado*, he has been denied any opportunity for a bond hearing or individualized custody review by a neutral adjudicator.

**VI. LEGAL FRAMEWORK AND ACKNOWLEDGMENT OF *BUENROSTRO-MENDEZ***

5

24.     The Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi* (Feb. 6, 2026) holds that noncitizens present in the United States without admission are subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and are not statutorily entitled to a bond hearing under § 1226(a). This Court is bound by that holding on the pure statutory question.

25.     However, *Buenrostro-Mendez* addressed only the statutory interpretation issue and expressly did not reach constitutional, APA, or other independent claims. As the Supreme Court made clear in *Jennings v. Rodriguez*, 583 U.S. 281, 302–03 (2018), the absence of a statutory bond entitlement does not eliminate constitutional constraints on detention.

26.     Petitioner therefore concedes that he has no statutory right to a bond hearing under § 1226(a) due to *Buenrostro,* but maintains that his continued detention without any individualized custody determination violates the Constitution and the APA.

## VII. CLAIMS FOR RELIEF

### First Claim: Violation of Due Process Clause (Fifth Amendment).

27.     Petitioner's prolonged detention without a bond hearing before a neutral decision-maker violates procedural due process. The government must provide an individualized assessment of danger and flight risk, considering alternatives to detention. See *Zadvydas v. Davis*, 533 U.S. 678 (2001); *Demore v. Kim*, 538 U.S. 510 (2003). As applied to Petitioner, with his family ties, lack of criminal history, and cooperation, mandatory detention is unconstitutional. The Western District of Texas has granted habeas petitions under procedural due process grounds. See *Cumbe Lema v. Noem*, No. 3:26-cv-00249-KC (W.D. Tex. February 9, 2026); *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC (W.D. Tex. Oct. 30, 2025); *Martinez v. Noem*, No. 3:25-cv-430-KC (W.D.

# TAB 5

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

|  |  |
|---|---|
| Alejandro Villegas Angel, | |
| Petitioner, | |
| v. | Civil Action No. 1:26-cv-00384-DAE |
| Kristi Noem, *et al.*, | |
| Respondents. | |

## RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS
## CONSIDERING RECENT FIFTH CIRCUIT PRECEDENT

Federal Respondents provide the following response to Petitioner's habeas Petition.[1] Any allegations that are not specifically admitted herein are denied. Petitioner is not entitled to the relief sought, including attorney's fees under the Equal Access to Justice Act ("EAJA").[2] Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). This conclusion is appropriate under recent Fifth Circuit precedent. The Fifth Circuit Court of Appeals recently held that aliens, like the Petitioner, who entered the United States illegally and who are not "clearly and beyond a doubt entitled to be admitted," "shall be detained" under 8 U.S.C. § 1225(b)(2)(A), until the conclusion of their removal proceedings. *Buenrostro v. Bondi*, No. 25-20496, ---- F.4th ---- 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026). The *Buenrostro* decision is binding precedent and requires that the Court deny this habeas petition.[3]

---

[1]    The Department of Justice represents only federal employees in this action.

[2]    *Barco v. Witte*, 65 F.4th 782 (5th Cir. 2023).

[3]    The *Buenrostro* decision is a published decision and precedential authority even though the mandate has yet to issue. *See, e.g., Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992) (explaining that even a stay in the issuance of a mandate does not impact the precedential

1

## INTRODUCTION

The Immigration and Nationality Act (INA), as amended, provides that all aliens who are present within the United States and not admitted—deemed by statute to be "applicants for admission"—"shall be detained" pending their removal proceedings if they cannot show they are "clearly and beyond a doubt entitled to be admitted." 8 U.S.C. §1225(a)(1), (b)(2)(A). Detention is mandatory, so they are not entitled to bond hearings. *Jennings v. Rodriguez*, 583 U.S. 281, 297, 300 (2018).

Over the last several months, hundreds of habeas petitions have been filed in the Western District of Texas by petitioners who are "applicants for admission" and are being detained under §1225(b)(2)(A) without bond hearings. Many district courts granted those petitions, holding that the aliens' detentions were governed by the separate authority in 8 U.S.C. §1226(a), which permits bond hearings. The Fifth Circuit rejected the holdings of those decisions in *Buenrostro-Mendez v. Bondi*, ---F.4th---, 2026 WL 323330 (5th Cir. Feb. 6, 2026), and held that "applicants for admission" are subject to detention under §1225(b)(2)(A) and so have no statutory right to a bond hearing. *Id.* at *1-10.

Despite *Buenrostro-Mendez*, some petitioners have pivoted to a new theory—*procedural due process*—to order the Government to provide bond hearings or to release individuals who are indisputably detained under §1225(b)(2)(A*)*. This fallback theory is foreclosed by *Buenrostro-Mendez*. Post-*Buenrostro-Mendez*, Petitioner falls within the terms of §1225(b)(2)(A); and is an "applicant for admission" who failed to show that he was "clearly and beyond a doubt entitled to

---

value of published opinions); *Acute Care Ambul. Serv., L.L.C. v. Azar II*, No. 7:20-CV-00217, 2020 WL 7640206, at *13 (S.D. Tex. Dec. 3, 2020) (rejecting the argument that a Fifth Circuit decision is not controlling because "the mandate has yet to issue, and thus not properly relied upon as precedent.").

2

be admitted." No additional process is needed to resolve an uncontested issue of fact. As the Supreme Court held, "Plaintiffs who assert a right to a hearing under the Due Process Clause must show that the facts they seek to establish in that hearing are relevant under the statutory scheme." *Connecticut Department of Pub. Safety v. Doe*, 538 U.S. 1, 9 (2003). But whether Petitioner is a flight risk or a danger is irrelevant to the statutory scheme; thus, a bond hearing to assess those issues would be "a bootless exercise." *Id.* at 7. In the end, the only process due for those who have never "been admitted into the country pursuant to law" is whatever process is "expressly conferred by Congress." *DHS v. Thuraissigiam*, 591 U.S. 103, 138 (2020).

In truth, Petitioner is not challenging the *procedures* available under the statute, but Congress's *substantive* determination that aliens covered by §1225(b)(2)(A) are not entitled to a bond hearing. Petitioner's true claim sounds in *substantive* due process—*i.e.*, that the government cannot constitutionally detain *notwithstanding* the fact that they are subject to mandatory detention by statute. But Petitioner has not attempted to satisfy the standard for a substantive due process claim. Petitioner does not purport to identify any fundamental right, so their substantive due process claim must fail so long as mandatory detention under §1225(b)(2)(A) is "rationally related to legitimate government interests." *Washington v. Glucksberg*, 521 U.S. 702, 728 (1997). The Supreme Court has long "recognized [that] detention during deportation proceedings [i]s a constitutionally valid aspect of the deportation process," because "deportation proceedings 'would be vain if those accused could not be held in custody pending the inquiry into their true character.'" *Demore v. Kim*, 538 U.S. 510 (2003).

Petitioner's new due process approach is in reality the same argument with a different label. The initial arguments were at least properly styled—they were statutory claims that actually advanced arguments about statutory construction. But the fallback putative-procedural due

3

process claim actually attacks the *substance* of Congress's policy choice to impose mandatory detention, rather than discretionary detention. This Court should deny the petition.

## BACKGROUND

Petitioner is a native and citizen of Mexico. EDF No. 1, ¶ 17; See also Exh. A, Notice to Appear. Petitioner entered the United States on or about March 2011, without admission or parole after inspection, and was not detected at entry. *Id.* On February 10, 2026, Petitioner was pulled over in Lockhart, Texas, for driving without a license. ECF No. 1, ¶ 21. A U.S. Immigration and Customs Enforcement (ICE) hold was placed on Petitioner, and he was transferred to ICE custody at the T. Don Hutto Detention Center. *Id.*; ¶ 7. On February 12, 2026, Petitioner was issued a Notice to Appear. Exh. A. Petitioner has a Master Hearing scheduled in immigration court on March 9, 2026. ECF No. 1, ¶ 22; *see also* Exh. A.

## PETITIONER IS SUBJECT TO MANDATORY DETENTION

Petitioner seeks an order from this Court directing the Department of Homeland Security to immediately release Petitioner from immigration detention, alternatively Petitioner asks this Court to order a bond hearing in immigration court. Neither is appropriate and the Court should deny the Petition in light of the recent Fifth Circuit precedent. The primary issue raised by Petitioner, namely that his detention pursuant to 8 U.S.C. § 1225 is unlawful, was rejected by the Fifth Circuit. *Buenrostro-Mendez v. Bondi*, No. 25-20496, No. 25-40701, 2026 WL 323330 at *1 (5th Cir. Feb. 6, 2026).

Petitioner's contention that detention should be governed by 8 U.S.C. § 1226 and that the detention violates the United States Constitution were rejected in *Buenrostro*. *Id.* To the extent Petitioners claim they are not properly categorized as an applicant for admission, "the text and context of § 1225 contradict the petitioners' reading of the statute." *Id.* at *9.

The Fifth Circuit made clear that aliens present in the United States who have not been admitted by lawful means, remain "applicants for admission" who were "seeking admission." 2026 WL 323330 at *4. The court explained that "[w]hen a person applies for something, they are necessarily seeking it." *Id.* In so holding, the court rejected the reasoning that the phrase "seeking admission" in § 1225(b)(2)(A) uses the present tense and thus applies only to individuals "currently and actively seeking to be admitted to the United States when [they are] apprehended." *Id.* at *3. The Fifth Circuit held that "the everyday meaning of the statute's terms confirms that being an 'applicant for admission' is not a condition independent from 'seeking admission.'" *Id.* at *4.

*Buenrostro*, recognizing that the plain language of the INA controlled the analysis and outcome, also rejected arguments based on the Executive's past interpretation and application of § 1225 and § 1226. 2026 WL 323330 at *8. "Years of consistent practice cannot vindicate an interpretation that is inconsistent with a statute's plain text." *Id* (citing, *Pereira v. Sessions*, 585 U.S. 198, 204, 138 S. Ct. 2105, 2111 (2018)). The Fifth Circuit observed that the Government's interpretation and application of § 1225(b)(2) "better honors" the intent of Congress's amendments to the INA—the full enforcement of § 1225(b)(2)'s plain terms "put aliens seeking admission lawfully on equal footing with those who entered without inspection." *Id.* at *9.

Respondents acknowledge that many courts in the Western District of Texas have ruled otherwise in previous habeas cases. However, this significant development in the Fifth Circuit warrants this Court taking a different approach. "After reviewing carefully the relevant provisions and structure of the Immigration and Naturalization Act, the statutory history, and Congressional intent" the Fifth Circuit concluded that the detention authority relied upon by the government is lawful. *Buenrostro*, at *1.

The Fifth Circuit is not the only court to so hold. District courts around the country agree. *See* Exh. B, District Court Case Listing.

The Board of Immigration Appeals (BIA), the highest administrative body charged with interpreting and applying the immigration laws, also agreed in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (B.I.A. 2025). There, the BIA examined the plain language of § 1225, the INA's statutory scheme, Supreme Court and BIA precedent, the legislative history of the INA and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub L. No. 104-208, and DHS's prior practices. After doing so, the BIA held that "under a plain language reading of section 235(b)(2)(A) of the INA, 8 U.S.C. § 1225(b)(2)(A), Immigration Judges lack authority to hear bond requests or to grant bond to aliens, like the respondent, who are present in the United States without admission." 29 I&N Dec. at 225.

## DUE PROCESS CLAIMS

### Procedural due process does not entitle Petitioner to a bond hearing to determine facts that are irrelevant to §1225(b)(2)(A).

Petitioner's due process claims should be denied. ECF No. 1, ¶¶ 27-31. There is no dispute that Petitioner falls within the scope of §1225(b)(2)(A). Petitioner is an alien who is "present in the United States" and "ha[d] not been admitted," and so Petitioner is an applicant for admission. 8 U.S.C. §1225(a)(1). Petitioner has not established that Petitioner is "clearly and beyond a doubt entitled to be admitted." Id. §1225(b)(2)(A). Therefore, as the Fifth Circuit held in *Buenrostro-Mendez,* Petitioner is subject to mandatory detention under §1225(b)(2)(A).

Recognizing the statutory claim is foreclosed, Petitioner now raises procedural due process. *See, e.g.*, ECF No. 1, ¶ 27. The Constitution prohibits the federal government and States from "depriv[ing]" a "person" of "life, liberty, or property, without due process of law." U.S. Const. Amend. V. The Supreme Court has recognized two types of due-process claims. *See Department*

6

*of State v. Muñoz*, 602 U.S. 899, 910 (2024).  A procedural-due-process claim takes as given the substantive determinations that would justify a deprivation of life, liberty, or property, but challenges the "adequacy of the[] procedures" for making those determinations.  *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).  For example, the statute in *Mathews* made the availability of disability benefits turn on whether a person is "completely disabled" within the meaning of the statute.  Id. at 323, 336.  The procedural due process claim did not challenge the statute's substantive criteria for who may receive benefits, but the adequacy of the procedures available to test whether a person fits within the criteria.  Id. at 325-26.  By contrast, a substantive due process claim challenges the substance of the determinations themselves, arguing that they are inadequate to justify the deprivation "at all, no matter what process is provided."  *Reno v. Flores*, 507 U.S. 292, 302 (1993).

Petitioner has not challenged the adequacy of the procedures for determining whether Petitioner is an "applicant for admission," a matter determined in immigration proceedings, and that subjects Petitioner to mandatory detention under §1225(b)(2)(A).  Instead, Petitioner argues that the determination that Petitioner is an applicant for admission and "not clearly and beyond a doubt entitled to be admitted," 8 U.S.C. §1225(b)(2)(A), is a constitutionally insufficient basis on which to justify the deprivation of liberty.  Petitioner's due process argument is one that is substantive, not procedural, in nature.

Petitioner has requested that this Court find that due process requires additional procedures in the form of a bond hearing.  But a bond hearing is merely the vehicle for making the substantive determination about flight risk or dangerousness.  Those factors are irrelevant under the statute.  Because §1225(b)(2)(A) requires mandatory detention and does not require such determinations, Petitioner's claim is in reality a substantive-due-process challenge, not a procedural one.

7

Congress decided as a substantive policy matter to impose mandatory detention on all applicants for admission, such as Petitioner. Whether Petitioner is a flight risk or danger is irrelevant under that policy choice. Due process does not require procedures to adjudicate immaterial facts. What Petitioner is asking this Court to do is override Congress's substantive judgment that all applicants for admission must be detained regardless of whether they are dangerous or flight risks. Procedural due process can do no such thing.

This Supreme Court's decision in *Connecticut Department of Public Safety v. Doe*, 538 U.S. 1 (2003), is definitive on this point. The statute in that case required sex offenders to register with the State so their information could be published on a sex-offender registry. *Id.* at 4-5. John Doe, who had previously been convicted of a sex offense, claimed that the statute violated his procedural-due-process rights by requiring him to register without a "hearing to determine whether" he was "currently dangerous." *Id.* at 4 (citation omitted).

The Court rejected Doe's claim. It explained that "due process does not require the opportunity to prove a fact that is not material to the State's statutory scheme," and "the fact that [Doe] seeks to prove—that he is not currently dangerous—[wa]s of no consequence under" the relevant statute, which required him to register based on his prior conviction alone. *Id.* at 7. So "[u]nless [Doe] c[ould] show that that substantive rule of law [wa]s defective (by conflicting with the Constitution), any hearing on current dangerousness [would be] a bootless exercise." *Id.* at 8. Any claim that Doe was entitled to a hearing to adjudicate facts a legislature had not made relevant "'must ultimately be analyzed' in terms of substantive, not procedural, due process." *Id.* at 7-8.

The rule of *Connecticut Department of Public Safety* is straightforward: "Plaintiffs who assert a right to a hearing under the Due Process Clause must show that the facts they seek to establish in that hearing are relevant under the statutory scheme." 538 U.S. at 9. This Court

8

applied that rule in *Duarte v. City of Lewisville, Texas*, 858 F.3d 348 (5th Cir. 2017), in a similar context. *See id.* ("procedural due process does not entitle the Duarte Family to a hearing to 'establish a fact that is not material' under the Ordinance" (quoting *Connecticut Department of Public Safety*, 538 U.S. at 7)).

The Fifth Circuit later applied that same rationale to reject a procedural due process challenge against mandatory detention under §1226(c) in *Wekesa v. U.S. Attorney*, No. 22-10260, 2022 WL 17175818 (5th Cir. Nov. 22, 2022). There, *Wekesa* filed a habeas petition, alleging that "his continued detention without an individualized bond hearing violates his due process rights." *Id.* at *1. The Court rejected that claim. It explained that under §1226(c) "mandates detention of any alien falling within its scope" and allows release "'only if' the alien is released for witness-protection purposes." *Id.* And "[b]ecause Wekesa d[id] not meet the statutory requirements for release under Section 1226(c)(2)," this Court affirmed the district court's denial of habeas petition. *Id.* In other words, because *Wekesa* indisputably was subject to detention under §1226(c), nothing he hoped to ascertain through a bond hearing would be "relevant under the statutory scheme." *Conn. Dep't of Pub. Safety*, 538 U.S. at 9.

Accordingly, Petitioner has no procedural due process right to a bond hearing on flight risk or danger to the community. Individualized findings about flight risk and danger are irrelevant to §1225(b)(2), which subjects Petitioner to mandatory detention based on Petitioner's uncontested status as an "applicant for admission" who has not shown he is "clearly and beyond a doubt entitled to be admitted." 8 U.S.C. §1225(a)(1), (b)(2)(A).

Petitioner falls within the terms of the statute as interpreted by *Buenrostro-Mendez*. Therefore, as in *Connecticut Department of Public Safety*, any claim that Petitioner is entitled to a bond hearing "'must ultimately be analyzed' in terms of substantive, not procedural, due process."

9

538 U.S. at 7-8; *see Flores*, 507 U.S. at 308 (holding that a challenge to a regulation on the ground that it failed to require a determination of a detainee's "interests" was "just [a] 'substantive due process' argument recast in 'procedural due process' terms'"); *Michael H. v. Gerald D.*, 491 U.S. 110, 119, 121 (1989) (plurality opinion) (treating a request for an "evidentiary hearing" on an issue that the statutory scheme deemed "irrelevant" as a "substantive due process" claim).

*Mathews* articulates a three-part balancing test for analyzing certain "procedural due process" claims. *Nelson v. Colorado*, 581 U.S. 128, 134 (2017). But that test has no application in the realm of substantive due process. After all, *Mathews* takes the "nature of the relevant inquiry" as given, 424 U.S. at 343, and asks only whether the "procedures" for conducting that factual inquiry are adequate. *Id*. at 335. Here, in stark contrast, Petitioner contends that the Constitution requires a different factual inquiry altogether—i.e., one that evaluates factors that Congress chose not to make relevant to the detention issue. Because that is a substantive, rather than procedural, due-process challenge to the statute, any reliance on *Mathews* is misplaced.

**Even if Petitioner were asserting a viable due process claim, it lacks merit.**

Even if Petitioner was asserting a proper procedural due process claim, that claim contradicts the Supreme Court's longstanding precedent regarding the due process rights of aliens who were never admitted to this country.

For more than a century, the rule has been that for aliens who have never "been admitted into the country pursuant to law, the decisions of executive and administrative officers, acting within the powers expressly conferred by Congress, are due process of law. *DHS v. Thuraissigiam*, 591 U.S. 103, 138 (2020) (quoting *Nishimura Ekiu v. United States*, 142 U.S. 651, 660 (1892)). This is true even of aliens "paroled elsewhere in the country for years pending removal" who have developed significant ties to the country. *Thuraissigiam*, 591 U.S. at 139 (quoting *Shaughnessy v.*

10

*United States ex rel. Mezei*, 345 U.S. 206, 215 (1953)). They are "'treated' for due process purposes 'as if stopped at the border.'" *Id.* This includes those that successfully evade inspection at the border: "[A]n alien who tries to enter the country illegally is treated as an 'applicant for admission'"—*i.e.*, treated the same as if they lawfully presented themselves at a port of entry or were caught at the border. *Id.* at 140.

The Supreme Court has elsewhere made clear that *lawful admission*—not physical entry—is the touchstone for when aliens gain due process interests that could potentially require procedures beyond what Congress has provided (and thus all that the due process clause requires under the entry fiction doctrine). For example, in *Landon*, 459 U.S. 21, the Court observed that only "*once an alien gains admission* to our country and begins to develop the ties that go with permanent residence [does] his constitutional status change[]." *Id.* at 32 (emphasis added). "Th[is] rule," the Court explained, "rests on [the] fundamental proposition" that "the power to admit or exclude aliens is a sovereign prerogative," and "the Constitution gives the political department of the government plenary authority to decide which aliens to admit." *Id.* at 32; *see also Nishimura Ekiu*, 142 U.S. at 659.

This understanding that additional procedures can only be required for those who have been lawfully *admitted* (and not even lawfully paroled) was confirmed years before in *Kaplan v. Tod*, 267 U.S. 228 (1925). There, the Supreme Court held that a child lawfully *paroled* into the care of relatives *for nearly nine years*—but never lawfully *admitted*—must be "regarded as stopped at the boundary line" and "had gained no foothold in the United States." *Id.* at 230-31. That was so even though the child had been living in the interior of the country with her naturalized-citizen father and thus was presumably forming connections to the United States.

11

*Id.* at 229. Still, because she had never been lawfully admitted, the Due Process Clause did not require *any* additional procedures beyond what Congress provided. *Id.* at 229-30.

The same result should follow here. Petitioner's entry and presence in the United States has been unlawful. The moment of entry into the United States constituted a criminal act under 8 U.S.C. §1325(a), and Petitioner's presence from that moment forward stands in open defiance of federal immigration law.

As the Fifth Circuit recognized, by enacting §1225(b)(2)(A), Congress sought to eliminate the preferential treatment of aliens who violate the country's immigration laws. 2026 WL 323330, at *9. Under Petitioner's argument, aliens who violate federal law would enjoy *greater* constitutional protections than those who comply with it. Nothing in law allows an alien to adversely possess additional due process rights by virtue of unlawfully entering the United States and successfully evading enforcement for some length of time—especially when the nine years of *lawful* presence in *Kaplan* did not suffice.

Petitioner's theory of procedural due process is incompatible with longstanding precedent. Petitioner is in full immigration proceedings, represented by counsel in those proceedings, and is receiving all the process due under the statute; that is "due process of law." *Thuraissigiam,* 591 U.S. at 138.

**Petitioner does not have a substantive due process right to a bond hearing.**

In contrast to a *procedural* due process claim, which takes as a given the substantive determination that would justify a deprivation of life, liberty, or property, a *substantive* due process claim challenges the substance of the determinations themselves, arguing that they are inadequate to justify the deprivation "at all, no matter what process is provided." *Flores,* 507 U.S. at 302.

12

Petitioner's detention without a bond hearing during the pendency of removal proceedings does not implicate any fundamental rights. "[P]rior to 1907 there was no provision permitting bail for any aliens during the pendency of their deportation proceedings," *Demore*, 538 U.S. at 523 n.7, so such a right cannot possibly be "objectively, deeply rooted in this Nation's history and tradition." *Muñoz*, 602 U.S. at 910 (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720-21 (1997)). Accordingly, rational-basis review is the appropriate standard for analyzing respondents' substantive-due-process claims. *Glucksberg*, 521 U.S. at 728. Under that standard, detention under §1225(b)(2) is constitutionally permissible as long as it is "rationally related to legitimate government interests." *Id.*

Section 1225 clears the rational basis bar. In *Demore*, the Supreme Court considered a "substantive due process" challenge to detention under §1226(c). 538 U.S. at 515. Like Petitioner here, Hyung Joon Kim "argued that his detention under § 1226(c) violated due process because the [government] had made no determination that he posed either a danger to society or a flight risk." *Id.* at 514. The Court rejected that claim. The Court explained that its cases had long "recognized detention during deportation proceedings as a constitutionally valid aspect of the deportation process," because "deportation proceedings 'would be vain if those accused could not be held in custody pending the inquiry into their true character.'" *Id.* at 523 (quoting *Wong Wing v. United States*, 163 U.S. 228, 235 (1896)); see also *id.* at 526 (reiterating the "Court's longstanding view that the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings"). Therefore, because "[d]etention during removal proceedings is a constitutionally permissible part of that process," the Court held that the aliens substantive due process "claim must fail." *Id.* at 531.

13

In reaching its holding, *Demore* distinguished its prior decision in *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001), which addressed the constitutionality of indefinite detention after a final order of removal under a different provision of the INA. *Id.* at 682, 690, 692. First, the aliens challenging their detention in *Zadvydas* were aliens for whom removal was "no longer practically attainable." *Id.* at 690. Under the circumstances, the Court explained, "the detention … did not serve its purported immigration purpose." *Id.* at 690. By contrast, §1226(c) applies to aliens "pending their removal proceedings," and so "necessarily serves the purpose of preventing" those aliens "from fleeing prior to or during their removal proceedings, thus increasing the chance that, if ordered removed, the aliens will be successfully removed." *Demore*, 538 U.S. at 528. As *Demore* noted, Congress "had before it evidence suggesting that permitting discretionary release of aliens pending their removal hearings" would result in "large numbers" of aliens "skipping their hearings and remaining at large in the United States unlawfully." *Id.* at 528.

In the same vein, *Demore* emphasized that "the period of detention at issue in *Zadvydas* was 'indefinite' and 'potentially permanent,'" whereas detention under §1226(c) pending removal proceedings "is of a much shorter duration" and "ha[s] a definite termination point." *Demore*, 538 U.S. at 530.

The same reasons for upholding mandatory detention under §1226(c) apply to §1225(b)(2)(A). Petitioner does not allege that removal is "unattainable," so detention under §1225(b)(2)(A) serves the same legitimate interest recognized by *Demore*—preventing" aliens "from fleeing prior to or during their removal proceedings, thus increasing the change that, if ordered removed, the aliens will be successfully removed." 538 U.S. at 528. As *Buenrostro-Mendez* recognized, "the Department of Justice Inspector General found in 1997 that 'when aliens are released from custody, nearly 90 percent abscond and are not removed from the United States,"

14

and "[t]hat situation exists today at a much larger scale." 2026 WL 323330, at *9 (quoting 62 Fed Reg. 10312, 10323 (Mar. 6, 1997)).

Nor is detention under §1225(b)(2)(A) "indefinite" or "permanent." *Demore*, 538 U.S. at 530. As with §1226(c), detention under §1225(b)(2)(A) lasts only for the duration of "a proceeding under section 1229a of this title." 8 U.S.C. §1225(b)(2)(A); *see Jennings*, 583 U.S. at 302-03. While Petitioner's immigration case is pending, Petitioner's detention under §1225(b)(2) bears a reasonable relation to the legitimate purposes that this Court identified in *Demore*.

District courts around the country have dismissed due process concerns in similar contexts. *See Calderon Lopez v. Lyons*, No. 1:25-CV-226-H, 2026 WL 44683 (N.D. Tex. Jan. 7, 2026) (Hendrix, J.) (holding that nothing in the INA or Due Process Clause contradicts mandatory detention of applications for admission without bond under § 1225); *Gutierrez Sosa v. Holt*, No. CIV-25-1257-PRW, 2026 WL 36344 (W.D. Okla. Jan. 6, 2026) (Wyrick, J.) (holding that Petitioner is unambiguously governed by § 1225 and his due process claim coming three months after arrest is denied as premature); *Montoya v. Holt*, No. CIV-25-01231-JD, 2025 WL 3733302 (W.D. Okla. Dec. 26, 2025) (Dishman, J) (holding that Petitioner is unambiguously an applicant for admission and that detention without a bond hearing does not violate the Due Process Clause); *A.M. v. Joyce*, No. 2:25-CV-00615-LEW, 2025 WL 3706922 (D. Me. Dec. 22, 2025) (Walker, J.) (holding that Petitioner's approximately one-month detention without a prompt bond hearing is consistent with the INA and the Due Process Clause); *Rivera Hernandez v. Noem*, No. 9:25-CV-00326, 2025 WL 3754434 (E.D. Tex. Dec. 19, 2025) (Truncale, J.) (holding that § 1225, as the more specific statute, governs Petitioner's detention, which does not violate due process as it has not been shown to be indefinite); *E.R.J.B. v. Wofford*, No. 1:25-CV-01843-WBS-SCR, 2025 WL 3683118 (E.D. Cal. Dec. 18, 2025) (Shubb, J.) (holding that because § 1225 authorizes mandatory

15

detention and is silent on bond hearings, due process is satisfied by the statutory scheme itself); *Coronado v. Sec'y, DHS*, No. 1:25-CV-831, 2025 WL 3628229 (S.D. Ohio Dec. 15, 2025) (Cole, J.) (holding that because Petitioner was never lawfully admitted, detention is governed by § 1225 and bond hearings are unavailable as a matter of statute and due process); *Ugarte-Arenas v. Olson*, No. 25-C-1721, 2025 WL 3514451 (E.D. Wis. Dec. 8, 2025) (Griesbach, J.) (holding that Petitioner, as an applicant for admission, is properly detained without a bond hearing under § 1225, which does not violate Due Process Clause); *Jimenez v. Thompson*, No. 4:25-CV-05026, 2025 WL 3265493 (S.D. Tex. Nov. 24, 2025) (Eskridge, J.) (rejecting Petitioners argument that mandatory detention without bond hearing violates substantive due process); *Rojas v. Olson*, No. 25-cv-1437, 2025 WL 3033967 (E.D. Wis. Oct. 30, 2025) (Ludwig, J.) ((holding that Petitioner is an applicant for admission despite his prior bond and that his detention does not violate Due Process because it is limited to the conclusion of his removal proceedings).

Petitioner in this case has not established that his detention during removal proceedings violates due process. Petitioner's claim that detention during removal proceedings will be unconstitutionally prolonged is speculative.

## APA CHALLENGES MAY NOT BE ASSERTED AS HABEAS PETITIONS

In this proceeding, Petitioner expressly challenges his civil detention. *See, e.g.*, ECF 1. Such a challenge must be brought in the form of a petition for a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that when a detainee "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"); *see also, e.g.*, *Miller v. Commw. of Pa.*, 588 F. App'x 96, 97 n.1 (3d Cir. 2014) ("Relief in the form of . . . release from custody indicates a challenge to 'the very fact

16

or duration of [one's] physical imprisonment' and may be sought *only* through a petition for a writ of habeas corpus[.]" (emphasis added) (quoting *Preiser*, 411 U.S. at 500)). Put simply, "release from ICE custody . . . is a remedy that is *only* available through a habeas petition." *Armando C. G. v. Tsoukaris*, No. 20-5652, 2020 WL 4218429, at *7 (D.N.J. July 23, 2020) (emphasis added).

Petitioner purports to assert a claim under the Administrative Procedure Act ("APA")—a civil claim. ECF No. 1, ¶ 32. This he may not do, as a civil APA claim is not cognizable in the habeas context. *See, e.g.*, *Mesina v. Wiley*, 352 F. App'x 240, 241-42 (10th Cir. 2009) (holding that petition asserting APA claim "does not state a habeas claim").

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

"A person seeking habeas relief must first exhaust available administrative remedies." *Hinojosa v. Horn*, 896 F. 3d 305, 314 (5th Cir. 2018) (citing, *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992) (per curiam)). Exhaustion has been a long-standing prerequisite to habeas relief. *Id.*

There are approximately 3.74 million cases pending in immigration court. See, https://www.justice.gov/eoir/pr/eoir-announces-significant-immigration-court-milestones (Sept. 4, 2025). Federal district courts are not intended nor equipped to be the reviewing court for all immigration bond determinations or decisions related to the institution of removal proceedings. 8 USC § 1226(e) (district courts do not have jurisdiction to review discretionary decisions made by immigration judges regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole). "Challenges to removal proceedings, the government's evidence, and the merits of asylum claims are properly addressed to the immigration court and should be administratively exhausted before presenting in district court. *Hinojosa*, 896 F. 3d at 314 (5th Cir. 2018); *see Cortez v. Lynch*, No. 1:25-CV-822, 2026 WL 82039 (S.D. Ohio Jan. 12, 2026)

17

(McFarland, J.) (declining to review Petitioner's detention-based claims due to his failure to exhaust administrative remedies); *Pastor v. Dir. of Detroit Field Off.*, No. 4:25-CV-02761, 2025 WL 3746495 (N.D. Ohio Dec. 24, 2025) (Calabrese, J.) (holding that Petitioner must first pursue challenge before BIA for exhaustion and that such exhaustion is not futile); *Bartolon v. Bondi*, No. 1:25-CV-747, 2025 WL 3674604 (S.D. Ohio Dec. 18, 2025) (McFarland, J.) (holding that Petitioner's failure to exhaust claims with BIA precluded judicial review of habeas claims); *Garibay-Robledo v. Noem*, No. 1:25-CV-177-H, 2025 WL 3264482 (N.D. Tex. Oct. 24, 2025) (Hendrix, J.) (holding that Petitioner does not demonstrate grounds for excusing exhaustion and must first advance his request for relief to BIA).

As noted *supra*, Petitioner has an immigration hearing scheduled on March 9, 2026. ECF No. 1, ¶ 22; *see also* Exh. A. Petitioner must first seek relief with the immigration court or the BIA, fully exhausting administrative remedies before coming to this Court.

## STAYS AND ORDERS NOT TO TRANSFER

If the Court in this case entered an order staying removal that order should be vacated. The Fifth Circuit recently stated in an unpublished decision that district courts lack jurisdiction to enter stays of removal. *Imran v. Harper*, No. 25-30370, 2026 WL 93131 (5th Cir. 2026).

## CONCLUSION

The concerns expressed by district courts in the Western District of Texas in earlier rulings have been decided by the Fifth Circuit Court of Appeals and are pending before federal appellate courts in other circuits. This Court should follow the Fifth Circuit's reasoning in *Buenrostro*. The orderly legal administration of this issue is now properly before the federal appellate courts. This Court can trust that the issue will be decided in accordance with proper jurisprudence and the

18

expedience that questions of detention deserve. Respondents respectfully request that the Court

deny this petition.

Dated: February 24, 2026.

Respectfully submitted,

Justin R. Simmons
United States Attorney

By:  /s/ Gerald R. Krimbill
Gerald R. Krimbill
Assistant United States Attorney
Minnesota Bar No. 0220437
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216
(210) 384-7300 (phone)
(210) 384-7118 (fax)
jerry.krimbill@usdoj.gov

*Attorneys for Federal Respondents*

19

EXHIBIT
A

# DEPARTMENT OF HOMELAND SECURITY
## NOTICE TO APPEAR

DOB: ▮▮▮▮▮▮▮▮

Event No: AUS2602000306

**In removal proceedings under section 240 of the Immigration and Nationality Act:**

Subject ID: ▮▮▮673          FINS: 1393696133          File No: ▮▮▮744

In the Matter of:

Respondent: ALEJANDRO ANGEL VILLEGAS _____ currently residing at:

▮▮▮▮▮▮ Taylor, TEXAS 78660 _____  ▮▮▮▮▮▮

(Number, street, city, state and ZIP code)          (Area code and phone number)

☐ You are an arriving alien.

☒ You are an alien present in the United States who has not been admitted or paroled.

☐ You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:

1. You are not a citizen or national of the United States;
2. You are a native of MEXICO and a citizen of MEXICO;
3. You entered the United States at or near UNKOWN, on or about unknown date;
4. You were not then admitted or paroled after inspection by an Immigration Officer.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

212(a)(6)(A)(i) of the Immigration and Nationality Act, as amended, in that you are an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to:          ☐ 8CFR 208.30          ☐ 8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

566 Veterans Drive, PEARSALL, TEXAS 78061. T. DON HUTTO RESIDENTIAL

(Complete Address of Immigration Court, including Room Number, if any)

on __March 9, 2026__ at __9:00 am__     to show why you should not be removed from the United States based on the
    (Date)                (Time)

charge(s) set forth above. _____ N 4668 CARRILLO - SDDO

(Signature and Title of Issuing Officer)

Date: __February 12, 2026__     _____ PFLUGERVILLE, TX

(City and State)

## Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are in removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 1003.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents that you desire to have considered in connection with your case. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing. At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear, including that you are inadmissible or removable. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge. You will be advised by the immigration judge before whom you appear of any relief from removal for which you may appear eligible including the privilege of voluntary departure. You will be given a reasonable opportunity to make any such application to the immigration judge.

**One-Year Asylum Application Deadline:** If you believe you may be eligible for asylum, you must file a Form I-589, Application for Asylum and for Withholding of Removal. The Form I-589, Instructions, and information on where to file the Form can be found at **www.uscis.gov/i-589**. Failure to file the Form I-589 within one year of arrival may bar you from eligibility to apply for asylum pursuant to section 208(a)(2)(B) of the Immigration and Nationality Act.

**Failure to appear:** You are required to provide the Department of Homeland Security (DHS), in writing, with your full mailing address and telephone number. You must notify the Immigration Court and the DHS immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the DHS.

**Mandatory Duty to Surrender for Removal:** If you become subject to a final order of removal, you must surrender for removal to your local DHS office, listed on the internet at **http://www.ice.gov/contact/ero**, as directed by the DHS and required by statute and regulation. Immigration regulations at 8 CFR 1241.1 define when the removal order becomes administratively final. If you are granted voluntary departure and fail to depart the United States as required, fail to post a bond in connection with voluntary departure, or fail to comply with any other condition or term in connection with voluntary departure, you must surrender for removal on the next business day thereafter. If you do not surrender for removal as required, you will be ineligible for all forms of discretionary relief for as long as you remain in the United States and for ten years after your departure or removal. This means you will be ineligible for asylum, cancellation of removal, voluntary departure, adjustment of status, change of nonimmigrant status, registry, and related waivers for this period. If you do not surrender for removal as required, you may also be criminally prosecuted under section 243 of the Immigration and Nationality Act.

**U.S. Citizenship Claims:** If you believe you are a United States citizen, please advise the DHS by calling the ICE Law Enforcement Support Center toll free at (855) 448-6903.

**Sensitive locations:** To the extent that an enforcement action leading to a removal proceeding was taken against Respondent at a location described in 8 U.S.C. § 1229(e)(1), such action complied with 8 U.S.C. § 1367.

## Request for Prompt Hearing

To expedite a determination in my case, I request this Notice to Appear be filed with the Executive Office for Immigration Review as soon as possible. I waive my right to a 10-day period prior to appearing before an immigration judge and request my hearing be scheduled.

Before: _____

_____ 
(Signature of Respondent)

_____  
(Signature and Title of Immigration Officer)

Date: _____

### Certificate of Service

This Notice To Appear was served on the respondent by me on **February 12, 2026**, in the following manner and in compliance with section 239(a)(1) of the Act.

[X] in person    [ ] by certified mail, returned receipt # _____ requested    [ ] by regular mail

[ ] Attached is a credible fear worksheet.

[X] Attached is a list of organization and attorneys which provide free legal services.

The alien was provided oral notice in the **SPANISH** language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

**REFUSED TO SIGN**

_____  
(Signature of Respondent if Personally Served)

BARBARA QUINN - Deportation Officer
_____  
(Signature and Title of officer)

DHS Form I-862 (6/22)

Page 2 of 3

## Privacy Act Statement

**Authority:**

The Department of Homeland Security through U.S. Immigration and Customs Enforcement (ICE), U.S Customs and Border Protection (CBP), and U.S. Citizenship and Immigration Services (USCIS) are authorized to collect the information requested on this form pursuant to Sections 103, 237, 239, 240, and 290 of the Immigration and Nationality Act (INA), as amended (8 U.S.C. 1103, 1229, 1229a, and 1360), and the regulations issued pursuant thereto.

**Purpose:**

You are being asked to sign and date this Notice to Appear (NTA) as an acknowledgement of personal receipt of this notice. This notice, when filed with the U.S. Department of Justice's (DOJ) Executive Office for Immigration Review (EOIR), initiates removal proceedings. The NTA contains information regarding the nature of the proceedings against you, the legal authority under which proceedings are conducted, the acts or conduct alleged against you to be in violation of law, the charges against you, and the statutory provisions alleged to have been violated. The NTA also includes information about the conduct of the removal hearing, your right to representation at no expense to the government, the requirement to inform EOIR of any change in address, the consequences for failing to appear, and that generally, if you wish to apply for asylum, you must do so within one year of your arrival in the United States. If you choose to sign and date the NTA, that information will be used to confirm that you received it, and for recordkeeping.

**Routine Uses:**

For United States Citizens, Lawful Permanent Residents, or individuals whose records are covered by the Judicial Redress Act of 2015 (5 U.S.C. § 552a note), your information may be disclosed in accordance with the Privacy Act of 1974, 5 U.S.C. § 552a(b), including pursuant to the routine uses published in the following DHS systems of records notices (SORN): DHS/USCIS/ICE/CBP-001 Alien File, Index, and National File Tracking System of Records, DHS/USCIS-007 Benefit Information System, DHS/ICE-011 Criminal Arrest Records and Immigration Enforcement Records (CARIER), and DHS/ICE-003 General Counsel Electronic Management System (GEMS), and DHS/CBP-023 Border Patrol Enforcement Records (BPER). These SORNs can be viewed at https://www.dhs.gov/system-records-notices-sorns. When disclosed to the DOJ's EOIR for immigration proceedings, this information that is maintained and used by DOJ is covered by the following DOJ SORN: EOIR-001, Records and Management Information System, or any updated or successor SORN, which can be viewed at https://www.justice.gov/opcl/doj-systems-records. Further, your information may be disclosed pursuant to routine uses described in the abovementioned DHS SORNs or DOJ EOIR SORN to federal, state, local, tribal, territorial, and foreign law enforcement agencies for enforcement, investigatory, litigation, or other similar purposes.

For all others, as appropriate under United States law and DHS policy, the information you provide may be shared internally within DHS, as well as with federal, state, local, tribal, territorial, and foreign law enforcement; other government agencies; and other parties for enforcement, investigatory, litigation, or other similar purposes.

**Disclosure:**

Providing your signature and the date of your signature is voluntary. There are no effects on you for not providing your signature and date; however, removal proceedings may continue notwithstanding the failure or refusal to provide this information.

# TAB 6

United States District Court
Western District of Texas
Austin Division

ALEJANDRO VILLEGAS ANGEL,

Petitioner,

v.                                                                    1:26-CV-00384-DAE

NOEM, et al.,

Respondents.

**FEDERAL RESPONDENTS' STATUS REPORT**
**NOTICE OF RELEASE**

Federal Respondents file this status report pursuant to this Court's order dated March 3,

2026, ordering that Respondents, by March 5, 2026, provide details of their compliance with this

court's March 3, 2026, court order. Petitioner was released and paroled from DHS custody on or

about March 3, 2026. Exh A, I-830

Respectfully submitted,

Justin R. Simmons
United States Attorney

By:     /s/ Rafael Diaz
        Rafael Diaz
        Special Assistant United States Attorney
        Texas Bar No. 24094475
        3355 West Alabama
        Houston, Texas 77098
        (218) 605-3220
        Rafael.Diaz@ice.dhs.gov

        /s/ Christina L. Playton
        Christina L. Playton
        Assistant United States Attorney
        Texas Bar No. 24028652
        601 NW Loop 410, Suite 600
        San Antonio, Texas 78216
        (210) 384-7100 (phone)
        (915) 534-3490
        Christina.Playton@usdoj.gov

        Attorneys for Respondents

1



**GOVERNMENT EXHIBIT A**

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## NOTICE TO EOIR: ALIEN ADDRESS

Event No: A████████

Date: **March 4, 2026**

To: Enter Name of BIA or Immigration Court I-830 **Pearsall, Tx - Det Facility**

Enter BIA or Immigration Court Three Letter Code@usdoj.gov **PSD**

From: Enter Name of ICE Office **ERO - Hutto, TX Sub Office**

Enter Street Address of ICE Office **U.S. Immigration & Customs Enforcement DRO - Hutto, TX Sub Office 1001 Welch Street**

Enter City, State and Zip Code of ICE Office **Taylor, TX 76574**

Respondent: Enter Respondent's Name **VILLEGAS, ALEJANDRO**

Alien File No: Enter Respondent's Alien Number ████████

This is to notify you that this respondent is:

☐ Currently incarcerated by federal, state or local authorities. A charging document has been served on the respondent and an Immigration Detainer-Notice of Action by the ICE (Form I-247) has been filed with the institution shown below. He/she is incarcerated at:

Enter Name of Institution where Respondent is being detained _____

Enter Street Address of Institution where Respondent is being detained _____

Enter City, State and Zip code of Institution where Respondent is being detained _____

**Enter Respondent's Inmate Number** _____

His/her anticipated release date is Enter Respondent's Anticipated Release Date. _____

☐ Detained by ICE on **Enter Date Respondent was Detained by ICE** at: _____

Enter Name of ICE Detention Facility where Respondent is being detained _____

Enter Street Address of ICE Detention Facility where Respondent is being detained _____

Enter City, State and Zip Code of ICE Detention Facility where Respondent is being detained _____

☐ Detained by ICE and transferred on **Enter Date Respondent was transferred** to: _____
Enter Name of ICE Detention Facility where Respondent has been transferred _____

Enter Street Address of ICE Detention Facility where Respondent has been transferred _____

Enter City, State and Zip Code of ICE Detention Facility where Respondent has been transferred _____

☒ Released from ICE custody on the following condition(s):
  ☐ Order of Supervision or Own Recognizance (Form I-220A)
  ☐ Bond in the amount of Enter Dollar Amount of Respondent's Bond
  ☐ Removed, Deported, or Excluded
  ☒ Other **Paroled**

Upon release from ICE custody, the respondent reported his/her address and telephone number would be:
Enter Respondent's Street Address ████████

Enter Respondent's City, State and Zip Code **Dale , TX 78616**

Enter Respondent's Telephone Number (including area code) ████████

☒ I hereby certify that the respondent was provided an EOIR-33 Form and notified that they must inform the Immigration Court of any further change of address.

ICE Official: Enter Your First, Last Name and Title **Deportation officer** ████████

ICE Form I-830E (9/09)

Page 1 of 1

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2026 I electronically filed the foregoing with the Clerk of the Court through the Court's ECF system and that it will be served electronically upon registered participants identified on the Notice of Electronic Filing.

s/ Leslie McKay
LESLIE McKAY
Assistant Director
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, D.C. 20044
(202) 353-4424